IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Case No. CR-04-115-P |
| | ) | |
| KENNETH EUGENE BARRETT, | ) | |
| | ) | |
| *Defendant.* | ) | |

DEFENDANT'S COMBINED EMERGENCY MOTION & BRIEF TO TOLL TIME

COMES NOW defendant KENNETH EUGENE BARRETT, by and through his undersigned counsel, and respectfully requests that this Court enter an order tolling time for filing Defendant's motion pursuant to 28 U.S.C. § 2255. This motion is supported by the following points and authorities, and the attached declarations of counsel:

1.     In summary, extraordinary circumstances – specifically, a medical condition described in the sealed declaration of counsel – prevents Mr. Barrett from being able to file a complete motion pursuant to § 2255 within the presumptive statutory period. The circumstances preventing counsel from fulfilling their duties to Mr. Barrett meet the requirements for equitable tolling, *see Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000), and are in fact more serious than impediments to counsel's performance that other courts have found sufficient to justify tolling the limitations period.

2.     Assuming for purposes of this motion that the applicable triggering date for the statute of limitations in this case is the date on which the judgment became final, 28 U.S.C. § 2255(f)(1), Mr. Barrett's motion to vacate, set aside or correct the sentence is due to be filed March 17, 2009. *See Barrett v. United States*, ___ U.S. ___, 118 S. Ct. 1646 (Mar. 17, 2008)

(mem.); *Clay v. United States*, 537 U.S. 522, 527-28 (2003).  In view of the limited time left before the presumptive filing date, Mr. Barrett respectfully requests expedited review of this motion.

3.      As this Court recognized in appointing the undersigned (Doc. 374), Mr. Barrett has a right to counsel in pursuit of his motion for post-conviction relief.  18 U.S.C. § 3599(a)(2); *MacFarland v. Scott*, 512 U.S. 849, 855-56 (1994).  The statute provides that Mr. Barrett "shall be entitled to the appointment of one of more attorneys and the furnishing of such other services" as are necessary and consistent with the statute's purposes.  18 U.S.C. § 3599(a)(1).

4.      This Court appointed the two undersigned counsel, and, as set forth in the sealed declarations of counsel, the appointed attorneys have divided the work necessary to file Mr. Barrett's § 2255 motion.  However, one of Mr. Barrett's counsel has a neurological condition that has recently and unexpectedly progressed to a point where he is unable to complete work on the motion within the presumptive limitations period.  As set forth in counsel's sealed declarations, counsel's medical condition severely impairs their ability to conduct the review of files and research necessary to complete preparation of Mr. Barrett's motion.  Counsel's condition became an impediment to timely filing only after the attorneys this Court appointed divided the work that would have to be done.  By the time counsel became impaired it was too late to reallocate responsibility to one attorney for drafting large sections of the motion and marshaling the relevant evidence.

5.      The Tenth Circuit has not published an opinion in circumstances like those Mr. Barrett faces.  The court's leading statement on the issue appears in a non-capital case of a petitioner seeking relief from a state-court judgment:

AEDPA's one-year statute of limitations is subject to equitable tolling but only

"in rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998), *cert. denied*, 526 U.S. 1074 (1999). Equitable tolling would be appropriate, for example, when a prisoner is actually innocent, *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.), *cert. denied*, 525 U.S. 891 (1998), when an adversary's conduct-or other *uncontrollable circumstances-prevents a prisoner from timely filing*, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period, *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). Simple excusable neglect is not sufficient. *Id*. at 96. Moreover, a petitioner must diligently pursue his federal habeas claims.

*Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (parallel citations omitted) (emphasis added). *See also Lawrence v. Florida*, 549 U.S. 327, 335-37 (2007) ("equitable tolling may be available, in light of arguably extraordinary circumstances and the petitioner's diligence").

6.    Other circuits have held or stated in their reasoning that equitable tolling is appropriate where an attorney's incapacity prevents a diligent habeas corpus petitioner from filing on time. *See Holland v. Florida*, 539 F.3d 1334, 1339 (11th Cir. 2008) (entitlement to equitable tolling of limitations period for capital § 2254 petition could be established by limited circumstances including egregious attorney misconduct or "mental impairment or so forth on the lawyer's part"). The Tenth Circuit has aligned itself with other circuits in requiring that equitable tolling on the basis of some action or inaction by the attorney may be appropriate where there was "egregious attorney misconduct." *Fleming v. Evans*, 481 F.3d 1249, 1256 (10th Cir. 2007). The cases cited in *Fleming* as support for the court's decision in the context of a § 2254 case included three § 2255 cases. *Ibid.*[1]

