**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| **v.** | ) | **Case No. 6:04-CR-00115-JHP-SPS** |
| | ) | |
| **KENNETH EUGENE BARRETT,** | ) | |
| | ) | |
| *Defendant.* | ) | |

**DEFENDANT'S SUPPLEMENTAL AUTHORITIES
AND OFFER TO STIPULATE
IN SUPPORT OF MOTION TO TOLL TIME (Doc. 382)**

COMES NOW defendant KENNETH EUGENE BARRETT, by and through his undersigned counsel, and respectfully submits the following supplemental authority and stipulation regarding Mr. Barrett's Emergency Motion to Toll Time.

1.      Since the hearing held February 11, 2009, Mr. Barrett's counsel have identified the following authorities that speak to issues addressed during the hearing.

1.1      In *Calderon v. United States District Court (Beeler)*, 128 F. 3d 1283 (9th Cir. 1997), *cert. denied*, 523 U.S. 1061 (1998),[1] the court held that the petitioner was entitled to equitable tolling where one of his attorneys withdrew from the case in order to accept employment in another State.  Counsel's withdrawal left his co-counsel with insufficient work-product to complete the petition within the limitations period.  128 F.3d at 1285, 1289.

1.2      In *Asay v. McNeil*, Case No. 3:05-cv-147-J-32 (M.D. Fla. Feb. 10, 2009),

---

[1]  Partially overruled on other grounds by *Calderon v. U.S. Dist. Court for Cent. Dist. of California (Kelly)*, 163 F.3d 530 (9th Cir. 1998).

the mental incapacity of habeas counsel was one basis cited for equitably tolling the statute of limitations. *Asay* Order at 16, 23-24, 37. In reaching its decision, the court in *Asay* noted that mental incapacity of counsel was among the extraordinary circumstances specifically approved by the court in *Holland v. Florida*, 539 F.3d 1334, 1339 (11th Cir. 2008), as a basis for equitable tolling. *Asay* Order at 12, 23-24.

       1.3    In *Wessinger v. Cain*, Case No. 04-CV-00637-JJB-SCR (M.D. La. Mar. 1, 2005), the court granted equitable tolling based in part on the petitioner's appointed state-habeas counsel having become incapacitated due to a neurological condition. In that case, the attorney failed to inform the petitioner of his condition and its impairment of his ability to file a state-habeas petition on the petitioner's behalf, but successor counsel filed a state petition as soon as practicable after their appointment. *Wessinger* Order (Doc. 19) at 10-17.

       2.    In response to concerns raised during the hearing held February 11, 2009, Mr. Barrett offers to stipulate that any order granting the pending motion should not be considered for any precedential value in any other case due to the unique circumstances of this case. Mr. Barrett offers to stipulate that the United States, by not opposing tolling in this case, should not be deemed to have conceded the availability of equitable tolling in any other case. Mr. Barrett's reference in his motion to other cases in which the United States did not oppose equitable tolling was intended to show only that the United States deemed the equities to be balanced in favor of tolling under the circumstances of the cases cited in the motion.

////

////

////

////

DATED:   February 12, 2009

Respectfully submitted,

 /s/ David B. Autry
DAVID B. AUTRY, OBA #11600
Attorney at law
1021 N.W. 16th Street
Oklahoma City, Oklahoma 73106-6405
Telephone:  405-521-9600

DANIEL J. BRODERICK
Federal Defender

 /s/ Tivon Schardl
TIVON SCHARDL, Fla. Bar No. 73016
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, California 95814
Telephone:  916-498-6666

Attorneys for Defendant
KENNETH EUGENE BARRETT