# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

    *Plaintiff*,

v.

KENNETH EUGENE BARRETT,

    *Defendant*.

Case No.  CR-04-115-JHP
          6:04-CR-115-JHP

### ANSWER TO DEFENDANT'S COMBINED
### EMERGENCY MOTION AND BRIEF TO TOLL TIME AND
### DEFENDANT'S SUPPLEMENTAL AUTHORITIES AND OFFER TO STIPULATE
### IN SUPPORT OF MOTION TO TOLL TIME

COMES NOW Plaintiff, United States of America, by and through United States Attorney Sheldon J. Sperling and responds to Defendant's above-entitled pleadings.

1. **Defendant seeks an order tolling time for filing a 2255 motion.**

2. **Defendant's counsel cites unique and extraordinary circumstances which justify the time relief requested herein.**

3. **Given the nature and substance of communications heretofore between counsel for defendant and the Court, this Court is likely in a much better position than the undersigned to assess whether defendant has diligently pursued his rights.**

4. **The Tenth Circuit Court of Appeals has recognized the application of equitable tolling to §2255 limitation.**

The one-year §2255 limitation begins to run on the date the Supreme Court denies a petition for writ of certiorari, regardless of whether a rehearing request has been or could be advanced.  The one-year §2255 limitation is not jurisdictional and may be subject to equitable tolling.  However, a defendant's motion to equitably toll the §2255 limitation, unaccompanied by

a substantive §2255 motion, is technically not ripe for adjudication because such procedural

motion does not constitute a §2255 motion.

See U.S. v. Martinez, 2008 WL 5220669, (10th Cir. Dec. 16, 2008) (unpublished) (federal prisoner, convicted of possession with intent to distribute meth, not entitled to equitable tolling of the one-year limitation, assuming he was on lockdown for two months and denied access to a law library and his legal materials for two months, because he "[h]as provided no specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims. (Citations omitted).  Denial of access to legal materials by corrections officials, especially when the filing deadline is fast approaching, can constitute an extraordinary circumstance providing a basis for equitable tolling.")
U.S. v. Quintana-Navarette, 2008 WL 4183914, (10th Cir. Sept. 12, 2008) (unpublished) (federal prisoner, convicted of conspiring to distribute and possession with intent to distribute over 1000 kgs of marijuana, not entitled to equitable tolling of  §2255 one-year limitations where he failed to provide specifics why he was unable to access his legal files or Tenth Circuit opinion)
U.S. v. Starr, 275 Fed.Appx. 788, 789, 2008 WL 1868030, (10th Cir. Apr. 28, 2008) (unpublished) (federal prisoner, convicted of assault and aggravated sexual abuse, not entitled to equitable tolling of limitations period based on asserted actual innocence because his contention "[t]hat no reasonable juror would have convicted him if evidence of the victim's statements had been presented at trial" related to evidence available before trial and discovered by defense counsel so that "[a]ny failure to adduce this evidence is more properly characterized as a claim for ineffective assistance of counsel and such a claim is barred by the applicable limitations period.")
U.S. v. Garcia-Rodriguez, 275 Fed.Appx. 782, 782-783, 2008 WL 1868019, 1 (10th Cir. Apr. 28, 2008) (unpublished) (federal prisoner, convicted of possession with intent to distribute 500 plus grams of meth, not entitled to equitable tolling because his "[c]ursory statements, devoid of specific factual support, regarding his inability to timely file" were akin to "unadorned statements about language deficiencies [which] will not support a finding of exceptional circumstances" as to constitute complete failure to satisfy requisite equitable tolling burden)
U.S. v. Gabaldon, 522 F.3d 1121, 1123, (10th Cir. 2008) (federal prisoner, convicted of second degree murder and kidnaping resulting in death, was "[n]ot ineligible for equitable tolling because he waited until late in the limitations period to file his habeas petition" nor should he "[b]e faulted, however, for failing to file early or to take other extraordinary precautions early in the limitations period against what are, by definition, rare and exceptional circumstances that occurred later in period, but government should have opportunity on remand to contest petitioner's allegations "whether [he] is entitled to equitable tolling of the statutory one-year limitations period for at least 36 days because prison staff confiscated all his legal materials just six weeks before the expiration of the limitations period and held them until two weeks after that period expired.")
U.S. v. Spry, 260 Fed.Appx. 52, 53, 2008 WL 41063, (10th Cir. Jan. 2, 2008) (unpublished) (federal prisoner, convicted of two 924(c) counts and sentenced to consecutive prison terms, filed untimely Rule 60B motion four years after his conviction became final, recharacterized as

