IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:04-CR-00115-JHP-SPS |
| | ) | |
| KENNETH EUGENE BARRETT, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY TO THE GOVERNMENT'S
ANSWER TO DEFENDANT'S EMERGENCY MOTION TO TOLL TIME
AND DEFENDANT'S SUPPLEMENTAL AUTHORITIES AND OFFER TO STIPULATE

COMES NOW defendant KENNETH EUGENE BARRETT, by and through his undersigned counsel, and makes this reply to the Government's Answer (Doc. 390) to Defendant's Motion to toll time (Doc. 382).

1.    The Government acknowledges (a) that the statute of limitations is not jurisdictional, (b) that controlling precedent approves equitable tolling in extraordinary circumstances and where the petitioner has diligently pursued his rights, and (c) that extraordinary circumstances exist to justify tolling the limitations period, to wit: one of Mr. Barrett's attorneys is suffering from a painful medical condition that has required him to resign from his job. The Government does not take a position on the second prong of the equitable tolling standard, i.e. whether Mr. Barrett's counsel have diligently pursued his rights. Yet the Government proposes that the Court deny Mr. Barrett's motion and, in the alternative, grant the Government the opportunity to examine the work-product of counsel in order to challenge any amendment of a motion filed after the presumptive limitations period.

Def.'s Reply Ans. Mot. Toll Time                                                           *U.S. v. Barrett*, CR-04-115-JHP-SPS

2.      The Government's proposal is based upon an erroneous view of the governing law.  The Government asserts that "a defendant's motion to equitably toll the § 2255 limitation [period], unaccompanied by a substantive § 2255 motion, is technically not ripe for adjudication because such a proposal does not constitute a § 2255 motion."  Ans. Mot. (Doc. 390) at 1-2.

The apparent basis for the Government's position is an unpublished disposition of a non-capital case by the United States Court of Appeals for the Tenth Circuit.  *Id.* at 3 citing *United States v. Verners*, 2001 WL 811719 (10th Cir. July 17, 2001).  Unpublished dispositions have no precedential value.  Tenth Cir. Local Rule 32.1.  Moreover, applying the reasoning of *Verners* to this capital case would contravene Supreme Court precedent.

The *Verners* panel stated that in a non-capital case there was no case and controversy to be decided prior to the filing of a § 2255 motion and invocation of the limitations period as a defense.  In the capital case *McFarland v. Scott*, 512 U.S. 849 (1994), the United States Supreme Court unequivocally stated that matters filed under former 21 U.S.C. § 848(q) were "cases" in the federal courts even though no application for post-conviction relief was on file.  *Id.* at 856-57 ("We ... conclude that a 'post conviction proceeding' within the meaning of § 848(q)(4)(B) is commenced by the filing of a death row defendant's motion requesting the appointment of counsel for his federal habeas corpus proceeding.").[1]  In such cases – prior to the filing of a petition for writ of habeas corpus – the federal courts have the solemn power to stay the execution of a judgment of death so that the right to counsel can be fully realized.  *Id*. at 858 ("[T]he right to counsel necessarily includes a right for that counsel meaningfully to research and present a defendant's habeas claims.").

---

[1]  The "post conviction proceeding" language of former 21 U.S.C. § 848(q)(4)(B) is now codified at 18 U.S.C. § 3599(a)(2).

The difference between *Verners* and the matter before this Court is that Congress has made the determination that counsel's assistance is necessary for a *capital* post-conviction applicant to pursue his rights, and the Supreme Court has held that a request for counsel commences a "post conviction proceeding under section . . . 2255 of title 28, United States Code," 18 U.S.C. § 3599, to the extent the court is called upon to address matters related to counsel.  Mr. Barrett's motion relies in large part upon the rights granted under the successor to § 848 and *McFarland* itself.  Emerg. Mot. Toll Time (Doc. 382) at 2.

There being no statutory right to counsel in a non-capital case, the issues before this Court were not before the court in *Verners*.  Just as the Supreme Court in *McFarland* held federal courts had the jurisdiction to appoint counsel and stay an imminent execution in order to effectuate Congress's creation of a right to counsel, this Court has the jurisdiction to toll the limitations period for the same purpose.  The Government's Answer presents no valid basis for denying Mr. Barrett's motion.

3.	The Government's acknowledgment that counsel's impairment meets the extraordinary-circumstances test contradicts its reliance upon *Verners*, demonstrates the decision's inapplicability to this case, and shows why the Government's proposed remedy is contrary to law.  The panel in *Verners* opined that the determination whether extraordinary circumstances exist could be made only after a § 2255 motion was filed.  *Verners* at **2.  Yet the Government concedes in this case, where the right to counsel has attached, that Mr. Barrett's counsel's deteriorating medical condition satisfies the Tenth Circuit's extraordinary-circumstances test for equitable tolling.  Ans. Mot. Toll (Doc. 390) at 1.

