IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CR-04-115-JHP |
| | ) | |
| KENNETH EUGENE BARRETT, | ) | |
| | ) | |
| Defendant. | ) | |

# **ORDER**

This matter comes on for consideration of Defendant's Combined Emergency Motion and Brief to Toll Time (Doc. 382). After reviewing the Defendant's Motion and Brief to Toll Time, as well as the order appointing counsel herein, this Court hereby denies Defendant's Motion to Toll the statute of limitations herein for several reasons. First, on March 27, 2008, only ten (10) days after the United States Supreme Court denied certiorari from Defendant's direct appeal, this Court appointed David B. Autry as lead counsel and the Federal Defender for the Eastern District of California, Capital Habeas Unit as co-counsel. *See*, Doc. 371. According to the website for the Office of the Federal Defender for the Eastern District of California, this office has, in addition to the Federal Public Defender, one "first assistant," three "supervising attorneys" in addition to Mr. Schardl, one "senior litigator," eighteen (18) "assistant federal defenders," two (2) research and writing attorneys, in the Sacramento office where Mr. Schardl is employed and eleven (11) other attorneys in their Fresno office.

*See,* http://www.cae-fpd.org/attorneys.htm. In accepting appointment to this case[1], the Federal Defender in the Eastern District of California has an obligation to ensure that the Defendant's case is handled expeditiously and timely. Second, according to the Motion, the Government opposes tolling the statute of limitations. Additionally, the Government's response contains numerous citations to cases in which the courts have found equitable tolling was not appropriate.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year limitation period on the filing of a Motion attacking a federal sentence. *See*, 28 U.S.C. § 2255(f). This period begins to run from "the latest of" four dates, one of which is relevant here: "the date on which the judgment of conviction becomes final." *Id*., § 2255(f)(1). "Equitable tolling" of the statute of limitations excuses an untimely filing. *Modrowski v. Mote*, 322 F.3d 965, 967 (7th Cir. 2003). However, this equitable remedy is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control. *See*, *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (finding limitation period under §2244(d) relevant in a federal habeas petition challenging a state court sentence was not jurisdictional but was subject to equitable tolling). Equitable tolling is appropriate where a prisoner is actually innocent or when uncontrollable circumstances prevent a prisoner from timely filing his motion to vacate. *See*, *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). Courts have seldom

---

[1] It should be noted that this Court had the assistance of the Federal Public Defender of the Northern and Eastern District of Oklahoma's assistance in locating a Federal Public Defender's office willing to accept appointment in this matter.

found justification for equitable tolling in a collateral relief context. *Modrowski*, *supra*. *Cf., Fahy v. Horn*, 240 F.3d 239, 244-245 (3rd Cir. 2001) (holding under particular facts of case, because "death is different," refusal to equitably toll statute would prevent state capital defendant federal review of his claims.) At this stage in the process, counsel herein should be fairly close to completing any motion they intend to file. Certainly counsel should have completed all of their investigation and a substantial draft of their motion. Additionally, the Defendant has never alleged "actual innocence." Furthermore, in light of the fact Mr. Autry is lead counsel and the Federal Defender in the Eastern District of California voluntarily accepted this appointment as co-counsel, this Court finds the Defendant has failed to establish that counsel can not timely file a completed motion to vacate within the current statute of limitations period. Notice provided to the Court more than two months after Mr. Schardl began having difficulties with a long-term medical condition is not sufficient cause for this Court to toll the statute of limitations herein.[2] Counsel was appointed and has had sufficient time to prepare a Motion to Vacate, Set Aside or Correct the Sentence in this matter. Additionally, co-counsel has had sufficient time to seek the assistance of other attorneys within his office.[3] Equitably tolling is just not appropriate under the particular facts

---

[2] Counsel's declaration indicates Mr Schardl began having a worsening of his medical condition in December, 2008 and he advised the Government sometime in January, 2009. He did not, however, file any notice with this Court until February 9, 2009, at which point he requested the Court to toll the statute of limitations.

[3] Attorney negligence is *not* grounds for equitable tolling since negligence is not extraordinary. *Modrowski v. Mote*, 322 F.3d 965 (7th Cir. 2003). Ineffective assistance of counsel generally does not warrant equitable tolling. *Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002). Furthermore, unlike the *Calderon v. United States District Court for the Cent. Dist. of California*, 128 F.3d 1283 (9th Cir. 1997), even if Mr. Schardl withdraws from the case at this point in time, Mr. Barrett still has the assistance of lead counsel and the assistance of the Federal Public Defender of the Eastern District of California's office who was actually appointed to represent Mr. Barrett in this matter. A contrary holding would lead to inconsistent results in the treatment of *pro se* litigants who would be dealt with more harshly than litigants with several trained attorneys. *See*, *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002).

of this case. Accordingly, the Motion to Toll the Statute of Limitations is hereby denied.[4]

It is therefore the Order of this Court that Defendant's Combined Emergency Motion and Brief to Toll Time (Doc. 382), is for the reasons stated herein, denied.

It is so ordered on this __27th__ day of February, 2009.

_/s/ James H. Payne_
James H. Payne
United States District Judge
Eastern District of Oklahoma

---

[4] Once a timely filed motion to vacate is pending before this Court, other options may exist to allow amendment of the motion. *See*, Fed. R. Civ. Proc. 15. Any motion to amend, however, may be denied if the amendment would be barred by the statute of limitations. *See*, *Rodriguez v. United States*, 286 F.3d 972, 980-981 (7th Cir. 2002).