**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| **v.** | ) | **Case No. 6:04-CR-00115-JHP-SPS** |
| | ) | |
| **KENNETH EUGENE BARRETT,** | ) | |
| | ) | |
| *Defendant.* | ) | |

**[PROPOSED] PROTECTIVE ORDER**
**SEALING EXHIBITS**

On March 10, 2009, counsel for Defendant filed a motion requesting that certain exhibits to be filed with his motion for post-conviction relief be maintained under seal and subject to a protective order. Mr. Barrett has identified these exhibits as medical records, educational records, and birth certificates of witnesses, as well as death certificates. Such documents are considered privileged and confidential under the laws of the United States and the State of Oklahoma. Therefore, GOOD CAUSE appearing, Defendant's motion to file exhibits under seal is GRANTED. The following provisions shall apply to exhibits Defendant identifies as private and confidential:

1. Mr. Barrett's counsel shall segregate exhibits he identifies as subject to federal or state privacy laws. The volumes of paper documents, and/or the computer disk(s), containing these exhibits shall be separate from other exhibits, and shall clearly be labeled "Private and Confidential."

2. The Clerk of this Court is directed to maintain under seal the documents identified

in Paragraph 1, *supra*.

3.     The Government shall keep sealed and confidential all of the materials described in Paragraph 1, *supra*. None of these materials, and no information contained therein or derived therefrom, shall be revealed to any person other than counsel for the United States and persons working under their direct supervision in connection with these proceedings without prior authorization of the Court ordered on motion pursuant to fifteen days' notice filed under seal and served on counsel for Mr. Barrett. Except with such prior authorization, none of the materials and no information contained therein or derived directly or indirectly therefrom shall be used in any way or for any purpose except in connection with the litigation of the claims presented in any motion for post-conviction relief Mr. Barrett may have pending before this Court.

4.     At the conclusion of the post-conviction proceedings, the United States shall file with this Court and serve upon counsel for Mr. Barrett a list of the names of all persons to whom any of the materials described in Paragraph 1, *supra*, or any information contained therein or derived directly or indirectly therefrom has been disclosed by counsel for the United States pursuant to or in violation of Paragraph 3, *supra*. Prior to any retrial or prosecution of Mr. Barrett by the United States or State of Oklahoma, his counsel shall be notified of the names of all persons acting for or assisting the United States or State of Oklahoma in any way in such matter.

5.     This order shall continue in effect after the conclusion of these post-conviction proceedings. The court will maintain continuing jurisdiction over this matter for the purpose of enforcing the provisions of this order and imposing appropriate sanctions for any violation.

////

////

[Prop] Protective Order                           -2-                    *U.S. v. Barrett*, CR-04-115-JHP-SPS

IT IS SO ORDERED.

DATED:   ____, 2009

_____
HON. JAMES H. PAYNE
CHIEF JUDGE
UNITED STATES DISTRICT COURT