**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**


KENNETH EUGENE BARRETT,          )
                                 )
                    Petitioner,  )
                                 )
vs.                              )          Case No. 09-CIV-105-JHP
                                 )
UNITED STATES OF AMERICA,        )
                                 )
                    Respondent.  )

**<u>ORDER</u>**


On February 12, 2010, this Court set this matter for hearing on Petitioner's Motion to Continue Briefing Schedule (Doc. 107) and for Status Conference. Thereafter, on February 18, 2010, Petitioner filed a Motion for Leave to File Oversized Brief (Doc. 109) of approximately 200 pages. Later that day, Petitioner filed an Amended Motion for Leave to File Oversized Brief (Doc. 111) which indicated, as required by local court rule, that the Government objects to this request. Thereafter, on the same day this Court entered a minute order denying Petitioner's request to file an oversized brief (Doc. 112). Before the Court had time to prepare a written order, at 8:23 p.m., central standard time, Petitioner filed a Motion to Reconsider Order denying Leave to File Oversized Brief (Doc. 113), which motion is now before the Court.

In an effort to explain the Court's original reasoning for denying Petitioner's Motion to file an Oversized Brief, a history of this case is appropriate. On October 6, 2009, this Court held a Show Cause/Scheduling Hearing in this matter. In an attempt to clarify and/or

simplify the issues in this matter and because Petitioner's counsel did not comply with numerous local court rules,[1] this Court ordered Petitioner to file a Second Amended Motion utilizing the form appended to the Rules Governing Section 2255 Proceedings and a new scheduling order was entered. Since the Amended Motion for Collateral Relief, to Vacate, Set Aside, or Correct Sentence, and for a New Trial, was 453 pages long, the Court assumed if counsel used the form provided for in the rules, that the Motion would concisely set forth the issues and facts relied upon therein. The Court gave Petitioner until November 6, 2009 to file the Amended Motion and an additional sixty (60) days in which to brief the issues.

On October 16, 2009, Petitioner's counsel requested this Court to stay the proceedings pending disposition of a mandamus action pending in the Tenth Circuit Court of Appeals. When that request was denied, Petitioner sought an extension of thirty (30) days for filing his Amended Motion and asked that all filing deadlines be extended. The Court granted the requested extension giving Petitioner until December 6, 2009 to file his amendment and until February 4, 2010 to file a brief in support. The Amended Motion was filed on December 4, 2009. Instead of simplifying and/or clarifying the issues, Petitioner's Amended Motion consisted of 403 pages. Thereafter, on January 13, 2010, Petitioner requested a second extension of time to file his brief which this Court granted thus giving Petitioner until

---

[1]Since the Court set forth the history of filings in the case prior to October 6, 2009, at the Show Cause/Scheduling Hearing, the Court will not repeat that history any more than necessary to understand this Order. *See*, Doc. 85, Transcript of proceedings held on October 6, 2009.

February 18, 2010 to file a brief in support of his Amended Motion.[2] On the due date of the brief, counsel requested leave to file an oversized brief of "approximately 200 pages," (Docs. 109 and 111) as well as filing a Motion to File Documents under Seal (Doc. 110).[3] To support this request, Petitioner's counsel indicates the issues are extremely complex. While the Court understands that "death is different,"[4] the issues in this particular case are not significantly more complex than any other criminal case tried in this district. Whether crafted by design or due to counsel's lack of understanding that this Court's rules are designed to make the system fair for all litigants regardless of the sentence imposed, it has become obvious to this Court that Petitioner's counsel is taking every opportunity to delay this Court's efforts to efficiently and fairly determine the issues before the Court. Petitioner's counsel have repeatedly disregarded this Court's rules and orders. Their continued excuse for their failure to comply is that Petitioner is facing a sentence of death and that this Court routinely permits "similarly situated capital habeas corpus petitioners"[5] to do things differently. Perhaps counsel do not realize that this case does not involve a "habeas corpus petitioner." *See*, 28 U.S.C. § 2254. Rather, this case deals with the issue of whether or not this Court should vacate its own judgment because "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without

---

[2]At the scheduling hearing previously mentioned, the Court advised Petitioner's counsel that the Court expected counsel to follow the Local Court rules. Additionally, the Court advised Petitioner's counsel that any Motion to Seal exhibits should be filed at least 20 days prior to the due date of the brief. Doc. 85, at p. 12.

[3]A separate order is being entered this date regarding the Motion to File Documents under Seal.

[4]*Baze v. Rees*, 128 S.Ct. 1520, 1550 (2008).

[5]*See*, Doc. 111 at ¶ 2.

jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, . . ."[6]

To the extent that Petitioner's counsel was originally able to file their factual allegations and legal authorities in under 400 pages, this Court does not understand why the Amended Motion is longer than the original and counsel now seek to increase the Petitioner's filings in this case by more than 250 pages.[7]  Counsel contend in their Motion to Reconsider that denial of the right to file the oversized brief, "is an abuse of discretion, and an intrusion on counsel's ability to comply with their oaths to defend the Constitution and zealously advocate for their client."[8]

While Petitioner's counsel who, prior to their appointment herein, have never before practiced or appeared before this Court apparently believe, based on pure speculation concerning this Court's state of mind and/or reasons for how this case was handled prior to trial by the Court,[9] that this Court would intentionally attempt to deprive any party appearing before it of their constitutional rights to due process, counsel are mistaken.  Basic due process requires that all parties comply with the court rules.  This Court's ability to enforce its orders and court rules are critical to the Court's obligation to move this case to a final resolution in

---

[6]28 U.S.C. § 2255.

