ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,          )

       Plaintiff,              )

VS.                                )          NO. CR-04-115-P

KENNETH EUGENE BARRETT,            )

       Defendant.              )

FILED

AUG - 2 2012

WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By:_____
Deputy Clerk

\*     \*     \*

SEALED HEARING

BEFORE THE HONORABLE JAMES H. PAYNE

UNITED STATES DISTRICT JUDGE

SEPTEMBER 12, 2005

\*     \*     \*

A P P E A R A N C E S:

FOR THE PLAINTIFF:        MR. SHELDON J. SPERLING

                        United States Attorney

                        MR. D. MICHAEL LITTLEFIELD

                        Assistant United States Attorney

                        1200 West Okmulgee Street

                        Muskogee, Oklahoma 74401

FOR THE DEFENDANT:        MR. ROGER HILFIGER

Attorney at Law

620 West Broadway

Muskogee, Oklahoma 74401


MR. BRET A. SMITH

Attorney at Law

315 North 5th Street

Muskogee, Oklahoma 74401


COURT REPORTER:          KARLA S. McWHORTER

UNITED STATES COURT REPORTER

P. O. Box 2251

Muskogee, Oklahoma 74402

COURT IN SESSION

THE COURT:  I have a matter that will require a sealed hearing and the clerk is in the process of turning off the sound system.

I would ask the Court Security Officer if you will see that the public -- that all of doors are locked.

(PAUSE)

THE COURT:  Let me see counsel -- lead counsel at least at the bench for just a moment.

(BENCH CONFERENCE)

THE COURT:  I have -- I just to want take up the issue of the stun belt.  I have got a report from the Marshal and -- is there is concerns about any of the people present in the courtroom?  One of my primary reasons for the sealed hearing is I'm not interested in any publicity about the stun belt.  I don't think it's appropriate.  I don't think it's -- I don't think it adds to the due process of this case.  I don't see anyone but people who are associated with the case, but I -- I want it to be clear that what I'm attempting to do by sealing this is to keep this issue from the news media.

MR. SPERLING:  I'll be happy to remind our agents about the Court's concern, as well as the -- well, the deputies --

THE COURT: I'm going to call one of the deputies up here and tell them that.

(OFF THE RECORD DISCUSSION BETWEEN

THE COURT AND A DEPUTY MARSHAL)

(END OF BENCH CONFERENCE)

THE COURT: The record should reflect that the Court has sealed the courtroom and the purpose for sealing the courtroom is to take up an issue that is before the court.

Last week when we were here, I think for a status and pretrial hearing, the issue of the stun belt came up. Counsel for the defense expressed concerns about Mr. Barrett's -- his previous medical condition or his current medical condition as it relates to the possibility of metal being a problem with the use of the stun belt. The Marshal has provided the Court a report with a -- with an attachment from Dr. Critchfield, who is a radiologist, and a mobile digital imaging that was done of the Defendant, and he -- and the doctor reports -- his impression was: No abnormal metallic foreign bodies, no abnormal medical foreign bodies are noted. So he has that impression.

The report reflects there should be no concerns after a determination that the metallic bodies would not interfere with the stun belt. So I wanted you to --

I wanted everyone present today to be aware of that and the Court's previous order in regard to the stun belt should be implemented at the discretion of the Marshal.

Any comment from the government?

MR. SPERLING:  No, Your Honor.

THE COURT:  Any comment, Mr. Hilfiger?

MR. HILFIGER:  As to the stun belt?

THE COURT:  Yes.

MR. HILFIGER:  Or as to the finding?

THE COURT:  Well, I'm just making a report.

MR. HILFIGER:  Okay.  As to the stun belt, I mean...

Mr. Barrett, could you stand up?

(DEFENDANT COMPLIED)

MR. HILFIGER:  I mean, I do see the problem here that we did have this morning.  When the stun belt is placed in a position in the small of his back or the back of him, it's terribly uncomfortable for him to sit in these chairs because they have backs, as you can see, and that this is a pretty -- I mean about three inches out is how far it sticks.  He can't sit in a chair that has a back on it.

The problem with it around to the side, as I see it, is it is a very cumbersome looking object on his side. I don't know how to resolve this, unless there is a chair

that would have a top back with an open -- with an open

lower portion.  I don't see any here in the courtroom.

I mean, he complained this morning about how uncomfortable

it was to lean back.

THE COURT:  So what you want is a chair without

a back?  I mean, is --

MR. HILFIGER:  Well, something across the top so

his shoulders would hit it, but so you could sit -- so you

could sit with this on without having it pushing in your

back when you are sitting down in the chair.

THE COURT:  I'll have the Marshal and the clerk

investigate that and see if there is something that would

make Mr. Barrett more comfortable.

We will start back in the morning at nine o'clock.

And you were made aware that we had a juror that I moved

from Friday to Wednesday?  We just had 19 scheduled for

tomorrow, so now we have 20 for tomorrow and 19 scheduled

for Friday.

(END OF PROCEEDINGS)

"I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter."

S/Karla S. McWhorter

KARLA S. McWHORTER

August 7, 2009

8-7-09

DATE

KARLA S. McWHORTER
OKLAHOMA CERTIFIED SHORTHAND REPORTER
CERTIFICATE NO. 00981
EXPIRES DECEMBER 31, 20 10