## DECLARATION OF COURTNEY BATES

Courtney Bates, a person over the age of eighteen (18) and competent to testify, deposes and says as follows:

1.    I am a detective for the Catoosa Police Department in Catoosa, Oklahoma.  I currently have a total of eighteen (18) years' experience as a Police Officer. I have been to the DEA's Drug Investigations Academy, Two Phases of Kinesics Interview and Interrogation, I have been directly involved with several of undercover drug investigations some of which involved Confidential Informants. I have worked general investigations since 2003 and have been involved in hundreds of Fraud/Embezzlement Cases.  I have a Bachelor's of Science Degree in Paralegal Studies and a Minor in Business Administration from Northeastern State University.

2.    In late 2005 while working at the District 27 Drug Task Force I was instructed by the District Attorney's Counsel [DAC] to investigate the possible misuse of CI [Confidential Informant] Funds. The District Attorney's Counsel is an advisory and administrative support agency for the District Attorney's in the State of Oklahoma.  During the Jag Grant Program they over saw the spending and use of the grant that was awarded to each Drug Task Force.  The CI Funds came from that grant.

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF OKLAHOMA**

**KENNETH EUGENE BARRETT,**          )
                                     )
                    *Movant,*        )
                                     )
**v.**                               )
                                     )
**UNITED STATES OF AMERICA,**        )
                                     )
                *Respondent.*  )

**EXHIBIT 12**

I was informed there were discrepancies in the forms and the money could not be tracked. I was asked to investigate three agents. Two agents, James Carver and Jerry Stevens no longer worked for the Task Force, but one agent, Clint Johnson still worked at the agency. During this investigation, James Carver cooperated fully and almost all of his CI Funds were accounted for. During this investigation, Jerry Stevens did not want to cooperate and was caught lying on a couple of occasions trying to cover for Clint Johnson. Jerry, was Clint's partner for most of his time at the District Attorney's Office. During this investigation, Clint brought several Confidential Informants to the office for me to interview in reference to the money. Clint was very upset that he could not be present during the interviews. Some just flat out lied about them being the one that was paid the money for that specific expense. My only concern was the CI money I did not go into how Clint dealt with his CI's. But in my interviews of the CIs, it became apparent that Clint asked the CIs to lie to me about the spending of the money. Once Clint was not present the CIs refused to lie for him. Several of them I caught in a lie and a couple of them actually told the truth. All in all I was able to justify the majority of the expenses from the Drug Task Force at that time however the majority of Clint's expenditures could not be explained and we did not know where the money went. The District

Attorney, Richard Gray, was forced to pay back DAC for the vast majority of Clint's expenditures and he was terminated as a result of the investigation. I completed a very detailed report on this but it was given to the DA and DAC and I no longer have a copy of the report.

After Clint was terminated, Jeff Sheridan and I went and took possession of the vehicle he was issued. This vehicle was a black Camaro and was going to be issued to me. I took the vehicle back to the office and completely stripped the inside of the vehicle. I removed the seats and all items stored in the vehicle by Clint. During this I located several items of drug paraphernalia. I located several methamphetamine precursors, including Red Phosphorous and some "Heat." There were also some pills that were Narcotics, perhaps Oxycodone and Xanax, but I am not positive of this at this late date. I did locate some methamphetamine, as well. A report was completed and an inventory of the items was included. All items were placed in the evidence room. I do not know if the items are still in the evidence room and if the report is still at the office due to I have not worked for that agency in several years.

Shortly after my employment started at the DA's Office and prior to my investigation, I went on one search warrant that Clint had written. According to the CI there was several pounds of marijuana in the house

and he had seen it when he did an undercover buy from the residence. This was one of the incidents when Clint was the only investigator who witnessed the transaction and no surveillance or wire was worn by the CI. During the search we located no evidence of marijuana in the residence. I also learned this was not the first time Clint had served a search warrant on this residence but I was not in charge and did not know how many had been served prior to this one. About 6 months later I was told about possible drug activity at the same residence but instead of trying to obtain a search warrant I conducted a Knock and Talk and located very small amount of marijuana. The subject was charged and I don't know what happened with the case from there.

During my investigation, I felt there was more to Clint's misuse of CI Funds but once DAC was paid back and Clint was terminated the investigation was closed. I could not prove Clint was on the take or stealing, though I believed he was; I could only show that he misused the CI Funds.

Executed by me this _21_ day of March in Wagoner County, Oklahoma.

COURTNEY BATES