**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF OKLAHOMA**

KENNETH EUGENE BARRETT,      )
      )
              *Movant,*     )
      )
v.      )
      )
UNITED STATES OF AMERICA,     )
      )
          *Respondent.*  )

---

**EXHIBIT 53**

---

<u>DECLARATION OF JACK GORDON</u>

JACK GORDON, a person over the age of eighteen (18) and competent to testify, declares as follows:

1.  I am an attorney practicing law in Claremore, Oklahoma.

2.  In 2004, I was appointed to represent Kenneth Barrett with John Echols in his second state jury trial.

3.  On April 17, 2016, I was interviewed by Leonard Post, a private investigator working for the Federal Defenders of the Eastern District of California on behalf of Mr. Barrett's postconviction proceedings about matters relating to the testimony of the state's firearms and ballistics expert, Terrance Higgs.

4.  I specifically recall that during the trial, it was my understanding that it was impossible to match the bullet fragment purportedly taken from the slain trooper during the autopsy to Kenneth Barrett's .223 Colt Sporter.

5.  After talking with the investigator, I searched for my trial notes related to the testimony of the state's firearms expert. The notes were taken simultaneously to the second state trial proceedings. A true and correct copy of those notes are attached and initialed hereto.

6.  The notes are consistent with my best memory of the trial testimony including that the state's expert witness, Terrance Higgs, did not run comparisons of Kenny Barrett's Sporter against the other .223s on the scene.

7.  It also reflects that Higgs matched Ken's weapon to the fragment using a "preponderance of the evidence" standard.

8.  As I recall, the state in no way sufficiently matched Ken's weapon to the fragment identified as having been removed from Trooper Eales.

Page **1** of **2**



9. Mr. Barrett's federal defense counsel have never contacted me about this or any other matter related to Mr. Barrett's state murder case or defense.

I declare under penalty of perjury that the foregoing declaration is true and correct to the best of my knowledge.

Executed this 27 day of April, 2016 in Rogers County, Oklahoma.

Jack Gordon

STATE OF OKLAHOMA
COUNTY OF ROGERS

The foregoing instrument was acknowledged before me this 27 day of April, 20 16 by Jack E. Gordon Jr.

Crystal Walker  Notary Public
My Commission Exp. February 22, 2020

CRYSTAL WALKER
NOTARY PUBLIC
Commission #
16001850
My Commission
Expires 02-22-2020
STATE OF OKLAHOMA

_Terrence Higgs_

Firearms & Toolmark expert

Firearms received
1) .45 X 6
2) .223 Koch. HK 53 X 2
3) 9mm S&W
4) 45 Sig Sauer
5) 45 Sig Sauer
6) 223 H&K
7) 223 H&K
8) 223 H&K
9) 223 Colt
10) 9mm S&W H&K
11) 223 H&K
12) 9mm H&K Aut
13) 45 Sig Sauer
14) 45
15) 223 H&K
16) 223 Cofriprte ——— REB Rifle eject back & right
17) 12 ga. Shotgun      ① Received 72 .223 cartridges
18) 22 pistol              w/ 3 magazines
                           ② Rounds ejected to RT
                           to 45" & near &
                           37" & 69" aight to
                           the rear

He was given 23 X 223 & Casing comparison
                          all fired from 1 gun —
But did not compare = the Sporter =
w/ other 223 rifles   submitting them one at ti

*** He compares using "preponderance of evidence"

_Projectile_

SA/17

16

19 one of them compared to Colt Sporter F-41
no comparison w/other weapons

Casings

(MP5  9mm Casings x 5  OKP  63-59-77-1
( S&W  9mm  "  x 2  - KEB

1) T-35  Spear Blank  MP5
2) T-39   "    "    MP5
3) T-40   "    "    MP5
4) T-43   "    "    MP5
5) T-44            MP5

→ T-9 + T-45  9mm casings fired by KEB gun
( SH/17) - T-9  spent 9mm casing

_Agent Finders_

Live 1/8" of mile away
on Hwy when shot heard

Sawdust's
B'room in back of house
✗ automatic + single shot
HP5 + AR15
Two up + looked outside window
✗ Saw 2 Browns + B&W W/ 6 light
✗ Gunfire stopped by time
she looked out window
✗ 1½ hrs until ambulance came
for Kearney