**HEATHER E. WILLIAMS**, CA Bar No. 122664
Federal Defender
**JOAN M. FISHER**, Idaho Bar No. 2854
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, California 95814
Telephone: (916) 498-5700
Joan_Fisher@fd.org

**DAVID B. AUTRY**, OBA No.11600
Attorney at Law
1021 N.W. 16th Street
Oklahoma City, Oklahoma 73106-6405
Telephone: (405) 521-9600

Counsel for Kenneth Eugene Barrett, Movant.

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| KENNETH EUGENE BARRETT ) | |
| ) | Criminal Case No. 6:04-cr-00115-JHP |
| Movant, ) | (Prior Civil Case No. 4:09-cv-00105-JHP) |
| ) | |
| v. ) | **CAPITAL CASE** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**NOTICE OF CONDITIONAL FILING OF MOVANT'S
28 U.S.C. § 2255 MOTION TO VACATE CONVICTION
UNDER *UNITED STATES V. JOHNSON***

NOTICE IS HEREBY GIVEN, that Movant KENNETH E. BARRETT,

through his undersigned counsel, herein has timely caused to be filed a Notice of

Conditional Filing of Movant's 28 U.S.C. § 2255 Motion to Vacate Conviction Under *United States v. Johnson.* On this day, Mr. Barrett has concurrently filed an application in the Tenth Circuit Court of Appeals requesting initial certification from that Court to authorize the filing of his successive motion to vacate under *Johnson.* In his Motion, Mr. Barrett demonstrates *inter alia* that the District Court entered an invalid conviction against him under 18 U.S.C. § 924(c) and (j) on count 2 for using or carrying a firearm during and in relation to a "crime of violence" and its judgment on that count, and its attendant sentence of life without possibility of release. In that Motion he further seeks to have the sentences of life without possibility of release on count 1 for using or carrying a firearm during and in relation to a drug-trafficking crime in violation of 18 U.S.C. § 924(c) and (j) and his death sentence imposed upon conviction on count 3 for killing a law enforcement officer in the law performance of his duties in violation of 21 U.S.C. § 848(e)(1)(B) must now be set aside as unconstitutional under *Johnson* and related authority. *Johnson v. United States*, 135 S. Ct. 1257 (2015) (due process violated); *Welch v. United States*, 136 S. Ct. 1257 (2016) (due process violated); *Hurst v. Florida*, 136 S. Ct. 6161 (2016) (Sixth Amendment violated); *Johnson v. Mississippi*, 486 U.S. 576 (1988) (Eighth Amendment violated). Mr. Barrett has made a prima facie showing for leave to file a successive application, as required by 28 U.S.C. § 2255(h)(2), in his attached Motion to Vacate Conviction Under

2

*United States v. Johnson. See Case v. Hatch*, 731 F.3d 1015, 1028-29 (10th Cir. 2013) (prima facie showing constitutes a simple showing of possible merit to warrant fuller exploration by district court).  Mr. Barrett herein moves this Court to hold in abeyance his conditional filing, pending initial certification by the Tenth Circuit Court of Appeals.

In support of this request, Mr. Barrett states the following:

On November 4, 2005, Mr. Barrett was convicted of one count of using and carrying a firearm in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c) and (j) (Count 1), one count of using or carrying a firearm during and in relation to a crime of violence, specifically, killing a law enforcement officer in the discharge of his duties as charged in Count 3, in violation of 18 U.S.C. § 924(c) and (j) (Count 2), and killing a law enforcement officer in the discharge of his duties in violation of 21 U.S.C. § 848(e)(1)(B) (count 3). Mr. Barrett was sentenced to life without possibility of release on the 924(c), counts 1 and 2, and to death on the § 848(e)(1)(B), count 3.

On June 26, 2015, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally void for vagueness. *Johnson v. United States,* 135 S. Ct. 2551 (2015). That clause, the Court held, cannot constitutionally define a "crime of violence" for purposes of the ACCA's sentence-enhancing provisions. *See id.* at 2557.

The residual clause of § 924(c), the statute under which Mr. Barrett was convicted, is materially indistinguishable from the clause *Johnson* invalidated. After *Johnson,* federal murder of killing a law enforcement officer under § 848(e)(1)(B) categorically fails to qualify as a "crime of violence." Therefore, Mr. Barrett's § 924(c) conviction and its attendant death sentence are invalid.

As detailed more fully in Mr. Barrett's successive § 2255 motion, filed contemporaneously with this request, Mr. Barrett is entitled to relief under 28 U.S.C. § 2255(a) because his § 924(c) conviction (1) violates his right to due process; (2) violates the laws of the United States and results in a miscarriage of justice; and (3) was entered in excess of this Court's jurisdiction. His motion is timely, because it is filed within one year after the Supreme Court decided *Johnson.* See 28 U.S.C. § 2255(f)(3). Further, Mr. Barrett is entitled to relief under 28 U.S.C. § 2255(h)(2) because *Johnson* established a "new rule of constitutional law" that has been "made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2); *Welch v. United States,* 136 S. Ct. 1257, 1265 (2016).

As required under 28 U.S.C. §§ 2244(b)(3)(C) and 2255(h), Mr. Barrett is filing on this date an application asking the Tenth Circuit to authorize him to file a successive § 2255 motion asserting a claim based on *Johnson* and *Welch.* Pursuant to 28 U.S.C. 2244(b)(3)(D), "[t]he Court of Appeals shall grant or deny the

authorization to file a second or successive application not later than 30 days after the filing of the motion" seeking authorization.

The one-year limitations period to file a claim based upon *Johnson* will expire on June 26, 2016. Mr. Barrett has filed his application with the Tenth Circuit on May 20, 2016, ensuring ready compliance with the statute of limitations. *See, e.g., Easterwood v. Champion*, 213 F.3d 1321, 1324 (10th Cir. 2000) (statute of limitations was "tolled during the twenty-three days that [movant's] request to file a successive petition was pending before this court"). He asks this Court to hold his motion in abeyance pending the Tenth Circuit's authorization to proceed.

For the reasons fully enumerated in his attached Motion, Movant's Section 2255 Motion to Vacate Conviction Under *Johnson v. United States,* warrants initial certification, full evaluation by this Court, and collateral relief.

Respectfully Submitted this 20th day of May, 2016,

**DAVID B. AUTRY**, OBA No.11600
Attorney at Law
1021 N.W. 16th Street
Oklahoma City, Oklahoma 73106-6405
Telephone: (405) 521-9600

**HEATHER E. WILLIAMS**, CA Bar No. 122664
Federal Defender
/s/*Joan M. Fisher*
**JOAN M. FISHER**, Idaho Bar No. 2854
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, California 95814
Counsel for Kenneth Eugene Barrett, Movant.

5

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on this 20th day of May, 2016, a copy of the

foregoing Notice of Conditional Filing of Movant's 28 U.S.C. § 2255 Motion to

Vacate Conviction Under *United States v. Johnson* was served via the CM/ECF

electronic filing system upon:

    Jeffrey B. Kahan
    United States Department of Justice
    jeffrey.kahan@usdoj.gov

    Christopher J. Wilson
    Assistant United States Attorney
    chris.wilson@usdoj.gov

    Linda Epperley
    Assistant United States Attorney
    linda.epperley@usdoj.gov
    United States Department of Justice
    Eastern District of Oklahoma

To the undersigned's knowledge, there are no non-ECF registrants who are

counsel in this case.

Dated:  May 20,  2016

                    */s/ Joan M. Fisher*
                    JOAN M. FISHER, Idaho Bar No. 2854