# EXHIBIT 2

SEALED #128

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,           )
                                    )
                    Plaintiff,      )
                                    )
vs.                                 )        Case No. CR-04-115-P
                                    )
KENNETH EUGENE BARRETT,             )
                                    )
                    Defendant.      )

**FILED**

MAY 0 5 2005

William B. Guthrie
Clerk, U.S. District Court

By_____
                    Deputy Clerk

## ORDER

This matter comes on for consideration of Defendant's Ninth and Tenth *Ex Parte* Motions concerning funding issues (Docket Nos. 107 and 109); Defendant's Eleventh *Ex Parte* Pleading concerning funding issues (Docket No. 118); Defendant's Application for *Ex Parte* Conference on Defense Budget and Funding (Docket No. 116) and the Addendum and Second Addendum to the Ninth *Ex Parte* Motion (Docket Nos. 112 and 126).

After having fully considered defense counsel's various pleadings, this Court hereby grants the Tenth *Ex Parte* Motion Concerning the Funding of Mr. Barrett's Defense (Docket No. 119). Specifically, defense counsel, John Echols, has requested permission from this Court to withdraw as counsel for the Defendant, Kenneth Eugene Barrett. Counsel indicates in his motion that this Court has not authorized an adequate budget for defense of this matter; that the Magistrates Report and Recommendation rejecting compensation for time expended in developing defense budgets and contacting prospective experts and investigators is

unreasonable; that Mr. Echols and co-counsel, Roger Hilfiger, have not been able to work effectively together. Additionally, counsel indicates this Court's Budgeting Order regarding the allocation of attorney time by category and by attorney impairs the independent judgment of defendant's attorneys and imposes an unreasonable burden on his defense. In granting defense counsel's request to withdraw, it should be noted that counsel has continually failed to follow court Orders regarding submission of a proposed litigation budget. Specifically, on January 19, 2005, the magistrate judge issued an order regarding what counsel should submit in the way of a proposed litigation budget (Docket No. 38). That order provided, in pertinent part, "The proposed litigation budget shall set forth *separately and with specificity* the time each of the appointed attorneys anticipates spending" on each of several categories. Additionally, that order told counsel to "set forth *separately and with specificity* any expert witness counsel seeks to hire. The order went on to describe five things about each expert witness that the proposed litigation budget should contain. Further, the order instructed counsel to "set forth *separately and with specificity* any investigator counsel seeks to hire." Again, in light of the fact the basic underlying sequence of events involved in this particular case have been tried in courts of the State of Oklahoma twice before, the order sought detailed information from counsel regarding what factual issues remained to be investigated. Following the entry of that order, on February 1, 2005, the magistrate judge entered an order directing counsel "to submit a proposed defense budget that *strictly complies*" with the January 19, 2005 budget order. Thereafter, on February 22, 2005, this Court sent a letter to

2

counsel requesting answers to several questions which the Court had regarding the budget herein. Many of the questions asked by the Court were not answered by counsel. Rather, counsel appears to have the attitude that the budget in this matter is unlimited[1] or should be simply because this case involves the potential for imposition of the death penalty. However, 18 U.S.C. § 3006A requires this Court, when waiving the maximum amounts set by the legislature for representation of a criminal defendant, certify that any amounts of excess compensation are "necessary to provide *fair* compensation." (Italics added) The only way this Court can comply with these statutory provisions is to obtain detailed information from appointed counsel regarding the work actually contemplated and/or ultimately performed. After careful consideration of counsel's proposed budget, this Court entered a Budget Order (Docket No. 97) which, in this Court's opinion, will provide *fair* compensation in this matter.

In determining fair compensation, this Court is aware that the purpose of the Criminal Justice Act is to ensure justice by providing for the adequate defense of those charged with criminal offenses who are financially unable to obtain counsel. Congress has authorized the payment of public funds to compensate counsel who provide this representation to carry out this purpose and the Court should not apply the compensation provisions in such a narrow and miserly fashion that the purposes of the Act are thwarted. *United States v. Bailey*, 581

---

[1] By way of illustration, attached to the Ninth *Ex Parte* Motion Concerning the Funding of Mr. Barrett's Defense (Docket No. 107), is an affidavit from Richard Burr which implies this Court should just approve the total number of hours requested by defense counsel for things such as a fact investigator in order that counsel will not have to spend additional time supplementing the hours approved by the court if additional hours become necessary. Additionally, Mr. Burr states "hourly rates for fact investigators in federal capital cases range from $65 to $85" per hour and that "[p]roperly qualified investigators can not be retained for less than this." Yet, this Court has approved investigative services in other criminal cases in this district for much less than the hourly rate suggested by Mr. Burr. Additionally, the Oklahoma Indigent Defense System, pursuant to state statutes, currently employs investigators at an hourly salary of $30.00 per hour. *See* www.state.ok.us/~oids/index.htm.

F.2d 984, 989 (D.C. 1978). At the same time, the Court must be mindful in only approving the expenditure of public funds in compliance with the Act that the compensation provisions are intended to ease the financial burden on counsel accepting these cases, but are not intended to mirror private sector rates. *United States v. Ellzey*, 29 F.Supp.2d 505, 507 (C.D. Ill. 1998).[2] In light of the fact that the budget approved in this case exceeds the normal budget for a criminal case within this district by more than four times, this Court does not believe that the current budget is inadequate to provide for reasonably diligent, conscientious, and competent representation. Further, it should not cost any more to defend the defendant in this federal case than it cost to defend the case in the state courts.

Additionally, in light of the fact that the magistrate's order regarding interim payment of attorneys' fees and reimbursement of costs indicated that the Court would not compensate "for work related to preparation or submission of billing statements or responding to the Court's inquiries regarding bills,"[3] this Court does not believe denial of compensation for time expended in developing the budget and answering this Court's questions regarding the budget herein is unreasonable. In fact, this Court is aware of no criminal case within this district where appointed counsel have sought to be compensated for similar work.

