**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF OKLAHOMA**

|  |  |  |
|---|---|---|
| KENNETH EUGENE BARRETT | ) ) ) | Criminal Case No. 6:04-cr-00115-RAW |
| Movant, | ) ) ) | |
| v. | ) ) | **CAPITAL CASE** |
| UNITED STATES OF AMERICA, | ) ) | |
| Respondent. | ) ) ) | |

---

**28 U.S.C. § 2255 MOTION TO VACATE, SET ASIDE AND
CORRECT CONVICTION AND SENTENCE UNDER *UNITED STATES V. DAVIS*
WITH ARGUMENT AND AUTHORITIES.**

---

**28 U.S.C. § 2255 Motion to Vacate,**
**Set Aside, & Correct Conviction & Sentence**
**Under *United States v. Davis* with**
**Argument & Authorities**

*Barrett v. United States,*
**OK-ED No. 6:04-cr-00115-RAW**

**TABLE OF CONTENTS**

I. MOTION ............................................................................................................. 2

II. RELEVANT FACTS AND PROCEEDINGS ................................................... 3

    1. Conviction and Sentencing. .......................................................................... 3

    2. Direct Appeal. ............................................................................................... 3

    3. The Initial § 2255 Motion. ........................................................................... 4

    4. 28 U.S.C. § 2255 Motion to Vacate under *Johnson v. United States*. ........... 5

        a. *Johnson v. United States.* .......................................................................... 5

        b. *Welch v. United States.* .............................................................................. 5

        c. Movant's Motion for Authorization under *United States v. Johnson.* ................... 6

III. GROUNDS UPON WHICH THE MOTION RESTS. ....................................... 8

IV. ARGUMENT AND AUTHORITIES ............................................................... 10

    1. Mr. Barrett's § 924(c) Conviction is Unconstitutional under *Davis*. ........... 10

        a. *United States v. Davis* holds that the residual clause in 18    U.S.C. § 924(c)(3)(B) is void as unconstitutionally vague. ...................... 10

        b. Count 2 rests on an unconstitutionally vague statute and  must be vacated. ......... 11

            i. *The categorical approach applies to the § 924(c) elements clause.* ............. 12

            ii. *21 U.S.C § 848(e)(1)(B) Continuing Criminal Enterprise is not a crime of violence.* ......... 13

    2. This Court Should Grant Mr. Barrett's § 2255 Motion under the Retroactive and Controlling Precedent of *Davis*. ...................... 15

        a. Mr. Barrett's claim is cognizable under § 2255(a). ................................... 15

        b. *Davis* is retroactive on collateral review. ............................................... 15

    3. At a Minimum, Mr. Barrett is Entitled to a Full Jury Resentencing on Counts 1 and 3. .............. 16

    4. Counts 1 and 3 are Irreparably Infected with the Unconstitutionally Vague Instructions regarding the Predicate Offense. ........................................ 17

V. CONCLUSION AND PRAYER FOR RELIEF ............................................... 20

VI. VERIFICATION BY COUNSEL ................................................................... 22

VII. CERTIFICATE OF SERVICE ...................................................................... 24

**28 U.S.C. § 2255 Motion to Vacate,**      i        *Barrett v. United States,*
**Set Aside, & Correct Conviction &**            **OK-ED No. 6:04-cr-00115-RAW**
**Sentence Under *United States v. Davis***
**with Argument & Authorities**

# TABLE OF AUTHORITIES

**Federal Cases**

*Apprendi v. New Jersey*,
530 U.S. 466 (2000) ................................................................................................... 17

*In re Barrett*,
840 F.3d 1223 (10th Cir. 2016) ................................................................................... 4

*Brady v. Maryland*,
373 U.S. 83 (1963) ...................................................................................................... 3

*Davis v. United States*,
417 U.S. 333 (1974) .............................................................................................. 14, 15

*Dean v. United States*,
137 S. Ct. 1170, 1176 (2017) ................................................................................15, 16

*Descamps v. United States*,
570 U.S. 254, 269-270 (2013) ...................................................................................18

*Hurst v. Florida*,
136 S. Ct. 616 (2016) ................................................................................................... 1

*James v. United States*,
550 U.S. 192 (2007) ..................................................................................................... 4

*Johnson v. United States*,
135 S. Ct. 2551 (2015) ....................................................................................... *passim*

*In re Mullins*,
942 F.3d 975 (10th Cir. 2019) .................................................................................. 14

*Napue v. Illinois*,
360 U.S. 264 (1959) ..................................................................................................... 3

*Richardson v. United States*,
526 U.S. 813 (1999) ................................................................................................... 13

*Ring v. Arizona*,
536 U.S. 584 (2002) ................................................................................................... 17

*Sessions v. Dimaya*,
138 S. Ct. 1204 (2018) ............................................................................................ 6, 8

*Sykes v. United States*,
564 U.S. 1 (2011) ......................................................................................................... 4

*United States v. Barrett*,
496 F.3d 1079 (10th Cir. 2007) cert. denied 552 U.S. 7260 (2008) ................................. 3, 8

**28 U.S.C. § 2255 Motion to Vacate,**     **ii**     *Barrett v. United States,*
**Set Aside, & Correct Conviction &**     OK-ED No. 6:04-cr-00115-RAW
**Sentence Under *United States v. Davis***
**with Argument & Authorities**

*United States v. Barrett*,
    797 F.3d 1207 (10th Cir. 2015) cert. denied 137 S. Ct. 36 (2016) ................................................. 3, 4

*United States v. Begay*,
    934 F.3d. 1033 (9th Cir. 2019) ................................................................................................ 17

*United States v. Davis*,
    139 S. Ct. 2319 (2019) ......................................................................................... *passim*

*United States v. Davis*,
    588 U.S. ___, 139 S. Ct. 2319 (2019) ................................................................................ *passim*

*United States v. Diaz*,
    778 F.2d 86 (2d Cir. 1985) ................................................................................................ 13

*United States v. Ledbetter*,
    929 F.3d 338 (6th Cir. 2019) ................................................................................................ 9, 17

*United States v. Morgan*,
    748 F.3d 1024 (10th Cir. 2014) ................................................................................ 11-12, 17

*United States v. Rentz*,
    777 F.3d 1105 (10th Cir. 2015) ................................................................................ 8, 15

*United States v. Rodriguez*,
    114 F.3d 46 (5th Cir. 1997) ................................................................................................ 15

*United States v. Rosen*,
    764 F.2d 763 (11th Cir. 1985) ................................................................................................ 16

