**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **KENNETH EUGENE BARRETT** | ) | |
| | ) | **Criminal Case No. 6:04-cr-00115-RAW** |
| **Movant,** | ) | |
| **v.** | ) | **CAPITAL CASE** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |
| | ) | |

**REPLY TO RESPONDENT'S ANSWER TO PETITIONER'S AUTHORIZED
SUCCESSIVE 28 U.S.C. § 2255 MOTION TO VACATE CONVICTION
UNDER *UNITED STATES V. DAVIS***

KENNETH E. BARRETT by and through his counsel file this Reply to the government's

Answer in Opposition (Doc. 455) to Mr. Barrett's 28 U.S.C. Motion to Vacate, Set Aside and

Correct Conviction and Sentence under *United States v. Davis*, 139 S. Ct. 2319 (2019) (Doc.

453).

Mr. Barrett replies only to those arguments proffered by the government in opposition to

Mr. Barrett's § 2255 Motion.  Otherwise, he relies on the Motion and Briefing filed previously.

(Doc. 453).

**1.      The Credible Underlying Facts Support Petitioner's Version of Events.**

There are many discrepancies in the government's version of events.  Its narrative

depends on a record which rests on mistaken, misleading, false and sometimes perjurious

testimony, as well as the witting or unwitting alteration or destruction of physical evidence.  *See*

*generally, Barrett v. United States*, Case No. 09-cv-00105, Doc 2, Corrected Motion to Vacate,

Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255; *In re Barrett*, Tenth Cir. No. 12-

7086.  Put simply, Mr. Barrett and his son came under attack in a military style raid spawned by

**Petr's Reply to Resp's Answer                    1                    *Barrett v. United States,***
**to Petr's Successive 28 U.S.C.                                        OK-ED No. 6:04-cr-00115-RAW**
**§ 2255 Motion Under *United States v. Davis***

an ill-gotten,[1] no-knock nighttime warrant executed without warning.[2]  Mr. Barrett's actions

were in self-defense[3] and did not amount to murder.  Mr. Barrett was shot four times by OHP

Trooper Manion, whose statements taken in the immediate aftermath were withheld and

destroyed.[4]  Due to the aggressive and unreasonable actions of the Oklahoma Highway Patrol,

one of their own was shot, quite possibly by friendly fire, and died.

Beyond the relevant charging documents and jury instructions discussed herein, however,

the holding in *United States v. Davis* makes the underlying facts irrelevant to the claim presented

here.  Thus, a detailed recitation or discussion of them is unnecessary.

> **2.      The Government's Conflation of the Nature of the "Crime of Violence" with the Required "Elements" Test Defies *Davis*.**

The overriding problem with the government's Answer is that it ignores the Supreme

Court's holding in *Davis*.

---

[1] The warrant rested on the unreliable word of a multi-convicted felon who has now recanted his testimony from the federal trial.  *See* Doc. 432, Exhibit 23, Declaration of Judge Dennis Sprouse and in 10th Cir. No. 12-7086, Doc. 10284187, Exhibit A, Declaration of Charles "Monk" Sanders and Exhibit B, Declaration of Judge John Garrett.

[2] Surprise is the purpose of a no-knock, nighttime warrant.  See DOJ Memorandum Opinion for the Chief Counsel, DEA, June 12, 2002, "We conclude that federal district court judges and magistrates may lawfully and constitutionally issue no-knock warrants—i.e., warrants authorizing officers to enter certain premises to execute a warrant without first knocking *or otherwise announcing their presence* where circumstances (such as a known risk of serious harm to the officers or the likelihood that evidence of crime will be destroyed) justify such an entry. (Emphasis added); *See also* Doc. 432, Exhibit 18, Declaration of Paul Gordon, Doc. 432, Exhibit 18 at 11, ¶ 25.

[3] An issue that was not submitted to the jury by virtue of defense counsel's failure to propose a self-defense instruction.  *Barrett v. United States,* 797 F.3d. 1207, 1218 (10th Cir. 2015).

