IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent/Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-04-115-RAW |
| ) | |
| KENNETH EUGENE BARRETT, ) | |
| ) | |
| Petitioner/Defendant. ) | |

### ORDER

Before the court is the second or successive motion of the petitioner pursuant to 28 U.S.C. §2255. By superseding indictment (#52) defendant was charged with three counts: (Count 1) using and carrying a firearm during and in relation to drug trafficking crimes and possessing a firearm in furtherance of drug trafficking offenses, resulting in death, in violation of 18 U.S.C. §924(c)(1)(A) and (j); (Count 2) using and carrying a firearm in relation to a crime of violence, and possessing a firearm in furtherance of such crime of violence, in violation of 18 U.S.C. §924(c)(1)(A) and (j); and (Count 3) intentionally killing, during the commission of a drug trafficking crime, a state law enforcement officer engaged in the performance of his official duties, in violation of 21 U.S.C. §848(e)(1)(B). The alleged predicate crime of violence in regard to Count Two was the alleged offense in Count 3. The government sought the death penalty as to all three counts. (##59 & 60).

The case came on for trial, conducted by Judge Payne of this court. Defendant was found guilty as to all three counts. The jury further recommended sentences of life imprisonment without the possibility of release as to Counts 1 and 2, and death as to Count

3. The defendant was sentenced in accordance therewith. On direct appeal, the verdict and sentence were affirmed. *See United States v. Barrett,* 496 F.3d 1079 (10th Cir.2007). Defendant petitioned for relief under 28 U.S.C. §2255. Judge Payne denied the motion. On appeal, that ruling was affirmed save as to one claim of ineffective assistance of counsel. The Tenth Circuit remanded for an evidentiary hearing as to whether trial counsel's performance was deficient in not investigating defendant's background and mental health and whether prejudice resulted from any such deficiency. *See United States v. Barrett,* 797 F.3d 1207, 1232 (10th Cir.2015).

This court referred the evidentiary hearing to Magistrate Judge Shreder, who recommended findings of both deficient performance and prejudice. The government conceded deficient performance but objected to the recommended finding of prejudice. This court sustained the objection, finding that defendant could not establish prejudice and denied relief. The Tenth Circuit reversed, vacated defendant's sentence as to Count 3, and remanded for resentencing as to Count 3. *See United States v. Barrett,* 985 F.3d 1203, 1233 (10th Cir.2021).

Meanwhile, the Tenth Circuit has granted defendant authorization to file a second or successive §2255 motion. (#452). The authorization, clearly describing only the conviction as to Count Two, was to file a motion challenging defendant's §924(c) conviction and sentence under *United States v. Davis,* 139 S.Ct. 2319 (2019). The definition of "crime of violence" in 18 U.S.C. §924(c)(3) contains both an "elements clause" and a "residual clause".

The elements clause defines an offense as a crime of violence if it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." §924(c)(3)(A). The residual clause defines an offense as a crime of violence if it, "by its nature, involves a substantial risk that physical force may be used in the course of committing the offense." §924(c)(3)(B). In *Davis,* the United States Supreme Court held the residual clause to be unconstitutionally vague. The decision is retroactively applicable to cases on collateral review. *In re Mullins,* 942 F.3d 975, 979 (10th Cir.2019).

Accordingly, the core question presented is whether 21 U.S.C. §848(e)(1)(B) constitutes a crime of violence under the elements clause. In the world of successive §2255 litigation, however, the district court reviews the merits-based question in order to determine <u>procedurally</u> if it may hear the case. A petitioner must pass through two procedural "gates" to obtain a district court's review of the merits of a second or successive §2255 motion: (1) a prima facie showing to the court of appeals that the motion satisfies the requirements of 2255(h), defined as a sufficient showing of possible merit to warrant a fuller exploration by the district court and (2) a determination by the district court that the petition does, in fact, satisfy those requirements. *United States v. Pullen,* 913 F.3d 1270, 1276 (10th Cir.2019).

