IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **KENNETH EUGENE BARRETT** | ) | |
| | ) | **Criminal Case No. 6:04-cr-00115-RAW** |
| **Movant,** | ) | |
| v. | ) | **CAPITAL CASE** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |
| | ) | |

**PETITIONER'S MOTION TO ALTER OR AMEND JUDGMENT and BRIEF IN SUPPORT**

---

Movant Kenneth Eugene Barrett ("Mr. Barrett"), through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 59(e), moves this Court to alter or amend its Order and Judgment entered on December 6, 2021. Docs. 467, 468.

Section I of this motion addresses two issues: this Court's misunderstanding of the procedural question related to its gatekeeping obligation under § 2255(h) and this Court's failure to adequately address the merits of the claim as it relates to the residual clause and the intent required for the alleged predicate crime of violence ["COV"].[1] Section II requests a Certificate of Appealability ("COA").

In support of this Motion, Mr. Barrett states as follows:

---

[1] This 59(e) Motion does not address every issue argued in his § 2255 *Davis* Motion. The failure to address any argument constitutes neither a waiver nor a withdrawal of the same.

| | | |
|---|---|---|
| Petitioner's Motion to Alter or Amend Judgment and Brief In Support | 1 | *Barrett v. United States*, No. 6:04-cr-00115-RAW |

I.     **Mr. Barrett Submits his authorized 28 U.S.C. Section 2255 Motion To Vacate, Set Aside Or Correct ["§ 2255 *Davis* Motion"] (Docs. 452, 453) Is Well-Supported In Law And Fact.**

The Order summarily dismissing the Motion, (Doc. 467), misconstrues and overlooks Mr. Barrett's arguments that are well-grounded in the record and the Supreme Court's mandate in *United States v. Davis,* 139 S. Ct. 2319 (2019). *See* Doc. 453.

Mr. Barrett respectfully requests that this Court reconsider, alter and amend its opinion. To that end, Mr. Barrett requests this Court permit supplemental argument and hearing thereon, if neccessary and grant him the relief requested, namely*,* to vacate the conviction for Count 2, move forward on resentencing on both Counts 3 as ordered by the Tenth Circuit Court of Appeals in *United States v. Barrett,* 985 F. 3d 1203, 1233 (10th Cir. 2021), and Count 1 in concert with the sentencing package doctrine as discussed in *Davis, supra*.

This Court summarily dismissed the *Davis* claim found by the Tenth Circuit Court of Appeals to rest on a new retroactive constitutional rule. Doc. 452. In its Order, this Court confused and wrongly limited the integral role played by the residual clause of Mr. Barrett's 28 U.S.C. § 924(c) conviction. The remedy requested and rejected by this Court is the remedy mandated by the United States Supreme Court in *Davis, supra* at 2336.

The Court ignored substantial arguments laid out by Mr. Barrett in violation of *Davis*.[2] This Court failed to impartially evaluate the strength of the record, evidence and argument presented by Mr. Barrett. Instead, the Court relied on a mistaken understanding of § 2255(h)(2). The result is an error of law.

---

[2] For purposes of this pleading all references to documents filed within are referenced by the CM/ECF Pagination.

### A.    Standards Governing Federal Rule of Civil Procedure 59(e)

The Supreme Court has noted that Fed. R. Civ. P. 59(e) was adopted "to make clear that the district court possesses the power to rectify its own mistakes in the period immediately following the entry of judgment." *White v. New Hampshire Dep't of Employment Sec.*, 455 U.S. 445, 450 (1982) (internal quotations omitted); *see also Warren v. American Bankers Ins.*, 507 F.3d 1239, 1245 (10th Cir. 2007) ("the purpose of Rule 59 is to provide the district court an opportunity to correct its own errors"). A Rule 59(e) motion is appropriate "to correct manifest errors of law or to present newly discovered evidence." *Commonwealth Property Advocates, LLC v. Mortgage Electronic Registration Systems, Inc.*, 680 F.3d 1194, 1200 (10th Cir. 2011) (citations omitted). A district court's failure to notice or consider arguments or authorities that justify relief also constitutes an appropriate ground to grant a motion to amend judgment if these failures affected the correctness of the court's decision. *See, e.g., Hicks v. Town of Hudson*, 390 F.2d 84, 87-88 (10th Cir. 1967). Rule 59(e) permits a court to correct its own mistakes shortly after entering judgment. The Court has broad discretion to do so, and the circumstances for when correction or amendment is appropriate are judged on a case-by-case basis. *White v. New Hampshire Dep't of Employment Sec.*, 455 U.S. 445, 450 (1982).

