IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **KENNETH EUGENE BARRETT** | ) | |
| | ) | **Criminal Case No. 6:04-cr-00115-RAW** |
| **Movant,** | ) | |
| **v.** | ) | **CAPITAL CASE** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |
| | ) | |

## PETITIONER'S NOTICE OF SUPPLEMENTAL AUTHORITY

KENNETH E. BARRETT, Defendant/Movant herein, by and through his attorneys of record, Joan M. Fisher of the Federal Defender's Office in the Eastern District of California and Ms. Laura Udall , PLLC, gives NOTICE of the following supplemental authority regarding Mr. Barrett's Motion to Alter and Amend pursuant to Rule 59(e).

*United States v. Toki*, 23 F.4th 1277 (10th Cir. 2022)

On January 31, 2022, subsequent to Mr. Barrett's Motion to Alter and Amend (Doc. No. 469) filed January 3, 2022 and the Government's Response to said Motion, (Doc. No. 471), the Tenth Circuit Court of Appeals rendered its opinion in *U.S. v. Toki*, in which it found that the United States Supreme Court opinion in *Borden v. United States* is retroactive.

A copy of the decision is attached hereto.

**DATED** this 14th day of April, 2022.   Respectfully Submitted,

/s/ Joan M. Fisher
**JOAN M. FISHER**, ID Bar #2854
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA 95814
Telephone: (916) 498-6666
Facsimile: (916) 498-6656
E-mail: Joan_Fisher@fd.org

/s/ Laura E. Udall
**LAURA ELISABETH UDALL**, AZ Bar#010501
Laura E. Udall, PLLC
PO Box 40294
Tucson, AZ 85717-0294
Telephone: (520) 770-1414
E-mail: laura@udall.me

Counsel for Kenneth Eugene Barrett, Movant.

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 14th day of April, 2022, a copy of the foregoing

PETITIONER'S NOTICE OF SUPPLEMENTAL AUTHORITY was served via the CM/ECF

electronic filing system upon:

Jeffrey B. Kahan
United States Department of Justice
jeffrey.kahan@usdoj.gov

Christopher J. Wilson
Assistant United States Attorney
chris.wilson@usdoj.gov

Linda Epperley
Assistant United States Attorney
linda.epperley@usdoj.gov
United States Department of Justice
Eastern District of Oklahoma

To the undersigned's knowledge, there are no non-ECF registrants who are counsel in

this case.

*/s/ Joan M. Fisher*
JOAN M. FISHER, ISB No. 2854
Assistant Federal Defender

# APPENDIX A



**User Name:** Heather Lockwood

**Date and Time:** Wednesday, April 13, 2022 2:15:00 PM PDT

**Job Number:** 168929325

## Document (1)

1. United States v. Toki, 2022 U.S. App. LEXIS 2781

   **Client/Matter:** -None-

   **Search Terms:** United States v. Toki, 23 F.4th 1277 (10th Cir. 2022)

   **Search Type:** Natural Language

   **Narrowed by:**

   | Content Type | Narrowed by |
   |---|---|
   | Cases | -None- |

⚠️ Caution
As of: April 13, 2022 9:15 PM Z

# United States v. Toki

United States Court of Appeals for the Tenth Circuit

January 31, 2022, Filed

No. 17-4153, No. 17-4154, No. 17-4155

**Reporter**
2022 U.S. App. LEXIS 2781 *; 23 F.4th 1277

UNITED STATES OF AMERICA, Plaintiff - Appellee, v. SITAMIPA TOKI, Defendant - Appellant.UNITED STATES OF AMERICA, Plaintiff - Appellee, v. ERIC KAMAHELE, Defendant - Appellant.UNITED STATES OF AMERICA, Plaintiff - Appellee, v. KEPA MAUMAU, Defendant - Appellant.

**Prior History:** [*1] Appeal from the United States District Court for the District of Utah. (D.C. 2:16-CV-00730-TC, 2:08-CR-00758-TC-14, 2:15-CV-00600-TC, 2:08-cr-00758-TC-11, 2:15-CV-00506-TC, 2:08-CR-00758-TC-1).

