In the United States District Court
For the Eastern District of Oklahoma

Kenneth Eugene Barrett    ⟨
            Movant              ⟩    6:04-CV-00115
V.                                ⟩
United States of America  ⟩    Capital Case.
        Respondent          ⟩

FILED
AUG 1 4 2023
BONNIE HACKLER
U.S. District Court
Deputy Clerk

_____

Petitioner's Motion for Ruling on Pending Motion
            to Alter
_____

Kenneth E. Barrett, Movant files this Motion requesting the Court to rule without further delay on his pending Motion to Alter and Amend pursuant to Rule 59 (e) filed one (1) year ago, on January 3rd 2022, Doc 469.

Movant files this motion Pro-Se As he is currently without Habeus/Appellate counsel since his Habeus counsel withdrew on Febuary 1st 2023 And this Court granted the Motion to Withdraw two (2) days later on Febuary 3, 2023,

①

Movant has trial counsel for his pending resentencing trial, but does not have habeus counsel to handle these issues in the Tenth Circuit Court of Appeals.

Barrett belives qualified habeus counsel will be assighned to handle this motion if this court does not reconsider it's prior ruling and denies the motion pursuant to the new Constritional rules in DAVIS.

Barrett has talked to a Attorney by the name of Grant Smith from the Denver, Colorado Federal Defenders Office who has read Movants relitive documents and agreed to take the case.

But without a ruling Movant will remain without counsel.

However as stated, untill this Court rules, Movant is without any choice but to request, without counsel, that this Court rule on the pending Motion in Doc 469.

On November 29th 2019, The Tenth Circuit Court of Appeals granted Barrett's Authority to file under United States V. DAVIS, 588 U.S ___, 139 S.ct. 2319 (2019)

②

in Document 010110267830, December 19, 2019, Movant's counsel filed A quick and timely motion with this District Court. It was well over three (3) years ago that the 28 U.S.C § 2255 motion to Vacate, Set Aside and Correct Conviction And Sentence Under United States V. Davis was filed. Doc 453.

The issues were briefed for this Court by February 7th 2020. Twenty Two months later, this Court denied the motion and entered Judgement thereon December 6th 2021. These rulings are found in Docs 467, 468.

In the Courts ruling Judge White made several claims that are not supported by the record. Judge White claimed that he was in part denying relife because the jury had never got to the residule part of 924(c) when handing down thier sentences

Yet nothing could be further from the Truth! In fact Movant in Doc 453 showed how Judge Payne went against both the goverments and defence counsels position As to the jury instructions.

③

When Judge Payne removed, the "intentional killing" part from the jury instructions. Which would be the elements part of not just Count 2 the 924 (c) conviction, but also counts 1 and 3.

Because Judge Payne instructed the jury, "that all of Barretts offences were Crimes of Violance".

The very part that the Supreme Court struck down in Davis. That the langage of a "Crime of Violance" was to vague.

Therefore the "Intire" jury was left with decieding all 3 of Barretts convictions on the "Unconstitional" part of 924 (c).

Resently in USA vs. Kenneth Jamal Lighty 4th circuit Doc 678, Lighty's convictions on other counts than his 924 (c) were vacated. Due to the fact that at least one jurior may have used the Unconstitional count in order to convict Lighty on his other counts.

④

In Movant's case the "Intire" jury used the unconstitional part of 924(c) to convict Barrett of all 3 counts due to Judge Payne's own instructions. The movant currently awaits a new sentencing trial on count 3.

Count 2 the 924(c) conviction should be vacated under Davis and Count 1 should be vacated also and be part of the resentencing trial due to Judge Paynes use of the residule part of 924 (c) in order to convict Barrett of all 3 counts.

Furthermore, less than thirty days after movants habeus counsel timely filed the pending Doc 469 motion to Alter and Amend on January 3rd 2022. A week later the gouerment filed it's opposition on January 10th 2022. Doc 471. Absent any action by this Court, on April 14th 2022, counsel filed a Notice of Supplemental Authority. Doc 472 to encourage this Court to rule.

⑤

On September 29th 2022, 8 months after the motion had been fully briefed, and pursuant to Local Criminal Rule 1.2 and Local Civil Rule 7.1 (1). Mr Barrett gave this Court Notice that the matter had been under Advisement for more than 90 days.

On 10-19-22 the government filed a Notice of Supplemental Authority in Support of Opposition to Motion to Alter or Amend Judgement. Doc 476.

In support of the government's motion they use a case from the Eastern District of Virgina. United States V. Tipton, no. 3:92 cr 68 and 3:22 cv 99, 2022 WL 5249440, *10-13 (E.D. VA, Oct 6, 2022).

Maybe the government should of read the case that they used as support.

Because it's right there in black and white of the last page of the opinion in Tiptons case. Tiptons 924(c) conviction was Vacated due to Davis.

⑥

Judge White also claims that he relied on Barrett's "PSR" to aid him in his decion. Problem with that is that Barrett has NO Presentencing Report. One was never done in the federal jurisdiction. A PSI (Pre Sentencing Investigation) was done in State court jurisdiction. Not only was that in a different jurisdiction. But Barrett was only convicted of Manslaughter in State Court for the death of Trooper Eales.

No apparent reason exist for the delay in ruling on the motion. Failure to rule on the pending motion unduly restricts Barrett's ability to pursue further and other remedies for relife, including appeal there of if nessasary. Importantly Movant is unrepresented in the Tenth Circuit untill this Court rules on the pending motion. Further delay in disposition of the pending 59(e) motion is unnecessary and contrary to movant's right to relife in a reasonable period of time and his rights to "Due Process".

⑦

Movant's DAVIS issue has been pending for years And Movant request that the issue moves foreword In one way or the other.

Movant respectfully request the Court to rule on the pending Motion to Alter and Amend And Amend under 59(e) without Any further delay And grant him the relief requested therein, or Alternatively, deny-relife permit Movant to seek relife in the Circuit Court of Appeals. To do otherwise subverts the cause of justice And Mr Barrett's constitutional rights to counsel And to the "Due Process" of law.

Dated this 26th day of July, 2023
Respectfully Submitted
Kenneth E Barrett
#04342-063
P. O Box 33
Terre Haute, IN
47808 .

⑧

Certificate of Service

The undersigned certifies that on July 27th 2023 a copy of the foregoing movants Motion for Ruleing on Pending motion to Alter or Amend was mailed to

Jeffrey B Kahn
United States Department of Justice
1331 F Street NW
Washington, DC 20530
        And
Christopher J. Wilson
United States Attorney
1200 W. Okmulgee Street
Muskogee, OK 74401

                    Signed.
                        Kenneth E Barrett

⑨