IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,        )
                                 )
         Respondent/Plaintiff,   )
                                 )
v.                               )        Case No. CR-04-115-RAW
                                 )
KENNETH EUGENE BARRETT,          )
                                 )
         Petitioner/Defendant.   )

**ORDER**

Before the court is the motion of the petitioner to alter or amend judgment (#469). The government has filed a response (##471). Petitioner requested leave to file a reply (#469 at 11) but did not do so. This court previously (#467) denied petitioner's second or successive motion pursuant to 28 U.S.C. §2255, and denied a certificate of appealability (COA). That order recounts the procedural background of the case and is incorporated herein by reference.

This court described an admittedly counterintuitive concept that, in order to "actually rely" on a new rule of constitutional law, a second or successive §2255 motion must <u>successfully</u> assert such reliance. That is, the district court examines the merits of the argument and, if the district court concludes the argument to be unsuccessful on the merits, the second or successive petition is dismissed on a procedural basis rather than denied on the merits.

This court cited *United States v. Bazile,* 2020 WL 6087830 (N.D.Okla.2020), which appeared to employ this analysis. Also to this effect is *United States v. Moore,* 2021 WL

2657002 (N.D.Okla.2021).  Petitioner objects, stating that the court misunderstands the procedural question related to its gatekeeping obligation under §2255(h).  In the court's view, this is less than a major issue.  Under the standard described above, the district court necessarily considers the merits, even if that results in the motion being procedurally dismissed.  The court described the dismissal, but added: "Alternatively, [the motion] is denied on the merits."  (#467 at 6).  Petitioner's contentions that "[b]y conflation, this Court mistakenly transformed a procedural question into a merits question" (#469 at 4) and "[t]his Court should set aside its decision on the procedural question and reconsider the denial on the merits" (*Id.* at 5) do not alter the ultimate result, except perhaps as to the grant or denial of a COA, a matter discussed later.

Petitioner also objects to "this Court's failure to adequately address the merits of the claim as it relates to the residual clause and the intent required for the alleged predicate crime of violence."  (*Id.* at 1). The court finds its previous discussion was adequate, but authority rendered subsequent to the ruling reinforces the conclusion reached.  To reiterate the court's previous order, the core question presented is whether 21 U.S.C. §848(e)(1)(B) constitutes a crime of violence under the elements clause of 18 U.S.C. §924(c)(3)(A), as opposed to the residual clause of §924(c)(3)(B).[1]

---

[1]"Movant was convicted of using or carrying a firearm during and in relation to a crime of violence or possessing a firearm in furtherance of a crime of violence under 18 U.S.C. §924(c).  He alleges that the underlying offense qualified as a 'crime of violence' only as that term is defined in §924(c)(3)'s residual clause.  The Supreme Court invalidated this clause as unconstitutionally vague in *United States v. Davis,* 139 S.Ct. 2319, 2336 (2019)."  (#452 at 1).

In the court's previous order, it stated: "[t]here is no explicit authority as to whether 21 U.S.C. §848(e)(1)(B) constitutes a crime of violence under the elements clause of 18 U.S.C. §924(c)(3)(A)." (#467 at 4-5)(footnote omitted).  This observation remains correct.  There is, however, more recent authority addressing §848(e)(1)(A), which has very similar pertinent language.[2]   Specifically, a defendant may be guilty of either offense if *inter alia* he or she "intentionally kills" or "counsels, commands, induces, procures, or causes the intentional killing" and "such killing results."

In *United States v. Smith,* 605 F.Supp.3d 1 (D.D.C.2022), the court discussed arguments similar to those petitioner makes in the case at bar, and concluded section 848(e)(1)(A) constitutes a crime of violence.  *Id.* at 18-24.  To the same effect (indeed, citing the *Smith* decision) is *United States v. Tipton,* 2022 WL 5249440, **11-12 (E.D.Va. 2022).  This court finds these decisions persuasive.  Still further, petitioner's contention that murder as defined in 18 U.S.C. §1111 is not a crime of violence under the "force clause" or "elements clause" was recently rejected by the Tenth Circuit in *United States v. Kepler,* 74 F.4th 1292, 1303-12 (10th Cir.2023)(second-degree murder under §1111(a) as well as second-degree felony murder).  Accordingly, this court affirms its previous decision.

---

[2]Section 848(e) does not apply solely to section 848 offenses.  Section 848(e)(1)(A) also covers intentional killing while "engaging in an offense punishable under section 841(b)(1)(A) of this title or section 960(b)(1) of this title.  Section 848(e)(1)(B) applies even more broadly to the intentional killing of a law enforcement officer pursuant to a felony violation of this subchapter or subchapter II [of this chapter].  *See United States v. NJB,* 104 F.3d 630, 633 (4th Cir.1997).  The language pertinent to the "crime of violence" analysis does not differ between the two statutes.

Finally, petitioner requests this court to grant a certificate of appealability, which the court denied in its previous order. Here, the court agrees. To obtain a certificate of appealability, petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). Where a claim has been denied on the merits, the movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Where a claim has been dismissed on procedural grounds, the movant must also demonstrate that the district court's procedural ruling was debatable. *Id.*

The court previously denied the second or successive 2255 motion on procedural grounds, but because what appears to be the standard is counterintuitive or uncertain, the court also stated the motion was (in the alternative) denied on the merits. In other words, this court's procedural ruling is "debatable." As to the merits, there is no authority directly on point and the court has relied on two district court decisions regarding a similar statute to the one under challenge. Thus, petitioner has demonstrated that reasonable jurists would find this court's assessment at least debatable.

The court does not, however, grant a COA as to issues petitioner raised in the second or successive 2255 motion which the court found to be beyond the scope of the Tenth Circuit's authorization, which was "to file a second or successive §2255 motion in district court challenging his §924(c) conviction and sentence under *Davis."* (#452 at 2).

It is the order of the court that the petitioner's motion to alter or amend judgment (#469) is hereby granted in part and denied in part. The motion is granted in that the court grants a certificate of appealability solely as to the issue specified by the Tenth Circuit in granting authorization for the filing of a second or successive habeas petition. In all other respects, the motion to alter or amend is denied.

The petitioner's pro se motion for ruling (#481) is deemed moot.

**ORDERED THIS 13th DAY OF NOVEMBER, 2023.**

_____
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**