7.    District courts in capital § 2255 cases have granted equitable tolling of the

---

[1] The Seventh Circuit has held that attorney incapacity is not grounds for equitable tolling in a non-capital case, but noted "[a]n exception may exist for capital cases, *see, e.g.*, *Fahy v. Horn*, 240 F.3d 239, 244-45 (3rd Cir. 2001)." *Modrowski v. Mote*, 322 F.3d 965, 967-68 (7th Cir. 2003). However, even under the Seventh Circuit's reasoning for non-capital cases, attorney incapacity may be grounds for tolling if the circumstances prevented a diligent petitioner from having sufficient notice of his attorney's problem to compensate for it.

limitations period where circumstances impeded the progress of defendants' attorneys.  For example, in *United States v. Fields*, W-01-CR-164, Order Doc. No. 296 (W.D. Tx. Dec. 4, 2008), the court tolled the limitations period for six weeks.  The court was "persuaded that additional time should be provided to allow Defendant to file a comprehensive motion under § 2255," *ibid.*, where the defendant argued that delays in receiving funds for expert assistance prevented timely completion of the motion.  *See Fields*, Emergency Motion for Equitable Tolling, Doc. No. 295 (W.D. Tx. Nov. 28, 2008).  On information and belief, courts tolled the limitations period prescribed in § 2244(d) under similar circumstances in *Cannady v. Cockrell*, No. 2:01-CV-00273 (S.D. Tex. Mar. 11, 2002), and *King v. Cockrell*, No. 1:01-CV-435 (E.D. Tex., Beaumont Div., Mar. 18, 2002).[2]

8.    The United States has not objected to tolling in circumstances less dire than those present here.  For example, in *United States v. Paul*, Criminal No. 96-60022-001 (W.D. Ark. Aug. 26, 2002), the Government did not oppose equitable tolling based upon a four-month delay in appointing post-conviction counsel, delay in obtaining records, and counsel's lack of availability to focus on the case due to other litigation.  In *United States v. Allen*, 07CV00027 ERW, Order Doc. No. 42 (E.D. Ms. Nov. 13, 2007), the government did not oppose a request for equitable tolling that was based upon delays in obtaining the files of the defendant's trial counsel and delays in the appointment and funding of counsel.  Although the court found these circumstances were not extraordinary, and at least partially within the control of post-conviction counsel, the limitations period was tolled on the basis of the Government's non-opposition.  *Ibid.*

9.    Mr. Barrett and his counsel have been diligent in pursuing post-conviction relief.

---

[2]  This representation is based upon a review of the dockets in those cases.  The budgeting documents are sealed.

Counsel have gathered relevant records and continue to do so through the assistance of investigators and a paralegal. Counsel have made diligent efforts to review these documents and draft a § 2255 motion in an efficient manner, consistent with this Court's budgeting orders and desire that counsel divide the costs and labors between the Federal Defender and private counsel. Counsel's efforts include using digital scanning technology to make review of documents more accessible for counsel. Despite these efforts, counsel's medical condition prevents counsel from completing the motion within the presumptive time period.

10. The cases referenced *supra* show that courts have granted equitable tolling to similarly situated capital post-conviction petitioners. Mr. Barrett submits the circumstances create a more substantial impediment to completing a motion than existed in *Fields* or cases where the Tenth Circuit has approved tolling. At a critical time in the preparation of Mr. Barrett's motion, one of his co-counsel has been rendered unable to perform his duties due to a medical condition. These circumstances are extraordinary and impair completion of at least half the claims counsel have identified, and collaboration on all of Mr. Barrett's the claims.

11. Based on the progress achieved thus far, undersigned counsel believe that an extension of 60 days is minimally necessary in order to ensure "an adequate corrective process for the hearing and determination of claims of violation of federal constitutional guarantees." *Case v. Nebraska*, 381 U.S. 336, 337 (1965).

12. In the alternative, should this Court deny equitable tolling, Mr. Barrett respectfully requests that this Court permit him to file an amended motion on or before May 18, 2009, with any and all allegations made therein deemed timely and to relate back to the filing date of March 17, 2009.

WHEREFORE, based upon the foregoing and all related exhibits and appendices, Mr.

BARRETT respectfully requests the following relief:

a.      Review and rule upon this motion on an expedited basis as Mr. Barrett's presumptive filing date is a little over one month away;

b.      Enter an order tolling until May 18, 2009, the time for filing any motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255, or in the alternative;

c.      Enter an order directing that if Mr. Barrett files a § 2255 motion by March 17, 2009, any amendment of that motion and all allegations and legal theories presented therein, if filed on or before May 18, 2009, shall relate back to the motion filed of March 17, 2009.

DATED:   February 9, 2009

Respectfully submitted,

 /s/ David B. Autry
DAVID B. AUTRY, OBA #11600
Attorney at law
1021 N.W. 16th Street
Oklahoma City, Oklahoma 73106-6405
Telephone:  405-521-9600

DANIEL J. BRODERICK
Federal Defender

 /s/ Tivon Schardl
TIVON SCHARDL, Fla. Bar No. 73016
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, California 95814
Telephone:  916-498-6666

Attorneys for Defendant
KENNETH EUGENE BARRETT