2

§2255 motion, not entitled to equitable tolling where CTA10 found no extraordinary circumstances justifying untimely request for relief)

*U.S. v. Buckaloo*, 257 Fed.Appx. 88, 2007 WL 4230696 (10th Cir. Dec. 3, 2007) (unpublished) (federal 922(g) prisoner not entitled to equitable tolling of AEDPA limitation period based on asserted grounds of mental and medical condition and solitary confinement which were not raised in district court and are thus waived, nor did prisoner show he diligently pursued his habeas claims or that his confinement status prevented him from timely filing)

*U.S. v. Saunders,* 248 Fed.Appx. 967, 968, 2007 WL 2827642, (10th Cir. Oct. 1, 2007) (unpublished) (federal child porn convict's petition, construed by court as §2255 and filed two years after original notice of appeal should have been filed, not subject to equitably tolled limitation because petitioner "[failed to demonstrate] that circumstances beyond his control prevented him from filing a §2255 motion within the one-year period.")

*U.S. v. Chapman,* 220 Fed.Appx. 827, 2007 WL 901945 (10th Cir. Mar. 27, 2007) (unpublished) (federal prisoner, convicted of murder and sentenced to life imprisonment, not entitled to equitable tolling of §2255 limitations based on "[v]ague and conclusory allegations that he lacked access to library materials because of potentially hostile fellow inmates" or his meritless "[c]ontention that he was somehow tricked by the government into allowing the statute of limitations to expire" or that he was actually innocent in case wherein petitioner pled guilty to first degree murder 12 years earlier and "[n]ow argues, without alleging the existence of any evidence beyond the recantation of his prior guilty plea, that his alleged victim had committed suicide and he had only claimed to be the murderer to gain prestige with the Aryan Brotherhood.")

U.S. v. Williams 219 Fed.Appx. 778, 2007 WL 744635 (10th Cir. Mar. 13, 2007) (unpublished) (federal prisoner, convicted of possession with intent to distribute over 50 grams of crack, not entitled to equitable tolling for 2255 filed three months late, assuming claim he was denied access to legal materials during a two-week prison lockdown, where prisoner filed to claim he was diligent in attempting to retrieve his legal documents and petitioner's asserted difficulties in obtaining his trial transcripts did not "[c]onstitute extraordinary circumstances beyond his control.")

*U.S. v. Pedraza*, 466 F.3d 932 (10th Cir. 2006) (federal prisoner, convicted of possession with intent to distribute 5+ kilos of cocaine, not entitled to equitable tolling of §2255 one-year limitations to reassert suppression of evidence claim)

*U.S. v. Daniels,* 191 Fed.Appx. 622, 2006 WL 1892584, (10th Cir. Jul.11, 2006) (unpublished) (motion seeking to file §2255 motion out of time is not §2255 motion and " ... [t]he question of equitable tolling is ripe for adjudication only when a §2255 motion has actually been filed and the statute of limitations has been raised by the respondent or the court *sua sponte*.")