The Government's acknowledgment of extraordinary circumstances is consistent with the reasoning of *Calderon v. United States District Court (Beeler)*, 128 F.3d 1283, 1289

(9th Cir. 1997), *cert. denied*, 522 U.S. 1099 (1998). *Beeler* stands for the proposition that when

equitable considerations are present in a capital case, a prisoner may seek equitable tolling before

he files an application for post-conviction relief because, for purposes of equitable tolling, a case

commences once the petitioner has filed a *McFarland* motion. The *Beeler* court recognized that

*McFarland* held that "*for certain purposes* a habeas proceeding commences with the filing of

such a request." *Beeler*, 1287 n.3 (emphasis added). The court held that those purposes were

narrowly defined to issues involving appointment of counsel in capital post-conviction

proceedings. *Ibid*. The court concluded that, "*Absent the equitable considerations* present here,

a prisoner must apply for a writ – not just ask for a lawyer – within the one year or six month

limitations period." *Ibid*. (emphasis added). Based on circumstances both less dire and more

ordinary than those Mr. Barrett faces, the *Beeler* court then held that the district court had clearly

been correct to toll the limitations period before a § 2254 petition was on file. *Id.* at 1288-89.

The *Verners* panel also opined that it could discern no hardship unless and until

the Government invoked the statute of limitations as a defense. Here, the issue of a limitations

defense has been raised through Mr. Barrett's motion. The Government has stated no intention

to waive the defense. Rather, the Government has indicated in its filings that it will seek to bar

on limitations grounds any portion of an amendment that the Government perceives "may [not]

be the product of the cited extraordinary circumstances and reallocation of counsel's work to

substitute counsel." Ans. Mot. Toll (Doc. 390) at 5.

4.    The Government cites no authority for its piecemeal approach, and it is contrary to

law. Drawing on longstanding usage, the Supreme Court has held that the use of the word

"application" in 28 U.S.C. § 2244(d) indicates the statute of limitations operates against

petitions, not individual claims. *Artuz v. Bennet*, 531 U.S. 4, 9 (2000) (rejecting interpretation of

"application" in 28 U.S.C. § 2244(d)(2) to refer to individual "claims"). Similarly, § 2255(f) provides that a "1-year period of limitation shall apply to a *motion* under this section." (emphasis added). Mr. Barrett's proposed forms of relief, which apply to his § 2255 motion, are consistent with *Artuz*, with Tenth Circuit law, and the facts before this Court, but the Government's proposal is not.

The Government concedes that counsel's impairment is the type of extraordinary circumstance that courts have found justifies tolling the limitations period, and cites no authority for such circumstances to apply to one claim but not another. Counsel's medical condition impairs his ability to prepare each of Mr. Barrett's claims that were allocated to him, and to collaborate with co-counsel on all other claims. There is no factual basis for the Government's proposal to treat individual allegations differently.

The Government says it takes no position on the diligence of Mr. Barrett's counsel. In compliance with this Court's order, Mr. Barrett's counsel are filing under seal evidence that the Federal Defender has been more than diligent in pursuing claims for relief. Through these filings, Mr. Barrett's counsel have divulged more regarding their efforts than can be discerned from other filings where courts in capital cases granted pre-motion equitable tolling. These filings show that despite counsel's painful condition he has continued to work long hours to do as much as his impairment permits him to do to prepare Mr. Barrett's § 2255 motion. Counsel have promised this Court that they will continue to work together to make the most of impaired counsel's knowledge of the case even after the presumptive filing date. Counsel have ceded so much privileged information because Mr. Barrett's life is at stake.

Despite counsel's many hours of painful work and counsel's extraordinary willingness to be forthcoming regarding matters both personally and professionally privileged,

the Government proposes that the limitations period should not simply be tolled for the motion including all its claims. Rather, where the Tenth Circuit's cases find virtue in diligence under extraordinary circumstances, the Government proposes to transform counsel's diligence into a factor that could be weighed *against* tolling as to an individual claim or allegation. In this respect, the Government's proposal is contrary to law. It also would mire this Court in litigation over how the physical condition of counsel interacted with his mental processes, and how this interaction affected the minutiae of any allegedly late-filed allegations, all without any supporting legal authority.

////

////

////

////

////

////

////

////

////

////

////

////

////

////

WHEREFORE, and for the reasons stated in Mr. Barrett's Emergency Motion, attached declarations, and supplemental filings, Mr. Barrett respectfully requests that this Court grant the following relief:

a.      Review and rule upon the motion on an expedited basis as Mr. Barrett's presumptive filing date is less than three weeks away;

b.      Enter an order tolling until May 18, 2009, the time for filing any motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255, or in the alternative;

c.      Enter an order directing that if Mr. Barrett files a § 2255 motion by March 17, 2009, any amendment of that motion and all allegations and legal theories presented therein, if filed on or before May 18, 2009, shall relate back to the motion filed of March 17, 2009.

DATED:   February 26, 2009

Respectfully submitted,

 /s/ David B. Autry
DAVID B. AUTRY, OBA #11600
Attorney at law
1021 N.W. 16th Street
Oklahoma City, Oklahoma 73106-6405
Telephone:  405-521-9600

DANIEL J. BRODERICK
Federal Defender

 /s/ Tivon Schardl
TIVON SCHARDL, Fla. Bar No. 73016
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, California 95814
Telephone:  916-498-6666

Attorneys for Defendant
KENNETH EUGENE BARRETT