[7]It should be noted that after this Court denied leave to file an oversized brief, counsel attached to the motion to reconsider a brief consisting of 277 pages.  *See*, Doc. 113-2.  It should also be pointed out that this oversized brief no longer contains ten (10) pages which was included in the original and Amended Motion to Vacate.  Docs. 1 and 70, Appendix B, Index to Exhibits.  *See also*, Doc. 113-4, Motion to Expand Record to include Appendix B, pages 418 through 427.

[8]Doc. 113, at ¶ 16.

[9]*See*, Exhibits 34, 54, and 67.

a just and efficient manner.[10]  If counsel, which this Court appointed based solely upon the recommendation of the Federal Public Defender of the Northern/Eastern District of Oklahoma, have questions about application of the local rules or Federal rules of procedure, then counsel should seek clarification by filing a motion with the Court.  However, counsel should anticipate the need for clarification and/or direction well in advance of due dates which this Court has previously established to expedite disposition of this matter.

If counsel are so busy that they do not have time to adequately devote to this matter,[11] they should advise the Court in order that the Court can find counsel who are able to appropriately and timely deal with the issues.  Perhaps on reflection this Court was overly optimistic that the issues in this case could be clarified and/or simplified if Petitioner's counsel filed an Amended Motion on the form prescribed by Rule 5 of the Rules Governing Section 2255 Proceedings for the United States District Courts and then filed a brief in support thereof.  Unfortunately, it appears this Court's good intentions accomplished nothing.

While this Court's review of the Amended Motion to Vacate (Doc. 95) convinces this Court that Petitioner could easily brief the issues raised within the twenty-five (25) page limit contained in the local court rules, this Court has reconsidered its decision.  The Court is aware that the Western District of Oklahoma has recently imposed page limitations in capital

---

[10]*See*, F.R.Cv.P. 1 which indicates the purpose of the Federal Rules is to "secure the just, speedy, and inexpensive determination of every action and proceeding."

[11]The record in this matter is replete with excuses by counsel as to why they were not able to complete their motion to vacate  within the statute of limitations as well as orders from this Court regarding filing deadlines.  Most of these excuses have dealt with counsel's extensive caseload.  The Court shouldn't have to remind counsel that it is the duty of an attorney to obey all lawful orders of this Court.

habeas corpus cases.  *See*, General Order 10-1 filed on January 10, 2010 in the Western District of Oklahoma.   However, as this Court has pointed out herein, this case is substantially different from a state capital habeas corpus case.  Specifically, petitioners in a § 2254 proceeding should already have had a Court review all of the issues raised in their petition including ineffective assistance of counsel, *Brady* violations and all issues dealing with newly discovered evidence.  Whereas, in a § 2255 proceeding, other than the appellate court on direct appeal, no court may have ever reviewed the post-conviction issues raised by the petitioner.  As a result, this Court hereby grants Petitioner leave to file the brief tendered to this Court on February 18, 2010.  The Court is aware that a tendered appendix to said brief contains a Motion to Expand the Record (Doc. 113-4) to include an index of the exhibits submitted herein.  The Court would direct, prior to the actual filing of said brief, that Petitioner include as an additional Appendix to the Brief, the index of the exhibits.

Further, counsel are hereby advised that this Court is striking all previous motions to vacate filed herein and in light of the substantial length of the Amended Motion and Brief in Support thereof the Court will not refer to those matters unless an issue arises regarding whether a specific claim is barred by the statute of limitations.  *See*, LCvR 9.2(c).

Based upon the Court's reconsideration of its prior order, the hearing and status conference  previously scheduled for March 1, 2010 is hereby rescheduled for March 31 at 10:00 a.m. at which time the Court shall hold a status conference in an attempt to move this case forward.  Since the Court has once again given Petitioner additional time to comply with this Court's orders, all counsel shall be prepared to advise the Court how much time, if any,

is required before this Court will have the matter properly briefed in order that the Court can ascertain whether any of the grounds raised in the Amended Motion are deserving of an evidentiary hearing. A new scheduling order shall be entered at said status conference and the Court will expect counsel to comply with that order. Further, counsel are advised that this Court expects compliance with its orders and all court rules in the future and that further attempts to disregard this Court's rules and/or orders will not be tolerated simply because "death is different." Finally, all counsel are required to be present.

It is therefore, the Order of this Court that:

1. The Petitioner shall be given until 4:30 p.m., central standard time, on March 1, 2010 to file the brief submitted as an Appendix to the Motion to Reconsider (Doc. 113-2), which brief shall have an appendix that includes a list of the exhibits filed and/or sought to be filed under seal herein. Petitioner is not required to submit an additional courtesy copy of the brief to the Court. To the extent petitioner is adding as an Appendix to the brief a list of the exhibits, petitioner shall submit a courtesy copy of that Appendix to the Court.

2. The hearing on the motion for extension of time and status conference set for March 1, 2010 is hereby stricken.

3. A status conference shall be held on March 31, 2010 at 10:00 a.m. and a further scheduling order shall be entered at that time.

4. All counsel are required to be present at the status conference on March 31, 2010.

It is so ordered on this 26th day of February, 2010.

James H. Payne
United States District Judge
Eastern District of Oklahoma

7