---

[2] Although counsel suggests in the Eleventh *Ex Parte* Pleading concerning the funding of the defense, that his customary hourly rate is $350.00 per hour and with the reductions recommended by the magistrate, the effective rate becomes less than 1/5 of the rate prevailing in the marketplace, the fees suggested by counsel are not the prevailing rates within the Eastern District of Oklahoma. Additionally, these amounts are not pertinent to this court's consideration of "fair" compensation in this particular case. Furthermore, attorney fees for indigent defendants are not unlimited. This Court has an obligation to exclude hours not reasonably expended and this Court will follow the directives of the 18 U.S.C. § 3006A(d)(3), certifying only those amounts the court believes are "necessary to provide fair compensation."

[3] The budget order entered by this Court directed defense counsel to continue to follow the guidelines set forth in that order. *See* Docket No. 97.

Mr. Echols also advises this Court that he is unable to work with co-counsel Mr. Hilfiger. Mr. Hilfiger is, however, more familiar with practice before this Court than Mr. Echols. In particular, Mr. Hilfiger has previously held the position of United States Attorney for the Eastern District of Oklahoma. Additionally, Mr. Hilfiger has previously appeared as retained counsel in a death penalty case tried in this district. *See, United States v. Hutching, et al.*, Case No. CR-92-32-S.

Finally, in considering Mr. Echols request to withdraw, this Court is aware that some of the pleadings filed by Mr. Echols herein are substantially similar to pleadings filed by Mr. Echols in the matter of *State of Oklahoma v. Terry Lynn Nichols*, Case No. CF-99-1845, in the District Court of Oklahoma County. While using previous work product is not inappropriate, counsel should have advised this Court that he had previously made similar arguments in order that the Court could ascertain the amount of work which was performed prior to counsel's appointment in this matter.[4] Based upon all of these matters, this Court finds Mr. Echol's Motion to Withdraw should be granted. This Court will within the next two weeks appoint co-counsel to assist Mr. Hilfiger in the continued defense of Mr. Barrett.

As to Defendant's Ninth *Ex Parte* Motion concerning the funding of Mr. Barrett's defense which requests a Conference with the Court concerning Defense Budget and Funding, this Court denies said request for the reasons set forth herein. It was not the Court's

---

[4]*See*, Sealed Order Regarding *Ex Parte* Motion for Approval of "Pre-authorization" Budget for the Defense filed herein on January 19, 2005 (Docket No. 38) in which it was made clear this Court would "**not compensate counsel for work performed prior to counsel's appointment in this matter**, . . . ." at p. 3.

intention to prevent appointed counsel from shifting approved hours between themselves if time constraints require. However, the Court strongly believes, in light of the fees charged by criminal defense attorneys in the Eastern District of Oklahoma, that the overall budget approved in this case is more than adequate to ensure that the defendant's Sixth Amendment right to competent counsel will be protected. If counsel anticipate, as this case progresses, that the total budget approved is inadequate to complete the representation of the defendant, counsel may submit appropriate motions, containing detailed support for additional compensation. In the event there is a need to supplement the previously approved budget, counsel is directed to seek court approval prior to incurring costs in excess of that budget.

Defendant's Eleventh *Ex Parte* Pleading and Defendant's Application for *Ex Parte* Conference on Defense Budget and Funding both contain objections to the magistrate's report and recommendation concerning requested attorney fees. Specifically, counsel object to exclusion of time (1) devoted to budgeting issues; (2) spent consulting with co-counsel and other counsel; (3) spent managing files or reviewing unspecified files; (4) spent posting materials to websites; (5) spent on Motion to Dismiss; (6) spent on death penalty research; and (7) spent on research of a preliminary nature. This Court believes counsel has misconstrued the magistrate's report and recommendation in several areas. For instance, both counsel have filed pleadings objecting to "no compensation be[ing] allowed for attorney time devoted to consulting with co-counsel and other counsel." Docket No. 118, at page 2. Yet, the magistrate's report recommends that no compensation be paid for "time spent

consulting with private attorneys, or by one attorney reviewing the pleadings filed by the other attorney." Docket No. 106, at p. 2. Further, the Interim Fee Order entered by the magistrate herein, and adopted by this Court in the Fee Order, set forth in detail the items which would not be compensable. This Court finds that the magistrate's order accurately identifies the non-compensable time which was billed herein. Therefore, counsels' objections to the exclusion of time spent on the areas identified above is hereby overruled. Additionally, having reviewed the motions to dismiss and in light of counsel's admission that he utilized the research of another person involved in the *Nichols* case, this Court finds it was appropriate for the magistrate to reduce the amount of compensable time for this work to 18.5 hours. Finally, for the reasons set forth previously, this Court denies defendant's request for a conference on defense budget and funding at this time.

It is therefore, the order of this Court that Defendant's Ninth *Ex Parte* Motion for Conference with the Court is hereby denied (Docket No. 107); Defendant's Tenth *Ex Parte* Motion requesting permission for Mr. Echols to withdraw from representation of the defendant herein is granted (Docket No. 113); Defendant's Eleventh *Ex Parte* Pleading containing Objections to the Magistrate's Report and Recommendations is hereby overruled (Docket No. 118) and the Magistrate's Report and Recommendations are hereby adopted as the ruling of this Court (Docket No. 106). Finally, the Defendant's Application for *Ex Parte* Conference on Defense Budget and Funding is hereby denied (Docket Nos. 116 and 126).

7

Ordered this ___5th___ day of ~~April~~ MAY, 2005.

JAMES H. PAYNE
UNITED STATES DISTRICT COURT JUDGE

8