*United States v. Salas*,
    889 F.3d 681 (10th Cir. 2018) ................................................................................ 11, 12

*United States v. Serafin*,
    562 F.3d 1105 (10th Cir. 2009) ................................................................................................ 12

*United States v. Smith*,
    756 F.3d 1179 (10th Cir. 2014) ................................................................................ 15-16

*Welch v. United States*,
    576 U.S. ___, 136 S. Ct. 1257 (2016) .........................................................................1, 5, 9, 14

**Federal Statutes**

18 U.S.C. § 16 (2018) ................................................................................................ 5, 6, 9, 10,13

18 U.S.C. § 924 (2018) ................................................................................................ *passim*

18 U.S.C. § 1111 (2018) ................................................................................................ 2, 17

21 U.S.C. § 848 (2018) ................................................................................................ *passim*

28 U.S.C. § 2255 ................................................................................................ *passim*

**28 U.S.C. § 2255 Motion to Vacate,**  iii  *Barrett v. United States,*
**Set Aside, & Correct Conviction &**  OK-ED No. 6:04-cr-00115-RAW
**Sentence Under *United States v. Davis***
**with Argument & Authorities**

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| KENNETH EUGENE BARRETT  )  | |
| ) Criminal Case No. 6:04-cr-00115-RAW | |
| Movant,  ) | |
| v.  ) | **CAPITAL CASE** |
| ) | |
| UNITED STATES OF AMERICA,  ) | |
| ) | |
| Respondent.  ) | |
| _____  ) | |

---

**28 U.S.C. § 2255 MOTION TO VACATE, SET ASIDE AND
CORRECT CONVICTION AND SENTENCE UNDER *UNITED STATES V. DAVIS*
WITH ARGUMENT AND AUTHORITIES.**

---

As required by 28 U.S.C. § 2255 para. 8 and the Rules Governing Section 2255

Proceedings for the United States District Courts, Rule 9, Movant has obtained an order from the

Tenth Circuit Court of Appeals. On November 29, 2019, the Tenth Circuit Court of Appeals

granted Mr. Barrett authorization to file a successive § 2255 Motion in district court challenging

his 924(c) conviction under *United States v. Davis*, 588 U.S, ___, 139 S. Ct 2319 (2019).  Doc.

452; *In re Kenneth Eugene Barrett*, No. 16-7039, DktEntry # 5 (Nov. 29, 2019) (Doc.

010110220324).[1]

---

[1] *See also*, Doc. 452 herein and Doc. 495 filed in the original § 2255 Motion challenging the
conviction/s and sentencings at issue here.  *See Barrett v. USA*, 6:09-cv-00105-RAW.  For
purposes of this Motion, unless indicated otherwise, all "Doc." references refer to the criminal
case, No. 6:04-cr-00115-RAW.

| | | |
|---|---|---|
| **28 U.S.C. § 2255 Motion to Vacate,** | **1** | ***Barrett v. United States,*** |
| **Set Aside, & Correct Conviction &** | | **OK-ED No. 6:04-cr-00115-RAW** |
| **Sentence Under *United States v. Davis*** | | |
| **with Argument & Authorities** | | |

On this date, counsel Joan M. Fisher, contacted counsel for the government for the government's position of the Motion that follows.  Government counsel, Jeffrey Kahan, advised that the government opposes the Motion.

## I.    MOTION

Movant, Kenneth Eugene Barrett, through his undersigned counsel, pursuant to 28 U.S.C. §§ 2255 (h), 2244(b)(3), respectfully moves this Court to set aside the Judgment and Sentence against him on Count 2 and dismiss Count 2 of the superseding indictment with prejudice and set aside the convictions, or at a minimum, grant Movant a new jury trial on the sentences, for Counts 1 and 3.

As explained below, Mr. Barrett's Count 2 conviction under 18 U.S.C. § 924(c) must be vacated and the charge dismissed with prejudice in light of the unconstitutional vagueness of the charge as determined in the Supreme Court's recent decisions in *United States v. Davis*, *supra*, and its predecessors, *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018),  *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551 (2015) and *Welch v. United States*, 136 S. Ct. 1257 (2016).

Given the likelihood that the invalid Count 2 § 924(c) conviction influenced the jury's sentencing verdict on the remaining counts under *Davis*, *supra* and the Supreme Court decisions in *Hurst v. Florida*, 136 S. Ct. 616 (2016) and *Johnson v. Mississippi*, 486 U.S. 576 (1988), this Court must order, at minimum, that Mr. Barrett be resentenced by a jury on Counts 1 and 3. Beyond that, given the erroneous instructions given to the jury in the guilt/innocence stage on unconstitutional Count 2 § 924(c), the convictions in Counts 1 and 3 were unconstitutionally tainted as well, and should also be vacated.

## II.    RELEVANT FACTS AND PROCEEDINGS

In support of the motion, Mr. Barrett shows the Court the following:

### 1.    Conviction and Sentencing.

Mr. Barrett was charged with one count of using and carrying a firearm during and in relation to drug trafficking crimes and possessing a firearm in furtherance of such drug trafficking offenses, resulting in death, in violation of 18 U.S.C. § 924(c)(1)(A) and (j) (Count 1), and one count of using or carrying a firearm during and in relation to a crime of violence, to wit: Title 21 U.S.C. § 848(e)(1)(B), killing of a state law enforcement officer engaged in or on account of the performance of such officer's official duties, such killing being murder as defined in Title 18 § 1111, in violation of 18 U.S.C. § 924(c)(1)(A)and (j) (Count 2); and one count of intentionally killing, during the commission of a drug trafficking crime, a state law enforcement officer, engaged in the performance of his official duties, in violation of 21 U.S.C. § 848(e)(1)(B) (count 3).  The government sought death on all counts.  Mr. Barrett was convicted of all three counts.  Doc. 241.  His jury returned sentences of life without possibility of release on the § 924(c) Counts 1 and 2 and death on the § 848 (e)(1)(B) count 3.  Doc. 258.

### 2.    Direct Appeal.

Mr. Barrett appealed to the Tenth Circuit Court of Appeals, raising various issues relating to denial of a motion to suppress the drug search warrant, insufficiency of the indictment and improper charging of multiple crimes and improperly joined offenses, victim impact evidence, a jury selection violation under *Batson*, juror misconduct, and improper weighing of aggravating and mitigating circumstances and the constitutionality of the Federal Death Penalty Act.  The Court of Appeals affirmed his convictions and sentences.  *United States v. Barrett*, 496 F.3d 1079 (10th Cir. 2007).  The United States Supreme Court denied certiorari.  *Barrett v. United States*, 552 U.S. 1260 (2008).