[4] *Oklahoma v. Kenneth Barrett*, Sequoyah County Case No. 99-0493, TR  TR Vol. 16, pp. 2775 – 2777 (October 9, 2002) (First state trial); TR Vol. 7, pp. 1164, 1172 – 1175 (February 3rd, 2004) (Second State Trial).

**Petr's Reply to Resp's Answer**                    **2**                    *Barrett v. United States,*
**to Petr's Successive 28 U.S.C.**                                    **OK-ED No. 6:04-cr-00115-RAW**
**§ 2255 Motion Under *United States v. Davis***

        **a.**        **An intentional killing does not necessarily satisfy the definition of "physical force."**

Ignoring *Davis*, and without citation to legal authority the government argues that "[u]nsurprisingly, intentional killings satisfy the definition of physical force." Answer, Doc. 455 at 5. To the contrary, such an unconditional principle *would* be a surprise to a majority of the United States Supreme Court. *Davis* demands only that the underlying "crime of violence" have "as an element the use, attempted or threatened use of physical force." *Davis,* 139 S.Ct. at 2324 § 924 (c)(3)(A).

The government's broad assertion that Mr. Barrett "appears to concede that intentionally killing a police officer under § 848 constitutes a violent crime" (Answer, Doc. 455 at 4 n.1) misconstrues Mr. Barrett's position. The conclusion drawn by the government to Mr. Barrett's footnote reference to *United States v. Begay*, 934 F. 3d 1033 (9th Cir. 2019) (*Davis* § 2255 Motion at 18 n.12) assumes far too much. While it may be that a "crime of violence requires intentional conduct", *Begay*, 934 F. 3d at 1039, it does not follow that every intentional offense is a "crime of violence." The elements of the statute at issue must be considered standing alone. *Begay* simply applies the statutory review required under *Davis* and concludes the elements of the particular Second Degree Murder at issue did not satisfy the § 924(c)(3) requirement of "malice aforethought," since it could be committed *recklessly*. *Id*.

Assuming, without admitting, that the physical force required under the statute defining the offense of killing a law enforcement officer during a continuing criminal enterprise can be predicated not on the elements of a CCE offense (a series of non-violent drug violations), but determined by the elements of the 18 U.S.C. § 1111 definition of murder underlying the CCE charge in Count Two, the result is the same. Title 18 U.S.C. § 1111 does not require the use, attempted use or threatened use of physical force. Under 18 U.S.C. § 1111(a),

**Petr's Reply to Resp's Answer**       **3**       *Barrett v. United States,*
**to Petr's Successive 28 U.S.C.**       **OK-ED No. 6:04-cr-00115-RAW**
**§ 2255 Motion Under** *United States v. Davis*

**(a)** Murder is the unlawful killing of a human being with malice aforethought. Every murder perpetrated by poison, lying in wait, or any other kind of willful, deliberate, malicious, and premeditated killing; or committed in the perpetration of, or attempt to perpetrate, any arson, escape, murder, kidnapping, treason, espionage, sabotage, aggravated sexual abuse or sexual abuse, child abuse, burglary, or robbery; or perpetrated as part of a pattern or practice of assault or torture against a child or children; or perpetrated from a premeditated design unlawfully and maliciously to effect the death of any human being other than him who is killed, is murder in the first degree.

18 U.S.C.A. § 1111 (West).

Nor is it, by statutory definition, an intentional act of killing. The elements do not include, as required under *Davis*, "the use, attempted use, or threatened use of *physical force* against the person or property of another[.]" 139 S. Ct. at 2324. This is more apparent when considering the § 1111 encompassing a wide variety of murders that includes a killing resulting from conduct (including felony murder). Many of the listed felonies do not by any definition require the use of physical force.[5] The only required mental state for a § 1111 murder is "malice aforethought," an element satisfied by the intent to commit a felony, and not specifically an intent to kill.