Defendant has satisfied the first procedural step in that he has obtained certification from the Tenth Circuit. At this point, the district court is required to analyze whether movant's §2255 motion actually relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court" as required by §2255(h)(2) and

3

§2244(b)(4). *Id.*[1] The phrase "actually relies" is evidently used not to mean merely asserted as a basis, but <u>successfully</u> asserted. In other words, it is movant's burden to demonstrate the requisite connection between his proposed successive §2255 motion and *Davis* by showing that his conviction or sentence as to Count Two rested on the residual clause invalidated by *Davis*. If he fails to do so, his successive §2255 motion "cannot be said to rely on *Davis*" and therefore must be dismissed rather than denied on the merits. *See United States v. Bazile,* 2020 WL 6087830, *2 (N.D.Okla.2020).

In the context of reviewing the validity of a §924(c) conviction, a district court must review the record to determine if there is any mention of the residual clause in the presentence investigative report (PSR) or sentencing pleadings, and the district court must determine whether it would have been necessary to rely on the residual clause to sustain the conviction. *United States v. Moore,* 2021 WL 2657002, *2 (N.D.Okla.2021)(citing *United States v. Copeland,* 921 F.3d 1233,1242 (10th Cir.2019)). This court has reviewed the PSR and finds no mention of the residual clause.

Accordingly, the court turns to whether it would have been necessary to rely on the residual clause to sustain defendant's §924(c) conviction as to Count Two. There is no explicit authority as to whether 21 U.S.C. §848(e)(1)(B) constitutes a crime of violence under

---

[1] Movant must show that his proposed successive §2255 motion "contain[s] . . . a new rule of constitutional law . . . ." 28 U.S.C. §2255(h)(2). A §2255 motion "contains" a new rule of constitutional law if it "relies on" the new rule. *United States v. Murphy,* 887 F.3d 1064, 1067 (10th Cir.2018). The new rule of law must actually be the basis of the motion. *See In re Encinias,* 821 F.3d 1224, 1225 & n.2 (10th Cir.2016).

the elements clause of 18 U.S.C. §924(c)(3)(A).[2]  The jury was instructed that one element of the offense was that the defendant "<u>intentionally</u> killed and/or counseled, commanded, induced, procured and/or caused the <u>intentional</u> killing of David Eales."  (#240 at page 28 of 54 in CM/ECF pagination)(emphasis added).[3]  This tracks the statutory language.  The court concludes an "intentional killing" under the statute is a crime of violence.  *Cf. Cousins v. United States,* 198 F.Supp.3d 621, 626 (E.D.Va.2016)(finding that common law murder qualifies as a crime of violence under the force clause because "[t]he intentional killing of another certainly involves the use, attempted use, or threatened use of physical force against the person.")  "The Supreme Court has recognized that it is 'impossible to cause bodily injury without applying force in the common-law sense.' [*United States v. Castleman,* 572 U.S. 157, 170 (2014)].  Similarly, this Court concludes that it is impossible to cause death without applying physical force."  *United States v. Stubbs,* 2021 WL 5507221, *3 (E.D.Okla.2021).

---

[2]The court must use the "categorical approach," which requires the court to look only to the fact of conviction and the statutory definition of the prior offense and not generally to consider the particular facts disclosed by the record of conviction.  *United States v. Elliott,* 2021 WL 2947779, *2 (10th Cir.2021).  The court focuses on whether the elements of the crime of conviction sufficiently match the elements of the generic offense.  *United States v. Wilks,* 787 Fed.Appx. 991, 993 (10th Cir.2019).

[3]Movant notes the statutory language regarding "counseling, commanding, inducing, procuring or causing" the intentional killing.  The government responded (#455 at pages 5-6 of 12) by citing *United States v. Dieter,* 890 F.3d 1203 (10th Cir.2018), which held that aiding and abetting federal bank robbery is a "violent felony" under the Armed Career Criminal Act.  In his reply, movant asserts this rebuttal is "irrelevant" to movant's actual argument.  (#456 at pages 7-8 of 14).  Rather, his argument is that such language "permits for the possibility that the actor's conduct did not require the actual, attempted or threatened infliction of physical force, even if a killing resulted."  (#456 at 8).  The same, however, could be said as to aiding and abetting under 18 U.S.C. §2.  In *United States v. Walker,* 142 F.3d 103, 113 (2d Cir.1998), the court held that a defendant may be liable as an aider and abettor to an offense under 21 U.S.C. §848(e).  *See, e.g., In re Colon,* 826 F.3d 1301, 1305 (11th Cir.2016)(conviction for aiding and abetting a Hobbs Act robbery qualifies as "crime of violence" under elements clause).  This court has found no authority for an operative distinction between §2 and §848(e).