Moreover, Rule 59(e) does not set forth any particular grounds for relief. *Id*. Rather, Rule 59(e) relief is appropriately considered after weighing relevant circumstances on a case-by-case basis. *Id*. Here, the Court should exercise its discretion to correct or amend its order and judgment, dismiss the unconstitutional Count 2 and proceed with a new sentencing trial on Counts 1 and 3.

### B.    This Court Should Amend Its Decision and Alter Its Order.

1. *This Court's Order confuses the § 2255(h)(2) gatekeeping function.*

This Court approaches Mr. Barrett's claim through the lens of a misperceived procedural failing not well taken in the context of *Davis*.  Because of this Court's erroneous determination that § 2255(h)(2) precludes review of the merits of the claim, this Court's summary rejection of the substantive constitutional claim rests in error.  Doc. 467 at 6.[3]

While this Court identifies the correct "core question" as "whether 21 U.S.C. § 848(3)(1)(B) constitutes a crime of violence under the elements clause," it is quickly taken off course by its misunderstanding of the procedural bifurcated requirements of 28 U.S.C. 2255(h)(2).  Doc. 467 at 3.  Mr. Barrett easily meets the second gatekeeping requirement.  The § 2255 Motion unquestionably relies on a new constitutional rule of law laid out in *Davis* and approved by the Tenth Circuit.  Doc. 452.  Whether he "*successfully* asserted" that reliance is a question on the merits.  It is not procedurally barred under § 2255(h)(2) as found by this Court. Doc. 467 at 4.  By conflation, this Court mistakenly transformed a procedural question into a merits question.

This Court's reliance on *United States v. Pullen,* 913 F. 3d 1270, 1276 (10th Cir. 2019) is misplaced.  The court in *Pullen* addressed the question of whether the new constitutional rule in *Johnson* applied to the Sentencing Guidelines was answered by the Tenth Circuit's finding of a *prima facie* case.  *Id.*  Simply put, in *Pullen,* there was no new constitutional rule related to the

---

[3] "In sum, Mr. Barrett cannot show that his conviction as to Count Two was based on the residual clause in § 924 (c) (3)(B) which *Davis* invalidated.  Therefore, his successive § 2255 motion cannot be said to rely on *Davis* and he cannot satisfy the requirement that his motion be based on a new rule of constitutional law.  As he fails to pass the second procedural "gate" of § 2255(h)(2), this aspect of the motion is dismissed.  Alternatively, it is denied on the merits." Doc. 467 at 6.

Petitioner's Motion to Alter or Amend Judgment and Brief In Support

4

*Barrett v. United States,*
No. 6:04-cr-00115-RAW

Guidelines upon which the petitioner *could* rely. The district court's determination to that effect was within the second gatekeeping question of § 2255(h). *Id.* In this case, there is no question that the constitutional rule in *Davis,* its retroactivity, and Mr. Barrett's reliance thereon is presented in the successive § 2255 Motion. The only remaining question, as recognized initially by this Court, (Doc 267 at 3), is whether 21 U.S. C. § 848(e)(1)(B) is a "crime of violence" under the elements clause. If it is not, the Count 2 § 924(c) conviction must be vacated under *Davis.* That is not a gatekeeping function; it is a decision on the merits.

The unnecessary parsing between its perceived gatekeeping function and its obligation to determine the merits of the claim unnecessarily confused the Court's consideration of the claim. Doc. 467 at 6. This Court should set aside its decision on the procedural question and reconsider the denial on the merits.

2. *This Court's reliance on the alleged COV intent instruction fails*.