Maumau v. United States, 142 S. Ct. 57, 211 L. Ed. 2d 3, 2021 U.S. LEXIS 3823, 2021 WL 4507569 (U.S., Oct. 4, 2021)
Kamahele v. United States, 2017 U.S. Dist. LEXIS 127321, 2017 WL 3437671 (D. Utah, Aug. 9, 2017)

## Core Terms

convictions, petitioners', violent crime, recklessly, predicate, offenses, vacated, motions, categorically

## Case Summary

### Overview
HOLDINGS: [1]-Where petitioners filed motions under 28 U.S.C.S. § 2255 to set aside their sentences stemming from a series of armed robberies, their convictions under 18 U.S.C.S. § 924(c) for using or carrying a firearm during a crime of violence were invalid because their predicate assault convictions under the Violent Crimes in Aid of Racketeering statute, 18 U.S.C.S. § 1959, could not support their convictions under § 924(c); [2]-Offenses that can be committed recklessly are not "crimes of violence" under 18 U.S.C.S. § 924(c)'s elements clause.

### Outcome
Reversed and vacated in part; and remanded.

## LexisNexis® Headnotes

Criminal Law & Procedure > ... > Acts & Mental States > Mens Rea > Recklessness

**HN1[⤓]  Mens Rea, Recklessness**

After Borden, offenses that can be committed recklessly are not crimes of violence under 18 U.S.C.S. § 924(c)'s nearly identical elements clause, 18 U.S.C.S. § 924(c)(3)(A).

Criminal Law & Procedure > ... > Weapons Offenses > Use of Weapons > Commission of Another Crime

Governments > Legislation > Vagueness

**HN2[⤓]  Use of Weapons, Commission of Another Crime**

18 U.S.C.S. § 924(c)(1)(A) makes it a crime to use or carry a firearm during and in relation to any crime of violence or drug trafficking crime. It defines a crime of violence as: An offense that is a felony and—(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense. 18 U.S.C.S. § 924(c)(3). In the Supreme Court held that the statute's residual clause—§ 924(c)(3)(B)—is unconstitutionally vague. Davis announced a new substantive rule that applies retroactively on collateral review.

Criminal Law & Procedure > ... > Sentencing Guidelines > Adjustments & Enhancements > Armed

Heather Lockwood

Career Criminals

Criminal Law & Procedure > ... > Acts & Mental States > Mens Rea > Recklessness

**HN3**[⬇]  **Adjustments & Enhancements, Armed Career Criminals**

In Borden, the U.S. Supreme Court held that an offense that can be committed recklessly does not categorically meet the definition of a violent felony under ACCA's elements clause. ACCA's elements clause is nearly identical to the elements clause of 18 U.S.C.S. § 924(c). Both require that a predicate offense has as an element the use, attempted use, or threatened use of physical force against another. 18 U.S.C.S. §§ 924(c)(3)(A), 924(e)(2)(B)(i). The phrase "against another," when modifying the "use of force," demands that the perpetrator direct his action at, or target, another individual. Reckless conduct cannot satisfy this standard because it is not aimed in that prescribed manner.

Criminal Law & Procedure > ... > Sentencing Guidelines > Adjustments & Enhancements > Armed Career Criminals

Criminal Law & Procedure > ... > Acts & Mental States > Mens Rea > Recklessness

**HN4**[⬇]  **Adjustments & Enhancements, Armed Career Criminals**

Borden's reasoning applies to 18 U.S.C.S. § 924(c)'s elements clause. The elements clauses of ACCA and 18 U.S.C.S. § 924(c) should be interpreted identically with respect to what mens rea they require. While § 924(c)(3)(A), unlike ACCA's elements clause, also reaches property crimes, this fact does not offer a meaningful basis for a mens rea distinction. Therefore, after Borden an offense that can be committed recklessly is not categorically a crime of violence under § 924(c)'s elements clause. To the extent that the court's decision in United States v. Mann, 899 F.3d 898 (10th Cir. 2018), held to the contrary, it is overruled by Borden.

Governments > Courts > Judicial Precedent

Governments > Courts > Rule Application & Interpretation

Governments > Legislation > Effect & Operation > Retrospective Operation

**HN5**[⬇]  **Courts, Judicial Precedent**

While new constitutional rules of criminal procedure usually do not apply to cases which have already become final, new substantive rules announced by the U.S. Supreme Court generally apply retroactively. Substantive rules include decisions that narrow the scope of a criminal statute by interpreting its terms.