*U.S. v. Arrington,* 187 Fed.Appx. 838, 2006 WL 1793263 (10th Cir. June 30, 2006) (unpublished) (federal drug convict's time to file a §2255 motion runs from the date "[w]hen the Supreme Court denied his petition for a writ of certiorari, regardless of the fact he filed a petition for rehearing from the denial of certiorari" and petitioner's asserted "[c]onfusion about when his conviction was final does not constitute a 'rare and exceptional circumstance[]' warranting equitable tolling of the statute, (Citations and quotations omitted)")

3

*U.S. v. Tafoya*, 164 Fed.Appx. 700, 2006 WL 148278 (10th Cir. Jan. 20, 2006) (unpublished) (federal drug offense prisoner not entitled to equitable tolling where he failed to diligently pursue his claims and was unable "[t]o point to anything that limited his ability to file his action within the required tolling period.")

*U.S. v. Peterson*, 120 Fed.Appx. 764, 2005 WL 226246 (10th Cir. Feb. 1, 2005) (unpublished) (petitioner's assertion that "[h]e did not know the time for filing his claim was limited because the law library at his prison did not have a copy of the (AEDPA)" does not constitute extraordinary circumstance warranting equitable tolling of §2255 limitations)

*U.S. v. Glenn*, 61 Fed.Appx. 571, 2003 WL 1232586 (10th Cir. Mar. 18, 2003) (unpublished) (doctrine of equitable tolling does not save federal defendant's untimely §2255 motion where defendant was not reasonably diligent to contact his attorney and timely "[p]ossessed all materials available for the preparation of his §2255 motion.")

*U.S. v. Verners*, 49 Fed.Appx. 803, 2002 WL 31323727 (10th Cir. Oct. 17, 2002) (unpublished) (federal drug and gun convict's motion seeking equitable tolling of the one-year AEDPA limitations, denied where petitioner failed to file his §2255 motion)

*U.S. v. Brittain*, 41 Fed.Appx. 246, 2002 WL 734768 (10th Cir. Apr. 26, 2002) (unpublished) (allegedly legally blind federal meth conspiracy convict's §2255 limitation period not equitably tolled because he was transferred between prisons and none of the institutions had legal materials for the visually impaired, where petitioner failed to demonstrate that he diligently pursued his federal claims, and limitation is not tolled during time he was in state custody following his federal conviction)

*U.S. v. Rodriguez-Aguirre*, 30 Fed.Appx. 803, 2002 WL 182117 (10th Cir. Feb. 6, 2002) (unpublished) ("[T]he AEDPA's one-year limitation period is not a jurisdictional bar and is subject to equitable tolling. Equitable tolling is available however only in rare and exceptional circumstances. The prisoner must demonstrate he diligently pursued his claims and that his failure to timely file was due to extraordinary circumstances beyond his control. (Citations omitted)" §2255 motion stamped as filed one day late, untimely and not subject to equitable tolling despite federal prisoner's attorney's failure to ensure timely filing.)

*U.S. v. Verners*, 15 Fed.Appx. 657, 2001 WL 811719 (10th Cir. July 17, 2001) (unpublished) ("[e]quitable tolling is not ripe until [petitioner] actually files a §2255 motion ... . *** It is well established in this Circuit that AEDPA's one-year limitations period is not jurisdictional, but is, instead, subject to equitable tolling. (Citation omitted) *** [Petitioner] has not identified, however, a single case resolving the question of equitable tolling in advance of the actual filing of a §2255 motion. In fact, until a §2255 motion is actually filed and the affirmative defense of the statute of limitations actually raised, the propriety of equitable tolling is purely an abstract concern. Under Article III of The Constitution, federal courts have subject matter jurisdiction only over 'cases and controversies.' One aspect of the case-or-controversy requirement is the ripeness doctrine, which is 'intended to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements.' Article III's ripeness requirements 'forestall[s] judicial determinations of disputes until the controversy is presented in clean-cut and concrete form.' This Court considers two issues to determine whether a claim is ripe for adjudication" (1) the fitness of the issue for judicial resolution and (2) the hardship to the parties of withholding judicial consideration. We conclude that the question of equitable tolling is ripe for adjudication only when a §2255 motion has actually been filed and

the statute of limitations has been raised by the respondent or the Court *sua sponte*.  It is only at this point that the record will be sufficient to determine whether the requisite 'extraordinary circumstances' are present to the magnitude necessary to merit equitable polling.  Furthermore, this Court can discern no hardship to [petitioner] in withholding judicial consideration of the question of equitable tolling until a §2255 motion is actually filed and limitations period raised. Accordingly, we conclude that question of equitable tolling is not ripe and that the Motion is, therefore, not justiciable. (Citations omitted)"