**28 U.S.C. § 2255 Motion to Vacate,**            **3**            *Barrett v. United States,*
**Set Aside, & Correct Conviction &**                        **OK-ED No. 6:04-cr-00115-RAW**
**Sentence Under** *United States v. Davis*
**with Argument & Authorities**

### 3.    The Initial § 2255 Motion.

Following the denial of certiorari, Mr. Barrett timely filed a motion for collateral relief under 28 U.S.C. § 2255.[2]  He asserted in the motion numerous claims including (1) the denial of a fair and impartial judge, (2) denial of due process by prosecutorial misconduct in violation of *Brady v. Maryland*, 373 U.S. 83 (1963) and *Napue v. Illinois*, 360 U.S. 264 (1959), and (3) that trial and appellate counsel were ineffective in numerous respects.  This Court denied relief. *Barrett v. United States*, 09-CV-00105, Doc. 478 (August 16, 2012) (hereinafter CV-105).  This Court also denied Mr. Barrett's subsequent motion to amend the judgment pursuant to Fed. R. Civ. P. 59(e). *Id.,* Doc. 488 (October 30, 2012).

On appeal, the Court of Appeals affirmed in part and reversed in part, and remanded the case for an evidentiary hearing on the claim that trial counsel rendered ineffective assistance in the penalty phase. *Barrett v. United States*, 797 F.3d 1207 (10th Cir. 2015).  Mr. Barrett filed a petition for writ of certiorari in the United States Supreme Court, which was denied. *Barrett v. United States*, 137 S. Ct. 36 (Oct. 3, 2016).

After the evidentiary hearing on remand, the government conceded trial counsel's penalty phase performance was constitutionality deficient.  The Magistrate found the deficient performance prejudiced Mr. Barrett and recommended that he receive a resentencing trial on count 3.  CV-105.  Doc. 467.  This court while agreeing trial counsel's second stage performance was deficient, rejected the Magistrate judge's finding of prejudice and denied sentencing relief.[3]

---

[2] Mr. Barrett's initial § 2255 motion was originally docketed in this case and later denominated as Case No. 09-cv-00105-RAW.

[3] In Mr. Barrett's objections to the Magistrate Report, Mr. Barrett requested clarification that the re-sentencing would encompass all three counts.  No. 09-cv-00105, Doc. 470 at 5.  In rejecting

*Id*., Doc. 478.  That denial is now pending appeal.  Doc. 489; *see Barrett v. USA*, Case No. 19-7049 (10th Cir 2019).

      **4.**      **28 U.S.C. § 2255 Motion to Vacate under *Johnson v. United States*.[4]**

      **a.**      ***Johnson v. United States.***

On June 26, 2015, the Supreme Court issued its decision in *Johnson*, 135 S. Ct. 2551

*Johnson* overruled *Sykes v. United States*, 564 U.S. 1 (2011), and *James v. United States*, 550

U.S. 192 (2007), finding the ACCA's residual clause too vague to provide adequate notice under

the Due Process Clause of the Fifth Amendment.  Specifically, *Johnson* held that "the

indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice

and invites arbitrary enforcement by judges," therefore "[i]ncreasing a defendant's sentence

under the clause denies due process of law".  *Johnson*, *supra*.

      **b.**      ***Welch v. United States*.**

After *Johnson* was decided, federal prisoners throughout the country sought to challenge

ACCA-enhanced sentences, as well as convictions and sentences imposed under materially

indistinguishable residual clauses, such as that in 18 U.S.C. § 924(c).  This led to conflict over

whether *Johnson* announced a new substantive rule that would apply retroactively to cases on

---

the recommendations, the District Court declared the issue moot and did not rule upon it.  No. 09-cv-00105, Doc. 478 at 22.

[4] Mr. Barrett has filed two other legally unrelated Applications for Authorization to file successive § 2255 Motions but was denied authorization to file either.  *In re Barrett*, 840 F.3d 1223 (10th Cir. 20116) (raising pervasively egregious prosecutorial and police misconduct under *Napue v. Illinois*, *Giglio v. United States* and *Mooney v. Holohan*); *In re Barrett*, 10th Cir. Case No. 19-7028, Dkt. Entry 1 (filed May 15, 2019) (Motion for Authority to File a Successive 28 U.S.C. § 2255 Motion to Vacate Conviction under *McCoy v. Louisiana*), Dkt.Entry#10 (June 11, 2019) (Order Denying Authorization).

**28 U.S.C. § 2255 Motion to Vacate,**      **5**      ***Barrett v. United States,***
**Set Aside, & Correct Conviction &**      **OK-ED No. 6:04-cr-00115-RAW**
**Sentence Under *United States v. Davis***
**with Argument & Authorities**

collateral review, or only announced a new procedural rule, which would not necessarily apply retroactively.

On April 18, 2016, the Supreme Court resolved the issue, finding *Johnson's* rule substantive and thus applicable retroactively to cases on collateral review. *Welch*, 136 S. Ct. at 1265.

### c.    Movant's Motion for Authorization under *United States v. Johnson.*

Under the rationale of *Johnson* and *Welch*, Mr. Barrett's Count 2 § 924(c) conviction could not be sustained. Mr. Barrett filed an application for authorization to file a successive § 2255 motion in the Tenth Circuit Court of Appeals. *In re Barrett*, Case No. 16-7039 (May 23, 2016). The Application attached the proposed § 2255 Motion, the original of which was contemporaneously filed in this Court. Doc. 439. This Court dismissed the Motion on the basis of no jurisdiction on May 23, 2016. Doc. 441 (Minute Order/No document attached).

On June 24, 2016 the Tenth Circuit issued an Order that the motion for authorization was "abated pending further order of this court." DktEntry #2 (Doc. 010196454050).

On April 17, 2018, the United Supreme Court issued its decision in *Sessions v. Dimaya*, *supra*, holding that 18 U.S.C. § 16(b)'s definition of "crime of violence" is unconstitutionally vague for the same reasons that phrase was found to be defective under *Johnson*, *supra*.

On August 7, 2018, Movant filed a Motion to Vacate the Order of Abatement with supplemental briefing on Mr. Barrett's claim. Mr. Barrett argued that "[a]fter *Sessions v. Dimaya*, *supra*, this Court has no choice but to find that 18 U.S.C. § 924(c)(3)(B) is as unconstitutionally vague as 18 U.S.C. § 16(b). Section 924(c)(3)(B) is identical to § 16(b) and operates the same way under the categorical approach." Case No. 16-7039, DktEntry #3 at 4.