> As to first degree felony murder, "to prove the 'malice aforethought' element ..., the prosecution only need show commission of the specified felony." United States v. Pearson, 159 F.3d 480, 485 (10th Cir.1998); see also Pearson, 203 F.3d 1243, 1271 (10th Cir.2000); Nguyen, 155 F.3d at 1225–26. Because malice aforethought is proved by commission of the felony, there is no actual intent requirement with respect to the homicide.

*United States v. Chanthadara*, 230 F.3d 1237, 1258 (10th Cir. 2000); *see also, United States v. Begay, supra* at 1040, quoting, *United States v. Pineda-Doval*, 614 F.3d 1019, 1038 (9th Cir. 2010) ("[M]alice aforethought covers four different kinds of mental states: (1) intent to kill; (2) intent to do serious bodily injury; (3) depraved heart (i.e., reckless indifference); and (4) intent to

---

[5] For example "escape, treason, espionage, sabotage." 18 U.S.C. § 1111(a).

**Petr's Reply to Resp's Answer**    **4**    *Barrett v. United States,*
**to Petr's Successive 28 U.S.C.**    OK-ED No. 6:04-cr-00115-RAW
**§ 2255 Motion Under** *United States v. Davis*

commit a felony.").   Neither the *actus reus* nor the *mens rea* that fall within the definitions of  a

§ 1111 "murder" satisfies the elements clause's physical force requirement.

The cases the government cites do not squarely address whether the 924(c) predicate

crime of 848(e) CCE, or even one otherwise defined by § 1111 murder, is a crime of violence

under the elements clause.  Instead, the elements of the particular "crimes of violence" alleged in

the government's cited cases differ significantly from those of the felony murder at issue here.

For example, in *United States v. Teague*, 884 F. 3d 726, 729-30 (7th Cir. 2018), the court of

appeals found that second degree murder under Illinois law was a crime of violence.  *Id*.  The

Court correctly looked to the "elements" of the Illinois statute, and found that statute required

both the act and intention to kill.  *Id*. at 729.

*In re Irby*, 858 F.3d 231, 235-36 also addresses a wholly separate statutory offense of

second-degree retaliatory murder under 18 U.S.C.  § 1513(a)(1)(B).  The opinion is simply a

wrongly decided denial of a request for authorization to file a successor habeas petition under

*Johnson v. United States*, 135 S. Ct. 2551 (2015).  It pre-dates *Davis*, and is written by a court

inclined to reject the very premise of the *Davis* decision.  *Id*., at 234 (noting that "the categorical

approach is a particularly bad fit in § 924(c) cases because § 924(c) is a firearms enhancement

provision that penalizes, in broad terms, the use of a firearm … during violent crimes.").  Thus,

the rationale of the decision in *Irby* was rejected by *Davis*, and is thus inapplicable here.

Finally, the government relies tangentially on an unpublished district court order out of

the district of Idaho, *Duncan v. United States*, No. 2:07-CR-00023-EJL, Slip Copy, 2019 WL

6053010 (D. Idaho Nov. 15, 2019) and  its citation of *Begay*, 934 F. 3d [1033, 1038-40 (9th Cir.

2019) "for the proposition that first degree murder is a crime of violence." (Answer, Doc. 455 at

5.)  To that extent, *Duncan* offers nothing to inform this Court.  *Begay* does not so hold and is

**Petr's Reply to Resp's Answer**                     **5**                     *Barrett v. United States,*
**to Petr's Successive 28 U.S.C.**                                   **OK-ED No. 6:04-cr-00115-RAW**
**§ 2255 Motion Under** *United States v. Davis*

referenced only by inference to supporting the proposition.[6]  At best, *Begay* states as a foundation to its ultimate conclusion that second degree murder that can be committed recklessly is *not* a "crime of violence", and that "[a] 'crime of violence' requires intentional *conduct*."  934 F. 3d at 1039 (Emphasis added).