*See also In re Irby,* 858 F.3d 231, 237 (4th Cir.2017)("Common sense dictates that murder is categorically a crime of violence under the [elements] clause.").[4] This also demonstrates a *mens rea* beyond recklessness.

The jury instructions do refer to both the elements clause and the residual clause in defining "crime of violence." (#240 at pages 17-18 of 54 in CM/ECF pagination). The instructions go on, however, to state: "You are instructed that the killing of a state law enforcement officer engaged in or on account of the performance of such officer's official duties is a crime of violence." *Id.* at 18. This is in accord with Tenth Circuit authority that whether a crime fits the §924(c) definition of a crime of violence is a question of law. *See United States v. Morgan,* 748 F.3d 1024, 1034 (10th Cir.2014).[5]

In sum, movant cannot show that his conviction as to Count Two was based on the residual clause in §924(c)(3)(B), which *Davis* invalidated. Therefore, his successive §2255 motion cannot be said to rely on *Davis*, and he cannot satisfy the requirement that his motion be based on a new rule of constitutional law. As he fails to pass the second procedural "gate" of §2255(h)(2), this aspect of the motion is dismissed. Alternatively, it is denied on the merits.

---

[4]Movant has placed partial reliance upon *United States v. Begay,* 934 F.3d 1033 (9th Cir.2019). Well after the briefing herein, that decision was vacated for re-hearing. 15 F.4th 1254 (9th Cir.2021).

[5]Movant states that *Morgan* is "arguably no longer good law." (#453 at 17 n.9). The Tenth Circuit pattern instructions still direct the court to instruct the jury on the issue. *See Tenth Circuit Pattern Instructions (Criminal)* (2021), Instruction No. 2.45.

Movant also makes the broader argument that Counts 1 and 3 are "irreparably infected" with the unconstitutionally vague instructions regarding the predicate offense.[6] This claim is beyond what the Tenth Circuit authorized in a second or successive §2255 motion. (#452).[7] The court finds this claim too should be dismissed. *See United States v. Moore,* 2021 WL 4955465, *2 (10th Cir.2021)(citing *In re Cline,* 531 F.3d 1249, 1253 (10th Cir.2008)); *United States v. Shobe,* 2020 WL 6875150 n.1 (N.D.Okla.2020).

It is the order of the court that defendant's successive motion to vacate, set aside, or correct sentence under 28 U.S.C. §2255 (#453) is dismissed. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the court declines to issue a certificate of appealability as to any issue raised in the motion.[8]

---

[6] Movant's prayer for relief is that "this Court vacate his conviction and sentence on Count Two on the unconstitutionally vague charge under 18 U.S.C. §924(c) and dismiss the same with prejudice, vacate the Judgment and Conviction and Sentence as to Counts One and Three and set the same for retrial or, at a minimum, a full jury resentencing." (#456 at 12). The Tenth Circuit has subsequently directed a resentencing as to Count Three based upon movant's initial §2255 motion. It has also, however, rejected the argument that defendant is entitled to resentencing on all three counts. 985 F.3d 1203 n.20. The court directs the parties to confer and advise the court as to how they envision that resentencing to take place (i.e., by court alone or by jury) and whether such resentencing should await any appeal regarding the present motion.

[7] In any event, as the government notes, the jury was instructed to consider each count separately, and completed a special verdict form that required discrete findings as to each count. (#455 at 7-8).

[8] To obtain a certificate of appealability, petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). Where a claim has been denied on the merits, the movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 494 (2000). Where a claim has been dismissed on procedural grounds, the movant must also demonstrate that the district court's procedural ruling was debatable. *Id.*

**ORDERED THIS 6th DAY OF DECEMBER, 2021.**

_____
**RONALD A. WHITE
UNITED STATES DISTRICT JUDGE**