First, this Court's acknowledgment that it must follow the "categorical approach," *id.* at 4-5, n.2, is undermined by its reliance on a jury instruction to determine whether the predicate offense § 848(e)(1)(B) was a crime of violence under § 924(c)(3)(A). *Id.* Secondly, this Court relied on a single instruction that not only unreasonably limited, but emphasized the jury's consideration of the intent element of the offense, namely that the defendant "<u>intentionally</u> killed and/or counseled, commanded, induced, procured and /or caused the <u>intentional</u> killing of David Eales." Doc 467 at 5, citing Doc 240 at page 28. (Emphasis in original.) On that instruction alone, this Court found that "an intentional killing under the statute is a crime of violence." *Id.* at 5.

The problem with that analysis and conclusion is that, though the jury *was* instructed that an intentional killing is one of several possible intent levels of the predicate crime, (Doc. 240 at

28),[4] the jury was *not* specifically instructed *to find* an *intentional* killing in Count 2. Doc 240 at 16.[5] The jury was specifically charged only with finding that Mr. Barrett "directly caused the death" of Trooper Eales. Doc 240 at 16. The jury was instructed then that "*the killing of* a state law enforcement officer engaged in or on account of the performance of such officer's official duties *is* a crime of violence,"[6] again without any element of intent. The instruction unconstitutionally limited the jury's fact finding responsibilities. Doc. 240 at 18.[7]

The special interrogatories do not save the conviction from *Davis* error. It is not unless and until the jury finds Mr. Barrett guilty, if it does, that the question of intent enters the deliberations by way of the "Special Interrogatories."[8] The Special Interrogatory appears only in Verdict Form and demands a "yes" or "no" to the statement: "We, the jury find beyond a reasonable doubt that the Defendant, Kenneth Eugene Barrett, *in the act of killing* David Eales committed murder." Doc. 240 at 58. (Emphasis added.) The jury's verdict on the special

---

[4] "The defendant, Kenneth Eugen Barrett, intentionally killed ***and/or*** counseled, commanded induced, procured ***and/or*** caused the intentional killing of David Eales." (Emphasis added.)

[5] "The defendant committed a crime of violence, ***the killing*** of a state law enforcement officer in or on account of the performance of such officer's duties, as charged in Count Two of the superseding indictment; Count 2 of the superceding indictment charges in the very same language, *i.e.,* "knowing use and carry" in furtherance of a crimes of violence, to-wit: Title 21 United States Code Section 848(e)(1)(B) ***the killing*** *of a state law enforcement officer . . ."* Doc. 240 at 6 . (Emphasis added.)

[6] Court's instruction reads: "You are instructed that *the killing of* a state law enforcement officer engaged in or on account of the performance of such officer's official duties is a crime of violence." Vol. 20 RT 4256-57; Doc. 240 at 18. (Emphasis added.)

[7] The instruction raises clear Sixth Amendment issues under *Apprendi v. New Jersey,* 530 U.S. 466, 490 (2000). *See Davis, supra,* 139 S. Ct. at 2344.

[8] **SPECIAL INTERROGATORIES**: "If you find Defendant Kenneth Eugene Barrett, guilty of Count One or Count Two, you must then also answer the questions posed in the Special Interrogatories which relate to those specific count(s) for which you found Defendant Barrett guilty." Doc. 240 at 50.

interrogatory reflects *only* that Mr. Barrett "*committed murder.*" Doc. 243 at 2. Under the instructions neither physical force nor the specific finding of an intentional killing were required. Doc. 243 at 1, Special Interrogatory Instructions. Those instructions included the option of finding that Mr. Barrett acted with "callous and wanton disregard for human life." *Id.*[9] *See also* Doc. 240 at 57.

The Tenth Circuit Court of Appeals clarified the intent factor in *this case* for the "murder" required for the predicate crime of violence at issue here was not limited to an intentional killing.

> What is not obvious from the language of § 1111, but is settled law in this circuit, is that the meaning of *malice aforethought,* which is required for all murder, is not the same for felony murder as it is for the other varieties of murder. *See United States v. Chanthadara,* 230 F.3d 1237, 1258 (10th Cir.2000) (although "'malice aforethought' is an element of every type of murder" under § 1111(a), its meaning "differs with respect to each kind of murder" (internal quotation marks omitted)). For felony murder, "malice aforethought is proved by commission of the felony, [and] there is no actual intent requirement." *Id.*

*United States v. Barrett*, 797 F.3d 1207, 1221 (10th Cir. 2015). The conviction in Count 2 relies on a predicate crime that does not meet the elements test, either in its requirement of actual physical force[10] or purposeful or knowing intent.