Criminal Law & Procedure > ... > Sentencing Guidelines > Adjustments & Enhancements > Armed Career Criminals

Criminal Law & Procedure > ... > Acts & Mental States > Mens Rea > Recklessness

**HN6**[⬇]  **Adjustments & Enhancements, Armed Career Criminals**

Borden is properly understood as establishing a substantive rule because it interpreted the language of ACCA's elements clause—which is materially identical to 18 U.S.C.S. § 924(c)'s elements clause; it did not reach predicate crimes that can be committed recklessly.

Criminal Law & Procedure > ... > Extortion > Hobbs Act > Elements

**HN7**[⬇]  **Hobbs Act, Elements**

Hobbs Act robbery is a crime of violence under 18 U.S.C.S. § 924(c) based on the elements of the offense.

**Counsel:** Benjamin C. McMurray, Assistant Federal Public Defender (Kathryn N. Nester and Scott Keith Wilson, Federal Public Defenders, with him on the briefs), District of Utah, Salt Lake City, Utah, for Defendants - Appellants.

Ryan D. Tenney, Assistant United States Attorney (John W. Huber, United States Attorney, Andrea T. Martinez, Acting United States Attorney, and Jennifer P. Williams, Assistant United States Attorney, with him on the briefs), Salt Lake City, Utah, for Plaintiff - Appellee.

**Judges:** Before HOLMES, Circuit Judge, LUCERO, Senior Circuit Judge, and McHUGH, Circuit Judge.

**Opinion by:** LUCERO

# Opinion

**LUCERO**, Senior Circuit Judge.

This matter is before us on remand from the Supreme Court. As detailed in United States v. Toki, 822 F. App'x 848 (10th Cir. 2020), petitioners Sitamipa Toki, Eric Kamahele, and Daniel Maumau filed motions under 28 U.S.C. § 2255 to vacate, set aside, or correct their sentences stemming from a series of armed robberies. They made several arguments in their motions, including that their convictions under 18 U.S.C. § 924(c) for using or carrying a firearm during a crime of violence were [*2] invalid because their predicate convictions were not "crime[s] of violence" as defined by the statute. The district court denied the § 2255 motions, and we affirmed. The Supreme Court has now vacated our judgment and remanded for further consideration in light of its intervening decision in Borden v. United States, 141 S. Ct. 1817, 210 L. Ed. 2d 63 (2021), which held that a crime that can be committed with a mens rea of recklessness cannot qualify as a "violent felony" under the Armed Career Criminal Act's ("ACCA") "elements" or "force" clause, § 924(e)(2)(B)(i). Id. at 1825.

HN1[↑] The parties agree that, after Borden, offenses that can be committed recklessly are not "crime[s] of violence" under § 924(c)'s nearly identical elements clause, § 924(c)(3)(A). As a result, the petitioners' predicate assault convictions under the Violent Crimes in Aid of Racketeering statute ("VICAR"), 18 U.S.C. § 1959, cannot support their separate convictions under § 924(c). We therefore reverse in part the district court's order denying petitioners' § 2255 motions and remand with instructions to vacate their § 924(c) convictions based on violations of VICAR.

**I**

Toki, Kamahele, and Maumau were convicted of various crimes in a joint trial.[1] Each was convicted of one or more counts under VICAR, which makes it a federal crime to commit certain state crimes in aid of racketeering. § 1959(a). Those VICAR convictions [*3] were based on violations of Utah and Arizona statutes criminalizing assault with a dangerous weapon. See Utah Code Ann. § 76-5-103(1) (2008); Ariz. Rev. Stat. § 13-1204(A) (2008). The government concedes that these state crimes can be committed with a mens rea of recklessness. Each VICAR conviction formed the basis for a separate § 924(c) conviction for using or carrying a firearm during a crime of violence. Kamahele and Maumau were also convicted of additional § 924(c) counts based on their convictions for Hobbs Act robbery, 18 U.S.C. § 1951. We affirmed on direct appeal. United States v. Kamahele, 748 F.3d 984 (10th Cir. 2014).