*U.S. v. Willis*, 202 F.3d 1279, (10th Cir. Feb. 1, 2000) (unpublished) (Bank larceny and assault conspirator's federal case did not present extraordinary circumstances justifying equitable tolling. "[A] judgment of conviction is final for purposes of the one-year limitation period in §2255 when the United States Supreme Court denies a petition for writ of certiorari after a district appeal, regardless of whether a petition for rehearing from the denial of certiorari is filed.'  After the Supreme Court has denied a petition for rehearing from the denial of certiorari, neither the filing of a petition for rehearing from the denial of certiorari, nor the expiration of the time in which such a petition could be filed delays the commencement of the one-year limitation period.")

*U.S. v. Sterling*, 1999 WL 1020855, (10th Cir. Nov. 10, 1999) (unpublished) (federal bank robbery convict lockdowns lasting 31 days, during which law library was unavailable to prisoners, does not constitute "[r]are and exceptional circumstances to justify equitable tolling, nor did petitioner diligently pursue his §2255 claim)

*U.S. v. Reed*, 1998 WL 817750, (10th Cir. Nov. 27, 1998) (unpublished) (federal drug conviction petitioner's assertions concerning attempts to obtain grand jury and trial transcripts, limited law library access, prison transfer, and prison officials misplacement of petitioner's legal papers do not justify equitable tolling of one-year limitations period under §2255)

**5.     As an alternative, the Court may instruct that counsel file the motion within the statutorily prescribed limitations and then permit such additions, corrections or deletions as may be the product of the cited extraordinary circumstances and reallocation of counsel's work to substitute counsel.**

Defendant's previous pleading, at pages 5-6, has made this request.

> In the alternative, should this Court deny equitable tolling, Mr. Barrett respectfully requests that this Court permit him to file an amended motion on or before May 18, 2009, with any and all allegations made therein deemed timely and to relate back to the filing date of March 17, 2009. In defendant's prayer for relief, he requested that the Court enter an order directing that if Mr. Barrett files a section 2255 motion by March 17, 2009, any amendment of that motion and all allegations and legal theories presented therein, if filed on or before May 18, 2009, shall relate back to the motion filed of March 17, 2009.

6. **The government accepts defendant's offer to stipulate that any order granting the pending motion should not be considered for any precedential value in any other case due to the unique circumstances of this case.**

A stipulation is "[A] material article in an agreement." Black's Law Dictionary, Revised Fourth Edition (1968). By its nature, an agreement is binding upon the parties to the agreement but is not enforceable against other defendants in separate cases. However, various citations to other orders suggest that this stipulation may be of limited global value. Fortunately, the unique factors in this case are such that indistinguishable cases do not exist.

Wherefore, the government respectfully requests that the Court enter an order consistent with paragraph 5 above, wherein defendant's similar request is quoted.

Respectfully submitted,


s/Sheldon J. Sperling
SHELDON J. SPERLING, OBA #8502
United States Attorney
1200 West Okmulgee
Muskogee, OK 74401
(918) 684-5100

## CERTIFICATE OF SERVICE

I, hereby certify that on February 23, 2009, I electronically transmitted the attached documents to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

David B. Autry                                 Tivon Schardl
Attorney at Law                                Assistant Federal Public Defender
1021 N.W. 16th Street                          801 I Street, 3rd Floor
Oklahoma City, OK 73106-6405                   Sacramento, CA 95814

s/Sheldon J. Sperling
United States Attorney