Mr. Barrett emphasized the inevitable impact of the unconstitutional taint of Count 2 on the jury's deliberation and decision on Counts 1 and 3. *Id*. n.2. (Application Attachment, Proposed § 2255 Motion to Vacate, at 29-35).

On June 24, 2019, the United States Supreme Court issued its opinion in *United States v, v. Davis*, 139 S. Ct. 2319 (2019). *Davis* specifically held 18 U.S.C. § 924(c)(3)(B) to be unconstitutionally vague. In *Davis*, the Supreme Court vacated and remanded to the District Court to determine the impact of the holding on and need for resentencings on the non-924(c) "crime of violence" counts. *Id*. at 2323-2325.

On August 28, 2019, Mr. Barrett filed a second Motion and Supplemental Brief to Vacate the Order of Abatement of Movant's Application for Authorization to File a Successive Motion under 28 U.S.C. § 2255. DktEntry #4.

As grounds for the motion, Mr. Barrett argued:

1.  Under the most constricted reading of *Davis*, Mr. Barrett is entitled to have his Count Two § 924(c) (B) conviction vacated and a full resentencing on the two remaining counts. This compels the Court to grant his Amended Application to file in the district Court and to the relief requested in this motion.

2.  The specific instructions given to the jury relating to the unconstitutional 924(c) Count Two also entitle Mr. Barrett to an Order vacating the convictions on Counts One and Three, with orders for a new trial on these charges.

*Id*. at 5-6.

Mr. Barrett asked the Court to vacate the Order of Abatement; amend and supplement the *Johnson* Motion in accordance with *Davis*, *supra*, and the briefing and argument therein and grant the filing of the successor Motion as amended. *Id*. at 1.

On August 29, 2019, the Circuit Court entered an Order denying the motions to vacate the order of abatement. It did, however, grant Mr. Barrett's request to supplement the *Johnson* motion for authorization as argued in *Dimaya* and *Davis* motions. *Id*. DktEntry #5. On November 29, 2019 the Tenth Circuit lifted the abatement and granted the Mr. Barrett authorization to file a second or successive § 2255 under *Davis*. *Id*. DktEntry #6 (Doc. 0101110267830).

## III.    GROUNDS UPON WHICH THE MOTION RESTS.

In support of the Motion, Mr. Barrett shows the Court the following:

Mr. Barrett stands convicted of the three charged capital offenses, all arising from a single bullet that resulted in the death of Officer Eales. The victim was one of eight Oklahoma Highway Patrolman[5] who descended on Mr. Barrett's home to serve a no-knock, nighttime search warrant.[6] Doc. 043, Exh. 194 Case No. 09-cv-00105. The basis for arrest was a bench warrant issued on January 28, 1999 for failure to appear in court, related to a non-violent drug offense. *Id*. As noted above, Mr. Barrett was convicted of using a firearm during and in relation to a "crime of violence" in violation of 18 U.S.C. § 924(c)(1)(A) and (j) (Count 2). The alleged crime of violence was a violation of 21 U.S.C. § 848(e)(B)(1), which is a sentencing enhancement statute for a "Continuing Criminal Enterprise" (CCE) (the "kingpin" statute) and raises the minimum sentence to 20 years and provides for death eligibility where:

---

[5] A DEA Task Force officer also participated.

[6] The information upon which the supporting affidavit rested was allegedly provided by a confidential informant named Charles "Monk" Sanders, who has since recanted and whose reputation for truth and veracity was well known to be bad. *See Barrett v. United States*, Case No. 12-7086, DktEntry #71, (July 6, 2015) (Doc. 01019454880).

any person, during the commission of, in furtherance of, or while attempting to avoid apprehension, prosecution or service of a prison sentence for, a felony violation of this subchapter or subchapter II who intentionally kills or counsels, commands, induces, procures, or causes the intentional killing of any Federal, State, or local law enforcement officer engaged in, or on account of, the performance of such officer's official duties and such killing results…

21 U.S.C. § 848(e)(B)(1).

The relevant portion of § 924(c) defining a "crime of violence" has two clauses. § 924(c)(3)(A) is commonly referred to as the elements clause. The other, § 924(c)(3)(B) is the now-void residual clause. Because the Supreme Court in *Davis* held that the § 924(c) residual clause is unconstitutionally vague, Count 2 cannot stand as a matter of law. *United States v. Davis*, 139 S. Ct. at 2336; *see also*, *Johnson v. United States*, *supra*; *Sessions v. Dimaya, supra*.

Further, due to the nature of the trial court instructions to the jury, this unconstitutional conviction has infected Mr. Barrett's other counts of conviction.[7] As a result, Mr. Barrett's § 924(c) convictions (1) violate the Due Process Clause, as unequivocally stated in *Davis*; and (2) have resulted in a fundamental miscarriage of justice. Therefore, Mr. Barrett is entitled to a vacatur of both of his unlawful §924(c) convictions under 28 U.S.C. § 2255(a), with a new trial on Count 1. Due to omission of the essential elements necessary to qualify as an offense under the kingpin statute, this Court should further vacate Count 3, setting it for a new trial. The

---

[7] Significantly, the 10th Circuit Court of Appeals' en banc opinion in *United States v. Rentz*, 777 F.3d 1105, 1115 (10th Cir. 2015) seemed to overrule part of Mr. Barrett's case. Mr. Barrett's panel affirmed the charging with and convicting and sentencing on two § 924(c) offenses resting on a single "use" of the firearm resulting in a death caused by a single bullet, *United States v. Barrett*, 496 F. 3d 1079 (10th Cir. 2007). *See Rentz, supra*, (applying the rule of lenity to multiple § 924(c) charging possibilities and holding that the "government may seek and obtain no more than one § 924(c)(1)(A) conviction."); *see also Rentz, supra* at 1127-1130 (Matheson, J., with Briscoe, J, Hartz, J and Phillips, J., concurring) ("This court's en banc decision holds that multiple § 924(c) charges based on a single firearm use are not permissible. *The result in Barrett as to the § 924(c) charges in that case is not consistent with that holding*." citing *Barrett, supra*). (Emphasis added).

**28 U.S.C. § 2255 Motion to Vacate,**          **9**          *Barrett v. United States,*
**Set Aside, & Correct Conviction &**                    OK-ED No. 6:04-cr-00115-RAW
**Sentence Under** *United States v. Davis*
**with Argument & Authorities**

sentences for the remaining two counts are impacted and at a minimum, should be set aside with an order for resentencing on Counts 1 and 3. *See United States v. Ledbetter*, 929 F.3d 338, 344 (6th Cir. 2019).