As the court explained in *Duncan*, "the defendant's crime cannot be a categorical 'crime of violence' if the conduct proscribed by statute of conviction is broader than the conduct encompassed by the statutory definition of 'crime of violence'" *Id*. at *2 (quoting *Begay*, 934 F.3d at 1039).  'Crimes of violence,' as defined in § 924(c) require purposeful conduct, *i.e.*, an intentional use of force."  *Id*.  (again referencing *Begay*, 934 F.3d at 1039. Neither the *elements* of the CCE § 848(e) drug trafficking offense nor the unlawful killing as defined in § 1111 *require* as an *element of the statute* the intentional use of force.  Thus, Count Two is unconstitutionally overbroad.

While *Duncan* explores further whether a § 1111 murder can be categorized as a "crime of violence," it is important to note that the defendant's § 924(c) offense with which Mr. Duncan was charged (and "unequivocally admitted") was specifically, "shooting him with the firearm *willfully, deliberately, maliciously and with premeditation*." *Duncan* at *5 (emphasis in original). That is markedly different than Mr. Barrett's charge.[7]

---

[6] By use of the signal "*See.*" The Blue Book, Uniform System of Citation at 58 § 1.2 (20th Edition).

[7] *Davis* expressly holds that the determination of constitutionality "requires us to look to the elements and the nature of the offense of conviction, *rather than to the particular facts relating to petitioner's crime*."  *Davis*, 139 S. Ct. at 2328, quoting *Leocal v. Ashcroft*, 543 U.S. 1, 7 (2004).

**Petr's Reply to Resp's Answer**                **6**                          ***Barrett v. United States,***
**to Petr's Successive 28 U.S.C.**                                    **OK-ED No. 6:04-cr-00115-RAW**
**§ 2255 Motion Under *United States v. Davis***

The remaining cases cited by the government support its argument that aiders and abettors are equally complicit (Answer at 5-7), a position not argued by Mr. Barrett.

The conviction under Count Two must be vacated.

### b. The government's "aiders and abettors" rebuttal is irrelevant to the question raised in *Davis*.

The government's argument rests primarily on its misapprehension of Mr. Barrett's contention. The government argues at length that "Barrett, however, seizes on language in § 848 that permits a conviction for a defendant who aids and abets an intentional killing and, he claims, takes the offense outside categorical definition of a crime of violence." The government mistakenly focuses its objection to the *Davis* concerns on the question of aiding and abetting of what it insists is the underlying crime of violence, to wit, a killing. *See* Answer, Doc 455 at 5-6. That concern is presumably inspired by Mr. Barrett's suggestion that the § 848(e)(B)(1) language of "counsels, commands, induces, procures, or causes" a CCE killing of a law enforcement officer permits the commission of the predicate "crime of violence" without the use, attempted or threatened use of physical force required by *Davis*. Doc 453 at 13. By its argument, the government asserts that every person charged as a participant in a killing would suffer the fate as the actual killer. Answer, Doc. 455 at 6. That analysis is red herring, it is not the question to which Davis demands an answer and is irrelevant to Mr. Barrett's claim. To that extent, the cases cited to support the government's argument in this respect are also irrelevant. *See* Answer at 5-6.

Mr. Barrett is not arguing that if he lacks status as a principal, he is not responsible for a crime of violence committed by another. The argument is that the "unlawful killing" can be committed without physical force, and thus, is not a valid "crime of violence" for § 924 purposes, as explained in *Davis*. The government misunderstands both Mr. Barrett's argument and the law that applies to it. First, he does not and would not argue that any factor or

**Petr's Reply to Resp's Answer**        **7**        *Barrett v. United States,*
**to Petr's Successive 28 U.S.C.**        **OK-ED No. 6:04-cr-00115-RAW**
**§ 2255 Motion Under** *United States v. Davis*

consideration "takes the offense outside categorical definition of a crime of violence." (*See* Answer, Doc. 455, at 6).  It is rather a question of whether the predicate offense, when viewed under the categorical approach, has elements that are encompassed in the definition of a crime of violence that satisfies the constitutional requirements of *Davis*.  It does not.