There is little question that the intent element in the predicate offense is critical to whether or not that offense is a "crime of violence" under the elements clause of §924(c). *Borden v. United States,* 593 U.S. __, 141 S.Ct.1817, 1821 (2021) (holding that a criminal

---

[9] "You are instructed that 'murder' means the unlawful killing of a human being 'with malice aforethought.' The term 'with malice aforethought' means to kill another person deliberately and intentionally ***or to act with callous and wanton disregard for human life.***" (Emphasis added.)

[10] By its inclusion of non-physical acts by "counseled, commanded, induced, procured and/or caused the killing" *See* Mr. Barrett's Motion and Argument, Doc. 453 at 12-14.

offense with a *mens rea* of recklessness does not qualify as a "violent felony" under the Armed Career Criminal Act's elements clause).

Here, the *mens rea* required in the predicate crime § 848(e) includes an intent level of "a grave risk of death," a level clearly protected by *Borden, supra. See e.g., United States v. Alvarez*, 266 F.3d 587 (6th Cir. 2001) (permitting a jury instruction for § 848(e) that included a *mens rea* of grave risk of death). Similarly, the Modern Federal Jury Instructions include language regarding a "grave risk of death."[11] The "risk" of death does not involve the use of actual physical force. The government itself argued at trial and during the course of collateral proceedings that intent was not necessary. *See e.g.,* Doc. 455 n.1 citing *Barrett* II, *supra.* Given the non-physical and non-intentional manner in which the statute can be applied, the predicate § 848(e)(1)(B) offense is not categorically a "crime of violence."

While this Court recognized that at least one Circuit Court has found that § 1111 murder is not a crime of violence, it dismissed concern for it by simply noting that the decision was vacated for re-hearing. *United States v. Barrett,* 15 F. 4th 1254 (9th Cir. 2021) (Doc. 467 at 6 n.4) (rejecting Mr. Barrett's argument, support of which noted *United States v. Begay,* 934 F.3d 1033 (9th Cir.2019)). The pending *en banc* review does not lessen the logic or persuasion of the analysis in the original opinion.[12]

---

[11] Instruction 56-53 includes as the required intent: "intentionally engaged in conduct *that the defendant knew would create a grave risk of death to [the victim] and resulted in the death of [the victim]).* (Emphasis added.) *See* 3 Modern Federal Jury Instructions-Criminal P 56.07.

[12] It does, however, lend significant support to Mr. Barrett's argument below that the critical issue here is debatable and worthy of a Certificate of Appealability. *See* Section II, herein below.

Mr. Barrett's conviction on Count 2 must be vacated and appropriate relief in resentencing granted. This Court's Order and Judgment, (Docs. 467, 468), should be amended and altered to reflect the same.

**II.    This Court Should Grant Mr. Barrett A Certificate of Appealability.**

This Court declined "to issue a certificate of appealability as to any issue raised in the motion." Doc. 467 at 7. The denial of a Certificate of Appealability (COA) violates the governing law. Mr. Barrett requests the Court to grant a COA.

Under the "substantial showing of the denial of a constitutional right" standard of 28 U.S.C. § 2253(c)(2), a petitioner need only "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983) (internal citations and quotation marks omitted). The *Barefoot* standard was reaffirmed in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) and in *Miller-El v. Cockrell*, 537 U.S. 322 (2003).

As illustrated above, the issues here are certainly debatable. Indeed, the Court itself questions its analysis of the procedural issue. Doc. 467 at 4. The jury was instructed on both the elements and the residual clause of the §924(c) "crime of violence." Doc. 240 at 18, Instruction 7. Having been advised in both and instructed to so find, the court cannot now say there was greater reliance on one or the other or that there was unanimous agreement by the jurors as to either. The record itself suggests the greater reliance on residual clause than the elements. First, the jury made no finding at all on the "crime of violence" because they were instructed that it was a "crime of violence." *Id.* While the Court finds refuge in the elements of an § 848(e)(1)(B) killing of a police officer as intentional, (Doc. 467 at 5), it relegates its discussion to the key

elements that permit lack of the required physical force including the non-intent elements of "counseled, commanded, induced, procured and/or caused the killing" to a footnote in which it dismisses Mr. Barrett's argument that the government's argument is in defiance of *Davis*, *supra,* and fails to adhere to the constitutional requirement of the categorical approach.  Doc. 467 at 5. Cf. Doc. 456 at 3-4.