In their § 2255 motions, petitioners argued, inter alia, that their § 924(c) convictions based on VICAR offenses violated due process. Specifically, they contended that the elements-clause definition of "crime of violence" under § 924(c)(3)(A) did not encompass crimes that could be committed recklessly, and therefore their § 924(c) convictions necessarily relied on that statute's unconstitutional "residual clause," § 924(c)(3)(B). After the district court denied this claim,[2] we granted a certificate of appealability ("COA") on the issue of whether the petitioners' "VICAR convictions based on Utah and Arizona aggravated assault are not categorically crimes of violence under the force clause of § 924(c) because they do not require the intentional use of violent [*4] force." However, counsel for petitioners conceded this issue in light of intervening circuit caselaw holding that § 924(c)'s elements clause encompasses crimes that can be committed recklessly. See United States v. Mann, 899 F.3d 898, 905 (10th Cir. 2018). We thus affirmed the district court's denial of petitioners' challenges to their § 924(c) convictions based on VICAR offenses. Toki, 822 F. App'x at 853. We also affirmed the denial of relief with respect to other issues for which a

---

[1] Because we previously summarized the events giving rise to this appeal, see Toki, 822 F. App'x at 850-52, we recite only those facts relevant to our reconsideration of petitioners' § 924(c) claims.

[2] The district court concluded that petitioners' challenges to their § 924(c) convictions were untimely. See Kamahele v. United States, No. 2:15-cv-00506-TC, 2017 U.S. Dist. LEXIS 127321, 2017 WL 3437671, at *11-14 (D. Utah Aug. 10, 2017). Petitioners initially argued that their § 2255 motions, which were filed more than a year after their convictions became final, were timely because they were filed within a year of Johnson v. United States, 576 U.S. 591, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015). See § 2255(f)(3) (stating that a § 2255 claim based on a right that "has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" is timely if filed within one year of the date the right was recognized). Johnson held that ACCA's residual clause was unconstitutionally vague. 576 U.S. at 601-02. Petitioners contended that Johnson likewise compelled the invalidation of § 924(c)'s similar residual clause, an argument the district court rejected. See Kamahele, 2017 U.S. Dist. LEXIS 127321, 2017 WL 3437671, at *13-14. While petitioners' appeals were pending, the Supreme Court held that § 924(c)'s residual clause was unconstitutional. See United States v. Davis, 139 S. Ct. 2319, 2336, 204 L. Ed. 2d 757 (2019). Because Davis recognized the right asserted by petitioners as the basis for their § 2255 motions, the government asked that we waive the timeliness issue and rule on the merits of petitioners' claims. See Toki, 822 F. App'x at 852. It has renewed this request on remand. We therefore once again assume petitioners' motions are timely and proceed to the merits of their § 924(c) claims.

COA was granted, denied a COA on other claims, and dismissed the appeals. Id. at 853-58.

Kamahele and Maumau petitioned for a writ of certiorari,[3] seeking review, inter alia, of whether "a crime that can be committed recklessly qualif[ies] categorically as a 'crime of violence' under the force clause of § 924(c)." On October 4, 2021, the Supreme Court granted the petitions, vacated our judgment, and remanded for further consideration in light of Borden. We requested supplemental briefing from the parties to address the effect of Borden on petitioners' challenges to their § 924(c) convictions.

## II

We agree with the parties that, after Borden, petitioners' VICAR convictions based on Utah and Arizona statutes criminalizing assault with a dangerous weapon cannot support their separate convictions under § 924(c). Those § 924(c) convictions were thus [*5] "imposed under an invalid—indeed, unconstitutional—legal theory" and must be vacated. United States v. Bowen, 936 F.3d 1091, 1108 (10th Cir. 2019) (quotation omitted).

HN2[⬆] Section 924(c) makes it a crime to use or carry a firearm "during and in relation to any crime of violence or drug trafficking crime." § 924(c)(1)(A). It defines a "crime of violence" as:

> [A]n offense that is a felony and—
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

§ 924(c)(3). In United States v. Davis, 139 S. Ct. 2319, 204 L. Ed. 2d 757 (2019), the Supreme Court held that the statute's residual clause—§ 924(c)(3)(B)—is unconstitutionally vague. Id. at 2336. We subsequently held that Davis announced a new substantive rule that applies retroactively on collateral review. Bowen, 936 F.3d at 1100-01. Therefore, petitioners' § 924(c) convictions must be based on predicate offenses that are categorically crimes of violence as defined by the elements clause, § 924(c)(3)(A).