### IV.    ARGUMENT AND AUTHORITIES

#### 1.    Mr. Barrett's § 924(c) Conviction is Unconstitutional under *Davis*.

##### a.    *United States v. Davis* holds that the residual clause in 18 U.S.C. § 924(c)(3)(B) is void as unconstitutionally vague.

In *Johnson v. United States*, *supra*, the Supreme Court held that the language in the residual clause of the Armed Career Criminal Act of 1984 ("ACCA"), 18 U.S.C. § 924(c), was facially void for vagueness. *Johnson*, 135 S. Ct. at 2557. *Johnson's* holding constituted a new rule of substantive criminal law that applies retroactively on collateral review. *Welch v. United States*, *supra*, 136 S. Ct. at 1257, 1265 (2016). The Court then invalidated the Immigration and Nationality Act's definition of "aggravated felony" which borrows the residual clause definition of "crime of violence" from 18 U.S.C. § 16(b). *Sessions v. Dimaya*, *supra* at 1204, 1211, 1223 (2017) (it is impermissibly vague to define "crime of violence" requiring deportation as any offense "that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."). The language of § 924(c)(3)(B) is substantially identical to that found unconstitutional in *Johnson* and *Dimaya*.

Finally, on June 24, 2019, in *United States v. Davis*, *supra*, the United States Supreme Court, held that, like the definitions of a "crime of violence" in the ACCA 's residual clause struck down in *Johnson* and § 16 struck down in *Dimaya*, the residual clause of § 924(c)(3)(B) is unconstitutionally vague and thus void. Mr. Barrett is convicted and sentenced under § 924(c)(3)(B). *Davis* leaves no doubt that the conviction is subject to challenge. As the 10th Circuit said in its grant of authority to file,

Movant was convicted of using or carrying a firearm during and in relation to a crime of violence or possessing a firearm in furtherance of a crime of violence under 18 U.S.C. § 924(c). He alleges that the underlying offense qualified as a "crime of violence" only as that term is defined in § 924(c)(3)'s residual clause. The Supreme Court invalidated this clause as unconstitutionally vague in *United States v. Davis,* 139 S. Ct. 2319, 2336 (2019).

*In re Barrett*, Dkt.Entry #6 (Order, Nov.29, 2019).

### b. Count 2 rests on an unconstitutionally vague statute and must be vacated.

The predicate offense alleged in Count 2, 21 U.S.C. § 848(e)(1)(B), is a sentencing enhancement provision within the "Continuing Criminal Enterprise" (CEE) statute.  This statute, which criminalizes the killing of a law enforcement officer in the discharge of his duties, and provides, under certain circumstances for "death eligibility," does not qualify as a "crime of violence" as a matter of law.

Under § 924(c)(3), "crime of violence" is defined as a felony and:

(A) has an element of the use, attempted use, or threatened use of physical force against the person or property of another, ("Elements clause") or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.  ("Residual clause").

*Id.*

In Mr. Barrett's case, the trial court determined that the predicate offense was a crime of violence under the residual clause, as a matter of law.  Doc 240 at 17-18 Inst. 7.[8]   The jury was instructed under the residual clause.  *Id.*  The trial court did not instruct, direct, indicate or find, either as a matter of fact or law that the "elements" clause was applicable in Mr. Barrett's case.  *Id.*  Because it was instructed under the residual clause, the jury was not required to reach a determination as to a "force" element.  Doc. 240 at 18.  There is no question that this Court should find Count 2 unconstitutional.  *See generally*, *Davis*, *supra*, 139 S. Ct., at 2331.

However, assuming arguendo the Court assesses the predicate offense under the elements clause, it still does not survive scrutiny under the categorical approach.  The definition of an offense under the CCE must satisfy the essential elements of 21 U.S.C. § 848, and allows for an enhanced sentence even for non-violent participation in an act, *i.e.*, "intentionally counsels, commands, induces, procures or causes" the death.  *Id*. at § 848(3)(1)(B).

> **i.**   ***The categorical approach applies to the § 924(c) elements clause.***

As the 10th Circuit found in *United States v. Salas*, 889 F. 3d 681, 686 (10th Cir. 2015) to determine whether an offense qualifies as a "crime of violence" under the § 924(c) elements clause, the Court must "employ the categorical approach."  *Id*.  "[W]hether a crime fits the § 924(c) definition of a 'crime of violence' is a question of law," *United States v. Morgan*, 748

---

[8] The Instruction reads in part, "The term "crime of violence" means an offense that is a felony and-(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense. *You are instructed that the killing of a state law enforcement officer engaged in or on account of the performance of such officer's official duties is a crime of violence*."  Doc. 240 at 17-18 (emphasis added).

F.3d 1024, 1034 (10th Cir. 2014),[9] and "we employ the categorical approach to § 924(c)(3)(B), meaning we determine whether an offense is a crime of violence without inquiring into the specific conduct of this particular offender," *id.*, relying on *United States v. Serafin*, 562 F.3d 1105, 1107–08 (10th Cir. 2009) (internal quotes omitted). *See Salas,* 889 F.3d at 686.

   *Davis* notes that a § 924(c) conviction would focus on "conduct …. currently charged" and finding that, while a conduct-specific statute would be less vague, it does not change the plain language of the current statute. *Davis*, 139 S.Ct. at 2327. Therefore, much like in *Salas*, wherein the Tenth Circuit found that arson does not always require a force element, neither does the CCE, which can be alleged for non-violent participation in an act, *i.e.*, "intentionally counsels, commands, induces, procures or causes" the death. *Id*. at § 848(3)(1)(B). *See United States v. Salas*, *supra*. Therefore, "the first definition, known as the "elements clause," does not apply here. *Id*.

### ii.   *21 U.S.C § 848(e)(1)(B) Continuing Criminal Enterprise is not a crime of violence.*

   The Superseding Indictment was given to the jury prior to deliberations. Vol 20 RT p. 4251. As explained above, Count 2 does not constitute a "crime of violence" under the elements clause. It does not categorically require the use of force against the person or property of another. The death can be the result of "counseling, commanding inducing, procuring or causing the intentional killing of a law enforcement officer in or on account of the performance of such officer's official duties." 21 U.S.C. § 848(e)(1)(B); *See also* Doc. 240 at 27, Case No. 04-cr-

---

[9] *Morgan's* presumption that what constitutes a "crime of violence" is a legal question is arguably no longer good law. Due Process requires that the Court treat this as a question of fact to be determined by the jury, when addressing currently charged conduct. *See Davis, supra*, at 2327 ("The government already has to prove to a jury that the defendant committed all the acts necessary to punish him for the underlying crime of violence..."). *See also*, n. 6, *infra*.