In laying out the seminal cases of *Johnson* and *Dimaya*, Justice Gorsuch made clear that the Court's "doctrine prohibiting the enforcement of vague laws rests on the twin constitutional prohibition of due process" because it denies fair notice of what the law demands, and the separation of powers because it "threatens to hand responsibility for defining crimes to relatively unaccountable police, prosecutors, and judges, eroding the people's ability to oversee the creation of the laws they are expected to abide." *Id*., at 2326 (Citations omitted).  It is the categorical approach to the residual clause of the Armed Career Criminal Act (ACCA), which defined a "violent felony" to include offenses that presented a "serious potential risk of physical injury to another," § 924(e)(2)(B)(ii), that the Court rejected in *Johnson v. United States*, 135 S. Ct at 2558-2559.  That form of judicial inquiry "produced 'more unpredictability and arbitrarines" when it came to specifying unlawful conduct than the law allows.  *Davis*, 139 S. Ct. at 2326. Mr. Barrett's argument does not rest on the aider and abettor theory. It rests on the plain language of the statute which permits for the possibility that the actor's conduct did not require the actual, attempted or threatened infliction of physical force, even if a killing resulted. That fact renders Count Two unconstitutionally vague.

The offense(s) of unlawful killings incorporated and defined under §§ 848 and 1111 do not state crimes that categorically require, or have as an element, "the use, attempted use or threatened use of physical force."  Under § 848, a person can intentionally, or otherwise, "cause" the death of a law enforcement officer without use of physical force.  An easy example, rests in

**Petr's Reply to Resp's Answer**          **8**                    *Barrett v. United States,*
**to Petr's Successive 28 U.S.C.**                      **OK-ED No. 6:04-cr-00115-RAW**
**§ 2255 Motion Under *United States v. Davis***

the intentional commission of a nonviolent felony enumerated in § 1111, such as espionage, sabotage or burglary that results in death.  For example, in an espionage case, the intentional disclosure of a classified location to an enemy may result in deaths that were not contemplated by, nor required the use of physical force, by the spy.  Burglary, a nonviolent offense, might result in the death of an occupant due to unforeseen circumstances.  Perhaps the victim was startled by the unlawful entry and fell down the stairs.  In the example of someone fleeing a lawful arrest, a pursuing law enforcement vehicle may enter an intersection at a high rate of speed, striking and killing a pedestrian.  All scenarios arguably satisfy a felony-murder charge pursuant to § 1111 definitions.  Here, Mr. Barrett was not charged with any element of force. Unlike *Duncan* where the court was able to "divide" the statute on the noticed element "shooting with a firearm," there is no reference in Count Two to a specific *actus reus* that *caused* the death, making the charge overbroad.

Because the underlying "crime of violence" charged here (a CCE killing defined as murder under 18 USC § 1111 (Doc. 52)) does not have physical force as an element, no argument can transform it into constitutionally sufficient notice of the crime charged.

3. **The Jury Instructions On The Invalid Count Two Require Relief From The Unconstitutionally Tainted Convictions And Sentences On Counts One And Three.**

The government's argument that Mr. Barrett's Motion raises an unauthorized claim related to the impact of the jury instructions on Counts One and Three is wrong. Unacknowledged by the government is the premise for the relevancy of the instructions laid out in Mr. Barrett's Motion.  Motion, Doc. 453 at 17-19.  Though the Tenth Circuit denied the motions to vacate the order of abatement, "to the extent the motions seek to supplement the motion for authorization, that request [was] granted."  Doc. 010110219675 (Motion to Vacate

**Petr's Reply to Resp's Answer**                    **9**                    *Barrett v. United States,*
**to Petr's Successive 28 U.S.C.**                                      **OK-ED No. 6:04-cr-00115-RAW**
**§ 2255 Motion Under *United States v. Davis***

Order of Abatement and Supplement Motion under *Davis* at 7.)  As part of that amendment, Mr.