The constitutionality of the Count 2 § 924(c) conviction by reliance on the residual clause including the *mens rea* requirement is surely debatable, a debate in which Mr. Barrett has made the stronger argument.  While this Court has yet to be convinced of the merits of Mr. Barrett's claims, it cannot say that "jurists of reason" could not resolve them differently.  *Miller-El* is clear that a COA "does not require a showing that the appeal will succeed."  537 U.S. at 336-38. "Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." *Id.* at 338.

Clearly, the most "debatable" issue raised in Mr. Barrett's Motion and Argument rests on the element of intent and the woefully confusing and inaccurate instructions.  There is substantial authority to support Mr. Barrett's argument.  Beyond that, the questions of intent in the unsettled jurisprudence of *Begay* and the jury's role in the determination of a crime of violence under *Apprendi* make clear that a COA is appropriate.

In capital cases, "the nature of the penalty is also a proper consideration in determining whether to issue a certificate of appealability."  *Barefoot*, 463 U.S. at 893.  Because this case involves a now reversed death sentence as well as two life sentences without possibility of release, which is akin to a sentence of death to Mr. Barrett, "any doubts as to whether a

certificate of appealability should issue must be resolved in [Mr. Barrett's] favor." *See e.g.*,

*Moreno v. Dretke*, 450 F.3d 158, 163 (5th Cir. 2006).

Given that this is a federal capital case and the issues presented are readily debatable among reasonable jurists, this Court should reverse course and issue a COA.

### III.    Conclusion

For the foregoing reasons, Mr. Barrett requests that the Court enter an Order as follows:

1.    Ordering the Government to Respond to this Motion;

2.    Permitting Mr. Barrett to file a Reply Memorandum;

3.    In a timely manner, setting the matter for oral argument on the Motion;

4.    In a timely manner, altering or amending its Judgment to award relief to Mr. Barrett by vacating his conviction on Count 2 and ordering a resentencing on Counts 1 and 3.

5.    If the Court fails to grant Mr. Barrett relief requested herein, Mr. Barrett requests that the Court award a COA to all the claims brought forth in his § 2255 Motion.

**DATED** this 3rd day of January, 2022.          Respectfully Submitted,

*/s/ Joan M. Fisher*
**JOAN M. FISHER**, ID Bar #2854
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA 95814
Telephone: (916) 498-6666
Facsimile: (916) 498-6656
E-mail: Joan_Fisher@fd.org

*/s/ Laura Elisabeth Udall*
**LAURA ELISABETH UDALL**, AZ Bar#010501
Laura E. Udall, PLLC
PO Box
Tucson, AZ 85717-0294
Telephone: (520) 770-1414
E-mail: laura@udall.me

Counsel for Kenneth Eugene Barrett, Movant.

Petitioner's Motion to Alter or          12          *Barrett v. United States*,
Amend Judgment and Brief In                              No. 6:04-cr-00115-RAW
Support

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 3rd day of January, 2022, a copy of the foregoing

PETITIONER'S MOTION TO ALTER OR AMEND JUDGMENT And BRIEF IN SUPPORT

was served via the CM/ECF electronic filing system upon:


Jeffrey B. Kahan
United States Department of Justice
jeffrey.kahan@usdoj.gov

Christopher J. Wilson
Assistant United States Attorney
chris.wilson@usdoj.gov

Linda Epperley
Assistant United States Attorney
linda.epperley@usdoj.gov
United States Department of Justice
Eastern District of Oklahoma

To the undersigned's knowledge, there are no non-ECF registrants who are counsel in

this case.


/s/ Joan M. Fisher
JOAN M. FISHER, ISB No. 2854
Assistant Federal Defender


Petitioner's Motion to Alter or              13                    *Barrett v. United States*,
Amend Judgment and Brief In                                        No. 6:04-cr-00115-RAW
Support