HN3[⬆] In Borden, the Supreme Court held that an offense

that can be committed recklessly does not categorically meet the definition of a "violent felony" under ACCA's elements clause. Borden, 141 S. Ct. at 1825. ACCA's elements clause is nearly identical to the elements clause of § 924(c). Both [*6] require that a predicate offense "has as an element the use, attempted use, or threatened use of physical force against . . . another." §§ 924(c)(3)(A), 924(e)(2)(B)(i). The Court in Borden reasoned that "[t]he phrase 'against another,' when modifying the 'use of force,' demands that the perpetrator direct his action at, or target, another individual." Borden, 141 S. Ct. at 1825. Reckless conduct cannot satisfy this standard because it "is not aimed in that prescribed manner." Id.

On remand, the government concedes that Borden's reasoning applies in kind to § 924(c)'s elements clause. HN4[⬆] Indeed, we have previously held that the elements clauses of ACCA and § 924(c) should be interpreted identically with respect to what mens rea they require. See Mann, 899 F.3d at 907-08 (concluding that while § 924(c)(3)(A), unlike ACCA's elements clause, also reaches property crimes, this fact "does not offer a meaningful basis for a mens rea distinction" (cleaned up)). We therefore hold that, after Borden, an offense that can be committed recklessly is not categorically a "crime of violence" under § 924(c)'s elements clause. To the extent that our decision in Mann held to the contrary, it is overruled by Borden.

Moreover, and as the government likewise concedes, the new rule announced by Borden applies retroactively to the instant appeals. HN5[⬆] While [*7] new constitutional rules of criminal procedure usually do not apply to cases which have already become final, see Teague v. Lane, 489 U.S. 288, 310-11, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989), new substantive rules announced by the Supreme Court "generally apply retroactively." Schriro v. Summerlin, 542 U.S. 348, 351, 124 S. Ct. 2519, 159 L. Ed. 2d 442 (2004). Substantive rules include decisions "that narrow the scope of a criminal statute by interpreting its terms." Id.; see also Bousley v. United States, 523 U.S. 614, 620-21, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998) (holding that the rule announced in Bailey v. United States, 516 U.S. 137, 116 S. Ct. 501, 133 L. Ed. 2d 472 (1995), which narrowed the scope of the term "use" in § 924(c), applied retroactively). HN6[⬆] Borden is properly understood as establishing a substantive rule because it interpreted the language of ACCA's elements clause—which, as discussed above, is materially identical to § 924(c)'s elements clause—and held it did not reach predicate crimes that can be committed recklessly. Borden, 141 S. Ct. at 1825. Accordingly, we accept the government's concession that Borden's rule applies to our review of petitioners' § 924(c) claims.

In light of the above, petitioners are entitled to relief from

---

[3] Toki did not petition for certiorari because he was out of custody at the time Kamahele's and Maumau's respective petitions were filed. He is now back in custody pursuant to a supervised release violation in this case.

their VICAR-based § 924(c) convictions. The government concedes that, pursuant to Borden, petitioners' VICAR convictions for crimes that can be committed recklessly cannot satisfy § 924(c)'s elements-clause definition of a crime of violence. Those convictions also cannot qualify as valid § 924(c) predicates under the unconstitutional residual clause. [*8]  See Bowen, 936 F.3d at 1100-01. Petitioners' VICAR offenses are therefore not "crime[s] of violence" that can support their separate § 924(c) convictions. The trial court erred when it instructed the jury otherwise. Moreover, the trial court's error had a "substantial and injurious effect or influence in determining the jury's verdict," and therefore was not harmless. Brecht v. Abrahamson, 507 U.S. 619, 637, 113 S. Ct. 1710, 123 L. Ed. 2d 353 (1993) (quotation omitted). Had the trial court correctly concluded that petitioners' VICAR offenses were not crimes of violence, the jury could not have convicted them of § 924(c) crimes based on those offenses. See Bowen, 936 F.3d at 1109.

While petitioners' § 924(c) convictions based on VICAR must be vacated, we reaffirm those portions of our Order and Judgment denying relief on petitioners' other claims. See Toki, 822 F. App'x at 853-58. Notably, petitioners do not argue that Borden undermined the validity of Kamahele's and Maumau's § 924(c) convictions predicated on Hobbs Act robbery. See United States v. Melgar-Cabrera, 892 F.3d 1053, 1061-66 (10th Cir. 2018) (holding that HN7[⬆] Hobbs Act robbery is a crime of violence under § 924(c) based on the elements of the offense).

## III

We **REVERSE IN PART** the district court's order denying petitioners' § 2255 motions and **REMAND** with instructions to **VACATE** petitioners' § 924(c) convictions that are based on predicate VICAR offenses.

End of Document

Heather Lockwood