00115.  When this Court made its finding, as a matter of law, that this provision was a crime of violence, it packaged Count 3 as the predicate offense and simultaneously eliminated key elements from the jury's instructions.

"[A] jury in a federal criminal case brought under § 848 must unanimously agree not only that the defendant committed some 'continuing series of violations' but also that the defendant committed each of the individual 'violations' necessary to make up that 'continuing series.'" *Richardson v. United States*, 526 U.S. 813, 815 (1999)(cited in the comments to the Pattern Instructions, pp. 3 - 11).[10]  The conduct does not necessarily require the use of force and a death can be caused by means other than the deliberate use of physical force.  As Justice Gorsuch pointed out in *Davis*, addressing the ambiguity caused even by the categorical approach,

> Of particular significance, the Second Circuit, along with a number of district courts, had relied on the categorical approach to hold that selling drugs could *never* qualify as a crime of violence because "[w]hile the traffic in drugs is often accompanied by violence," it can also be carried out through consensual sales and thus "does not by its nature involve substantial risk that physical violence will be used."  *United States v. Diaz*, 778 F.2d 86, 88 (1985).

139 S. Ct. at 2331.  The Court explains that in abrogating the effects of those decisions, "Congress accepted the categorical approach as given and simply declared that certain drug trafficking crimes automatically trigger § 924 penalties, regardless of the risk of violence that attends them."  *Id*.  (Internal citations omitted).  21 U.S.C. § 848 crimes are directly related to a CCE.  *See generally, Richardson v. United States*.  526 U.S. 813, 815 (1999).

---

[10] Count 3 should be subsumed in the Court's analysis for a loss of  jurisdiction, as it is also a conviction that failed to assess the essential elements necessary to satisfy an alleged crime under § 848.  *Richardson v. United States*, 526 U.S. 813 (1999).

**28 U.S.C. § 2255 Motion to Vacate,**          **14**          *Barrett v. United States,*
**Set Aside, & Correct Conviction &**                    OK-ED No. 6:04-cr-00115-RAW
**Sentence Under** *United States v. Davis*
**with Argument & Authorities**

In Mr. Barrett's case, Count 1 contains the long list of possible drug trafficking crimes. However, the trial court instructed the jury that, "…in order to prove the defendant committed a drug trafficking crime… you need only find he committed at least one drug trafficking crime." Doc. 240 at 20.[11]

### 2.    This Court Should Grant Mr. Barrett's § 2255 Motion under the Retroactive and Controlling Precedent of *Davis*.

#### a.    Mr. Barrett's claim is cognizable under § 2255(a).

The conviction "was imposed in violation of the Constitution or laws of the United States."  28 U.S.C. § 2255(a).  Mr. Barrett is entitled to relief on both grounds.  The unconstitutional vagueness violates due process, as discussed above.

Mr. Barrett stands convicted of an offense that is no longer criminal under 18 U.S.C. § 924(c).  The Supreme Court has held that this is exactly the type of error that is cognizable under 28 U.S.C. § 2255(a).  *Davis v. United States*, 417 U.S. 333, 346-47 (1974) (holding that when an intervening decision establishes that a prisoner was convicted of "an act that the law [no longer] make[s] criminal," "such a circumstance 'inherently results in a complete miscarriage of justice and presents exceptional circumstances' that justify relief under § 2255).

#### b.    *Davis* is retroactive on collateral review.

The question of whether *Davis* is retroactive has been answered in the affirmative by the 10th Circuit Court of Appeals.  *In re Mullins*, 942 F. 3d 975 (10th Cir. 2019).  In granting Mr. Barrett the authority to file this § 2255 Motion said, "Davis announced a new rule of constitutional law that the Court made retroactive to cases on collateral review through the

---

[11] This contributes to the invalidation of Count 3 since the trial court instructed that the offense was a crime of violence, as listed on the provided indictment, rather than submitting essential elements to the jury.  Doc. 240 at 5.

**28 U.S.C. § 2255 Motion to Vacate,**        **15**        *Barrett v. United States,*
**Set Aside, & Correct Conviction &**                OK-ED No. **6:04-cr-00115-RAW**
**Sentence Under** *United States v. Davis*
**with Argument & Authorities**

combination of its holdings in *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016), and *Davis*."

Case No. 16-7039, DktEntry #6 (Order filed Nov. 29, 2019), citing *In re Mullins, supra*.

Davis is retroactive.  Mr. Barrett is entitled to relief from his unconstitutional conviction on Count 2.  Because this unconstitutional conviction infected the convictions and sentences on counts 1 and 3, Mr. Barrett is entitled to a new trial on these counts, or, at a minimum, a resentencing trial, as discussed immediately below.

### 3.    At a Minimum, Mr. Barrett is Entitled to a Full Jury Resentencing on Counts 1 and 3.

Undoubtedly, based in part on its erroneous understanding that Mr. Barrett was guilty of Count 2, the jury imposed aggregate sentences of two life terms without possibility of release and one death sentence.  This Court ordered that "the sentence[s] imposed in each of these counts shall run consecutive to each other."  Doc 285, Case No. 04-cr-00115.  (Judgment). While the multiple convictions are plainly the result of charging Mr. Barrett three times for the same conduct, the same fatal bullet, and essentially the same crime, the impact on the sentencing is clear.  *In United States v. Rentz, supra*, holding "that each [§ 924(c) use of firearms] charge requires an independent use, carry, or possession," 777 F. 3d at 1115, (*see* n.5 *supra*), the Tenth Circuit observed the decision to charge more than one offense "matters greatly" in the sentence a defendant faces.  *Id*. at 1108.

Davis specifically states that sentences on § 924(c) offenses and "predicate" offenses are calculated as a package.  The jury's penalty verdicts on the other counts may well have been influenced by Count 2.  *Davis*, *supra* at 2336, citing *Dean v. United States*, 137 S. Ct. 1170, 1176 (2017) (Where a § 924(c) count is vacated, but the predicate conviction remains in place, "the government routinely argues" "[a]nd appellate courts routinely agree" that the courts should

vacate "the entire sentence").  The Tenth Circuit agrees.  *United States v. Smith*, 756 F. 3d 1179, 1189 (10th Cir. 2014) ("Clearly, the § 924(c) offense and the underlying offense are interdependent and result in an aggregate sentence, not sentences which may be treated discretely.").  Vacating a single § 924(c) count warrants a complete resentencing.  *See United States v. Rodriguez*, 114 F. 3d 46 (5th Cir. 1997).