Barrett argued that the jury instructions compel resentencing, at least, and likely the vacation, of

the convictions, on Counts One and Three.  *See id.*, at 4.

In his motion to vacate the order of abatement and further amend his application for

Authorization to File a Successive Motion Under 28 U.S.C. 2255 and Supplemental Brief, Mr.

Barrett advised the Court that "due to the nature of the trial court instructions to the jury, this

unconstitutional conviction has infected Mr. Barrett's other counts of conviction.  *In re Barrett*,

Case No. 16-7039 Doc. No. 010110219675 at 4.

No claim beyond the authorized successor is raised.

> **a.  The jury instructions irretrievably taint Counts One and Three with Count Two's unconstitutionality, compelling the reversal of the convictions on all three counts.**

As discussed above, the Count Two conviction is unconstitutionally vague under *Davis*.

As laid out in Mr. Barrett's Motion and Brief, Doc. 453, the instructions and the indictment

unconstitutionally conflate and confuse the instructions on guilt/innocence on Count Two in such

a manner that Counts One and Three are necessarily impacted by the decision to convict on the

unconstitutional charge.  *See* Doc. 453 (*Davis* § 2255 Motion) at 16-17.) The request for a new

trial and/or sentencing on Counts One and Three is not a new claim.  It is the remedy required to

extract the toxicity of the Count Two conviction from the convictions in Counts One and Three.

By the express language of the Court of Appeals, the relief requested is well within the scope of

the authorization.  Doc. 010110267830 (Order, November 29, 2019).

**Petr's Reply to Resp's Answer**                    **10**                    *Barrett v. United States,*
**to Petr's Successive 28 U.S.C.**                                    **OK-ED No. 6:04-cr-00115-RAW**
**§ 2255 Motion Under** *United States v. Davis*

       **b.**      **The sentencing package doctrine compels a jury to resentence on Counts One and Three.**

The request for jury resentencing on Counts One and Three (Doc. 453 at 9-10) is expressly supported by *Davis*. In addressing the question of the appropriate relief for the conviction of the defendants on the unconstitutionally vague § 924(c)(3)(B) charge, the Court remanded the matter to the Fifth Circuit, observing:

> After the Fifth Circuit vacated their convictions and sentences on one of the two § 924(c) counts at issue, both men sought rehearing and argued that the court should have vacated their sentences on all counts. In response the government conceded that, if § 924(c)(3)(B) is held to be vague, then the defendants are entitled to a full resentencing, not just the more limited remedy the court had granted them [vacating the unconstitutional § 924(c) convictions]. The Fifth Circuit has deferred ruling on the rehearing petitions, pending our decision, so we remand the case to allow the court to address those petitions.

*Davis*, 139 S. Ct. at 2336. Likewise in Mr. Barrett's case, the penalty verdicts on Counts One and Three necessarily were influenced by Count Two. At a minimum, Mr. Barrett is entitled to a full jury resentencing on Counts One and Three. Beyond that Mr. Barrett asserts that his remaining convictions on Counts One and Two are as unconstitutionally tainted as the sentencings on the same. Contrary to the government's assertion otherwise, Doc. 455 at 10-11, the relief requested is well within the claim raised.

The government's complaint that Mr. Barrett's pending § 2255 Davis Motion is different than the document filed with the original request for authorization (Doc. 455 at 9) is without merit. The proposed § 2255 Motion attached to the government's pleading as Exhibit A, is the § 2255 Motion proposed under *Johnson v. United States*, 135 S. Ct. 2551 (2015). That proposed Motion was filed as an exhibit to the original Motion for Authorization in the Tenth Circuit filed on May 23, 2016. *See* Gov. Exh. A. It was conditionally filed in its own right in this court on May 20, 2016 (Docs, 439, 440) and summarily denied by Minute Order on May 23, 2016 (Doc.