In *Davis*, the Supreme Court "agree[d] with the court of appeals' conclusion that § 924(c)(3)(B) is unconstitutionally vague."  Relying on *Dean, supra,* the matter was remanded to the District Court to resolve the question of whether the sentences on *all counts* should be vacated, a question answered affirmatively by the government.  *Davis*, 139 S. Ct., at 2336.  "Multiple count convictions present the trial judge with the need for a sentencing scheme which takes into consideration the total offense characteristics of a defendant's behavior.  When that scheme is disrupted because it has incorporated an illegal sentence, it is appropriate that the entire case be remanded for sentencing."  *United States v. Rosen*, 764 F. 2d 763, 767 (11th Cir. 1985).  A capital case can require no less.  A full jury re-sentencing is in order.

### 4.    Counts 1 and 3 are Irreparably Infected with the Unconstitutionally Vague Instructions regarding the Predicate Offense.

Mr. Barrett's three charges allege one criminal act, resulting in one death, caused by a single bullet.  His crimes are indivisible.  While the government lawfully charged Mr. Barrett in the alternative, that strategy of one argument, one theory, and one bad act to justify three convictions comes with risk.  These errors infected the trial as a whole, particularly when the government affirmatively sought three separate convictions and three separate sentences, to be served consecutively.  It is now obvious none of the convictions or sentences were reliably and constitutionally obtained.

**28 U.S.C. § 2255 Motion to Vacate,**                    **17**                    *Barrett v. United States,*
**Set Aside, & Correct Conviction &**                                              OK-ED No. 6:04-cr-00115-RAW
**Sentence Under *United States v. Davis***
**with Argument & Authorities**

The trial court's erroneous instructions conflated the three counts to a point of indistinguishable ambiguity on key elements. *See generally*, Doc. 240. *Davis* renders them unconstitutionally vague.

In crafting instructions as to Count Two's special interrogatories, this Court pulled the definition of murder from 18 U.S.C. § 1111.[12] The jury instructions do not list an intent element in the essential elements of Count Two. (Doc 240, p. 16). The jury was not required to find a homicide occurred to convict Mr. Barrett on Count 2. The jury was instructed to address whether Trooper Eales' death was an intentional killing *only* if they reached a finding of guilt on Count 2. (Doc. 240, p. 57).

Count 3 is alleged under the kingpin statute, and the jury was instructed in manner akin to a separate felony-murder statute, 21 U.S.C. § 848(e)(1)(B). *See United States v. Ledbetter*, *supra*.[13] The instructions bounce from essential elements of Counts 1 and 2, (Instruction No. 7, Doc 240 at 15-16), to defining "crime of violence" (Doc 240 at 17). On the record, the Court, after reading the residual clause to the jury to define "crime of violence" stated "[y]ou are instructed that the killing of a state law enforcement officer engaged in or on account of the performance of such officer's official duties *is a crime of violence*." (Vol. 20 RT 4256-57; Doc 240 at 18) (Emphasis added).[14]

---

[12] At least one Circuit has found that murder as defined by § 1111 is not a crime of violence, since it can be committed recklessly. *United States v. Begay*, 934 F.3d. 1033 (9th Cir. 2019).

[13] "Ussury's conviction for the murder of Dante Hill in aid of racketeering must be vacated because there is insufficient evidence that Ussury acted with the necessary statutory purpose, and Harris's and Robinson's convictions for murder by firearm during a crime of violence must be vacated in light of *United States v. Davis*". *United States v. Ledbetter*, 929 F. 3d at 344.

[14] While, as noted in n. 3 *supra*, the Tenth Circuit has held that whether an offense is a "crime of violence" is a question of law, *United States v. Morgan, supra*, the instruction is clearly at odds

**28 U.S.C. § 2255 Motion to Vacate,**          **18**          ***Barrett v. United States,***
**Set Aside, & Correct Conviction &**                    **OK-ED No. 6:04-cr-00115-RAW**
**Sentence Under** ***United States v. Davis***
**with Argument & Authorities**

The jury is next instructed as to the essential elements of Count 3, and its intent requirement. Doc 240, p. 27-30 (Inst. 14, 15). Although Instruction No. 17 states that each offense is a separate crime and should be considered separately (Doc 240 p. 33), the jury is left with Instruction No. 33, special interrogatories, that "if you find Defendant, Kenneth Eugene Barrett, guilty of Count 1 or Count 2, you must then also answer the questions posed in the special interrogatories which relate to those specific counts for which you found Defendant Barrett guilty." Doc 240 at 50. This immediately follows the definitions of intent as it applies to Count 3.

The papers provided the jury to "aid" in their deliberations show the superseding indictment, which refers to the "mental culpability" charged in Counts 2 and 3. Doc. 240 at 4. This language expressly affirms that the grand jury found true that an intentional murder had been committed. *Id.* at 4-10. The jury was instructed that the killing was a crime of violence as a matter of law. The jury was then asked to answer the special interrogatory, *i.e.,* whether the killing was intentional, but *only* after finding Mr. Barrett guilty of the crime of violence as a matter of law. *Id.* at 33. The hashed together definitions instructed Mr. Barrett's jury that this killing was unlawful and it was intentional as drafted in the indictment. These instructions patently violate due process.

*Davis* addresses the issue of charging the predicate offense and a § 924(c) allegation as a crime of violence. "[H]aving a judge, not a jury, make findings about that underlying conduct would have 'raise[d] serious Sixth Amendment concerns.'" *Davis*, 139 S.Ct. at 2327 (citing

---

with the United States Constitution. *See Apprendi v. New Jersey*, 530 U.S. 466, 492 (2000); *Ring v. Arizona,* 536 U.S. 584, 609 (2002). The impact of that unconstitutional instruction shakes the very foundation of the convictions on Counts One and Three in Mr. Barrett's case.

*Descamps v. United States*, 570 U.S. 254, 269-270 (2013). *See also, Sandstrom v. Montana*, 442 U.S. 510, 522 (1979) ("the trial court may not withdraw or prejudge the issue by instruction that the law raises a presumption of intent from an act.")  "[T]his presumption would conflict with the overriding presumption of innocence…"). *Id*.