**Petr's Reply to Resp's Answer**      **11**      *Barrett v. United States,*
**to Petr's Successive 28 U.S.C.**      **OK-ED No. 6:04-cr-00115-RAW**
**§ 2255 Motion Under** *United States v. Davis*

441).  The successor authorized by the court is not the originally proposed *Johnson* Motion for

Authorization filed on May 23, 2016, but that motion as amended and supplemented by

arguments in the Motions to Vacate the Order of Abatement under the authority of *Sessions v.*

*Dimaya* (No. 16-7039, Dkt.Entry#3) and *United States v, Davis* (16-7039 Dkt.Entry#4).  *See*

Tenth Circuit Court of Appeals Order denying Motion to Vacate but granting supplementation.

No. 16-7039, Dkt. Entry#5, 6. (10th Cir.)  Because the Court of Appeals granted Mr. Barrett

authority "to file a second or successive § 2255 motion in district court challenging his § 924(c)

conviction and sentence under *Davis*," (*id*. Dkt.Entry#7) and did not limit it to the request made

under *Johnson*, the government's argument regarding the Court of Appeals' authorization is

plainly wrong.

4.    **CONCLUSION AND PRAYER FOR RELIEF**

For the reasons set forth above and in his § 2255 Motion under *Davis*, Doc. 453, Mr.

Barrett respectfully asks this Court to vacate his conviction and sentence on Count Two on the

unconstitutionally vague charge under 18 U.S.C. § 924(c), and dismiss the same with prejudice,

vacate the Judgment and Conviction and Sentence as to Counts One and Three and set the same

for retrial or, at a minimum, a full jury resentencing.

**Petr's Reply to Resp's Answer**          **12**                    *Barrett v. United States,*
**to Petr's Successive 28 U.S.C.**                              **OK-ED No. 6:04-cr-00115-RAW**
**§ 2255 Motion Under** *United States v. Davis*

**DATED** this 7th day of February 2020.    Respectfully Submitted,

*/s/ Joan M. Fisher*
**JOAN M. FISHER**, ID Bar #2854
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA 95814
Telephone: (916) 498-6666
Facsimile: (916) 498-6656
E-mail: Joan_Fisher@fd.org

*/s/ Carrie L. Ward,*
**CARRIE L. WARD**, MO Bar #57581
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA 95814
Telephone: (916) 498-6666
Facsimile: (916) 498-6656
E-mail: carrie_ward@fd.org

*/s/ David Autry*
**DAVID AUTRY**, OBA #11600
1021 N.W. 16th Street
Oklahoma City, OK 73106
Telephone: (405) 521-9600
Facsimile: (405) 521-9669
E-mail: dbautry77@gmail.com

Counsel for Kenneth Eugene Barrett, Movant.

**Petr's Reply to Resp's Answer**    **13**    *Barrett v. United States,*
**to Petr's Successive 28 U.S.C.**    **OK-ED No. 6:04-cr-00115-RAW**
**§ 2255 Motion Under** *United States v. Davis*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 7th day of February, 2020, a copy of the foregoing

Reply To Respondent's Answer To Petitioner's Authorized Successive 28 U.S.C. § 2255 Motion

To Vacate Conviction Under *United States v. Davis* was served via the CM/ECF electronic filing

system upon:

Jeffrey B. Kahan
United States Department of Justice
jeffrey.kahan@usdoj.gov

Christopher J. Wilson
Assistant United States Attorney
chris.wilson@usdoj.gov

Linda Epperley
Assistant United States Attorney
linda.epperley@usdoj.gov
United States Department of Justice
Eastern District of Oklahoma

To the undersigned's knowledge, there are no non-ECF registrants who are

counsel in this case.

*/s/ Joan M. Fisher*
JOAN M. FISHER, ISB No. 2854
Assistant Federal Defender

**Petr's Reply to Resp's Answer**          **14**          *Barrett v. United States,*
**to Petr's Successive 28 U.S.C.**                    **OK-ED No. 6:04-cr-00115-RAW**
**§ 2255 Motion Under** *United States v. Davis*