Mr. Barrett's trial counsel raised this issue in a pretrial session, objecting to the Court's removal of the "intentional" killing.  RT Vol. 19 at 4205-09.  The government echoed defense counsels' concerns on the issue.  *Id*., at 4214, 4219.  Ultimately, the trial judge brushed it all aside and opted to instruct the jury that the killing was a crime of violence as a matter of law.  *Id*. The trial judge found that the essential elements as to both Counts 1 and 2 centered solely on the use of the firearm and its role in furtherance of the crimes and instructed the jury that they were only to decide the question of intent after a guilty verdict was reached.  *See*, Vol. 19, RT 4205-4214, 4231-4234.

This Motion for collateral relief should be granted.

## V.    CONCLUSION AND PRAYER FOR RELIEF

For all the reasons set forth above, Mr. Barrett respectfully asks this Court to vacate his conviction and sentence on Count 2, the invalid charge under 18 U.S.C. § 924(c), and dismiss the same with prejudice.

Mr. Barrett further requests the following relief:

a)  That this Court vacate the convictions and sentences on Counts 1 and 3 and set the same for a new trial on those counts, or at a minimum, set the same for a new penalty phase trial before a properly instructed jury.

b)  That this Court grant him leave to amend this Motion, including by submitting a supplemental memorandum of law to support it.

c)  That this Court schedule a status conference on this Motion at the Court's earliest

convenience.

d)  Any other relief that may be necessary to correct Mr. Barrett's invalid Judgment of

Convictions and Sentences.

DATED this 13th day of December, 2019

Respectfully submitted,

HEATHER E. WILLIAMS
Federal Defender

*/s/ Joan M. Fisher*_____
JOAN M. FISHER, ID Bar #2058
Assistant Federal Defender

*/s/ Carrie L. Ward*_____
CARRIE L. WARD, MO Bar #57581
Assistant Federal Defender
801 I Street, Third Floor
Sacramento, California 95814
Telephone:    (916) 498-6666
Facsimile:    (916) 498-6656
Email:        Joan_Fisher@fd.org
              Carrie_Ward@fd.org

*/s/ David B. Autry*_____
DAVID B. AUTRY, OBA #11600
Attorney at Law
1021 N.W. 16th Street
Oklahoma City, Oklahoma 73106-6405
Telephone:    (405) 521-9600
Facsimile:    (405) 521-9669
Email:        dbautry77@gmail.com

Counsel for Kenneth Eugene Barrett, Movant

## VI.   VERIFICATION BY COUNSEL

JOAN M. FISHER, a person over the age of eighteen (18) and competent to testify, mindful of the penalties of perjury, says as follows:

I am an attorney licensed to practice law by the State of Idaho, and I am a member in good standing of the bar of the United States District Court for the Eastern District of Oklahoma. I am an Assistant Federal Defender in the Office of the Federal Defender for the Eastern District of California. In 2008, the Federal Defender's Office was appointed post-conviction counsel for Kenneth Eugene Barrett with David B. Autry as lead counsel. I was assigned to represent Mr. Barrett in May, 2009.

Mr. Barrett is confined and restrained of his liberty at the United States Penitentiary at Terre Haute, Indiana. I am filing this Authorized Successive § 2255 Motion on Mr. Barrett's behalf.

I declare that the contents of the foregoing successive § 2255 Motion to Vacate, Set Aside or Correct Convictions and Sentences is made pursuant to 28 U.S.C. § 2255 (h)(2) and is filed in accordance with the recent Order of the Tenth Circuit Court of Appeals authorizing the filing herein. Doc. 452.

I declare that the contents of the foregoing motion are true except for those matters based upon information and belief, or a matter of legal argument premised in law and fact. Argument is made in good faith reliance on the law. I believe the any factual matters asserted to be based on the record and files herein and true to the best of my knowledge. The sources of my information include, but are not limited to, official court records, various documents obtained or prepared during investigation of this motion, and items in the possession of other lawyers, investigators and/or experts connected with the preparation of this Motion and research of the

**28 U.S.C. § 2255 Motion to Vacate,**          **22**          *Barrett v. United States,*
**Set Aside, & Correct Conviction &**                    OK-ED No. 6:04-cr-00115-RAW
**Sentence Under** *United States v. Davis*
**with Argument & Authorities**

legal bases.  I make this verification pursuant to Rule 2(b)(5) of the Rules Governing § 2255 Proceedings because these matters are more within my knowledge than Mr. Barrett's knowledge.

I have discussed the contents herein with Mr. Barrett and discussed with him the developments in law throughout the pendency of the proceedings initiated under *Johnson v. United States, supra.*  On Monday, December 2, 2019, I spoke with Mr. Barrett by telephone and discussed with him the Order of the Tenth Circuit Court of Appeals, authorizing the filing of a successive § 2255 Motion to Vacate under *Davis v. United States.*  Mr. Barrett is familiar with the *Johnson* Motion and the pleadings filed in the Tenth Circuit Court of Appeals in relation to it. Mr. Barrett has approved the filing of the *Davis* Motion.  He has authorized me to file the same on his behalf.

Executed in Sacramento, California under penalties of perjury.

DATED this 13th day of December

*/s/ Joan M. Fisher*
JOAN M. FISHER, ISB No. 2854
Assistant Federal Defender

**28 U.S.C. § 2255 Motion to Vacate,**           **23**                    *Barrett v. United States,*
**Set Aside, & Correct Conviction &**                            **OK-ED No. 6:04-cr-00115-RAW**
**Sentence Under** *United States v. Davis*
**with Argument & Authorities**

## VII.   CERTIFICATE OF SERVICE

The undersigned certifies that on this 13th day of December, 2019, a copy of the

foregoing 28 U.S.C. § 2255 Motion to Vacate Conviction Under *United States v. Davis* was

served via the CM/ECF electronic filing system upon:

Jeffrey B. Kahan
United States Department of Justice
jeffrey.kahan@usdoj.gov

Christopher J. Wilson
Assistant United States Attorney
chris.wilson@usdoj.gov

Linda Epperley
Assistant United States Attorney
linda.epperley@usdoj.gov
United States Department of Justice
Eastern District of Oklahoma

To the undersigned's knowledge, there are no non-ECF registrants who are

counsel in this case.

DATED this 13th day of December

*/s/ Joan M. Fisher*
JOAN M. FISHER, ISB No. 2854
Assistant Federal Defender

**28 U.S.C. § 2255 Motion to Vacate,**                    **24**                    *Barrett v. United States,*
**Set Aside, & Correct Conviction &**                                      OK-ED No. 6:04-cr-00115-RAW
**Sentence Under *United States v. Davis***
**with Argument & Authorities**