UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,          )
                                   )
          *Plaintiff*,             )
                                   )
v.                                 )          Case No. CR-04-115-P
                                   )
KENNETH EUGENE BARRETT,            )
                                   )
          *Defendant.*             )

## NOTICE OF INTENT TO SEEK DEATH PENALTY AS TO DEFENDANT KENNETH EUGENE BARRETT REGARDING COUNTS ONE AND TWO OF THE SUPERSEDING INDICTMENT

The United States of America notifies the Court and defendant, Kenneth Eugene Barrett, under Chapter 228 (Sections 3591-3598) of Title 18 United States Code, that if defendant is convicted for the intentional killing of David Eales, as charged by Counts One and Two of the Superseding Indictment, the government will seek the sentence of death for Kenneth Eugene Barrett as to each offense.

As required by 18 U.S.C. §§ 3593(a), (d), and (e), for Counts One and Two, the United States will introduce evidence establishing beyond a reasonable doubt:

a.    One or more of the statutory proportionality factors set forth by 18 U.S.C. § 3591(a)(2)(A-D), and

b.    One or more of the statutory aggravating factors set forth by 18 U.S.C. §§ 3592(c)(1)-(16).

As permitted by 18 U.S.C. §§ 3593(a) and (d), the United States will also seek to

prove certain non-statutory aggravating factors set forth in this Notice. The United States believes that the circumstances of each charged offense are such that, if the defendant, Kenneth Eugene Barrett, is convicted of either charge, a sentence of death is justified under Chapter 228 of Title 18 of the United States Code.

The United States will seek to prove the following factors as justifying a sentence of death as to Counts One and Two.

A. Statutory Proportionality Factors under 18 U.S.C. § 3591(a)(2)(A-D):

1.    **Intentional Killing.** The defendant intentionally killed the victim, David Eales. 18 U.S.C. § 3591(a)(2)(A).

2.    **Intentional Infliction of Serious Bodily.** The defendant intentionally inflicted serious bodily injury that resulted in the death of the victim, David Eales. 18 U.S.C. § 3591(a)(2)(B).

3.    **Intentional Act to Take Life or Use Lethal Force.** The defendant intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim, David Eales, died a direct result of the act. 18 U.S.C. § 3591(a)(2)(C).

4.    **Intentional Act in Reckless Disregard for Life.** The defendant intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in

2

the act constituted a reckless disregard for human life, and the victim, David Eales, died as a direct result of the act. 18 U.S.C. § 3591(a)(2)(D).

B. Statutory Aggravating Factors under 18 U.S.C. §§ 3592(c)(1)-(16):

1.    **Grave Risk of Death to Additional Persons.** The defendant, in the commission of the offenses charged in Counts One and Two of the Superseding Indictment, or in escaping apprehension for the violation of these offenses, knowingly created a grave risk of death to one or more persons, to-wit: the other law enforcement officers involved in the tactical entry, except for Trooper John Mark Hamilton, Jr., in addition to the victim of the offenses, David Eales. 18 U.S.C. § 3592(c)(5).

2.    **Multiple Killings or Attempted Killings.** The defendant killed or attempted to kill more than one person, to-wit: John Mark Hamilton, Jr., and Trooper David Eales, in a single criminal episode. 18 U.S.C. § 3592(c)(16).

3.    **Substantial Planning and Premeditation.** The defendant committed the offenses as charged in Counts One and Two of the Superseding Indictment after substantial planning and premeditation to cause the death of a person. 18 U.S.C. §3592(c)(9).

C. Non-Statutory Factors Under 18 U.S.C. § 3593(a):

1.    **Future Dangerousness.** The defendant is likely to commit criminal acts of violence in the future which would be a continuing and serious threat to the lives and safety of other persons, including, but not limited to, inmates and correctional officers in an institutional correctional setting as evidenced by the offenses charged in the Superseding

3

Indictment and the statutory and non-statutory aggravating factors alleged in this Notice. Simmons v. South Carolina, 114 S.Ct. 2187, 2193 (1994). The circumstances that demonstrate the defendant's future dangerousness include but are not limited to the capital offenses charged in the Superseding Indictment and the statutory and non-statutory aggravating factors alleged in this Notice. In addition, the defendant's dangerousness is demonstrated by his making non-specific and specific threats of violence; his non-verbal threats of violence directed toward others; his plans to commit acts of violence against others and his encouragement and solicitation of the commission of acts of violence against others. These include, but are not limited to:

a.    Barrett advised others that he intended to kill law enforcement officers if they came upon his property.

b.    Barrett posted a sign upon his property which stated "Keep out I don't give a shit who you are! If cross my gate or come on my property Ill shoot."

c.    Barrett would obtain and carry a firearm when a vehicle which he did not recognize came onto his property.

d.    Barrett, in or about January, 2000, communicated with certain individuals that the identity of the confidential informant should be learned and that the confidential informant should be taken care of.

e.    Barrett, in about the fall of 1998, exited his residence holding an

"AK47" or "SKS" type rifle which Barrett pointed in the direction of Sequoyah County Deputy Sheldon Fair.

f.    Barrett, in about January, 1998, did intentionally accelerate through a vehicle check point in Sequoyah County, Oklahoma, endangering multiple law enforcement officers.

The defendant, Kenneth Eugene Barrett, represents a continuing, serious threat to the lives and safety of others. His future dangerousness is shown by his commission of other acts of violence or potential violence, and by his threats of violence to others.

2.    **Victim Impact Evidence.** The defendant caused injury, harm, and loss to the victim, the victim's family, and the victim's friends as demonstrated by the victim's personal characteristics as an individual human being and the impact of the death upon the victim's family and friends. Payne v. Tennessee, 111 S.Ct. 2597, 2608-09 (1991). The United States will present information concerning the effect of the offense on the victim and his family, which may include oral testimony, a victim impact statement that identifies the person named in Counts One and Two of the Superseding Indictment as the victim of the offense, and the extent and scope of the injury and loss suffered by the victim, his family, and any other relevant information. The victim's characteristics as an individual included one or more of the following:

David Eales was a loving and devoted husband and a caring father for two small children.

5

The family of the victim has suffered injury, harm and loss, as a result of the victim's death, including, but not limited to one or more of the following:

The loss of a life companion to Kelli Eales and a loving, caring father to Allison Eales and Mackey Eales.

The Government further gives notice that in support of imposition of the death penalty, it intends to rely upon all the evidence admitted by the Court at the guilt phase of the trial and the offenses of conviction as described in the Superseding Indictment as such relate to the background and character of the defendant, Kenneth Eugene Barrett, in his moral culpability, and the nature and circumstances of the offenses charged in the Superseding Indictment.

Dated: February 15, 2005.

SHELDON J. SPERLING, #8502
United States Attorney
D. Michael Littlefield, #5461
Assistant United States Attorney
1200 West Okmulgee
Muskogee, OK 74401
Telephone (918) 684-5100

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | **Case No. CR-04-115-P** |
| | ) | |
| KENNETH EUGENE BARRETT, | ) | |
| | ) | |
| *Defendant.* | ) | |

**NOTICE OF INTENT TO SEEK DEATH PENALTY AS TO**
**DEFENDANT KENNETH EUGENE BARRETT REGARDING**
**COUNT THREE OF THE SUPERSEDING INDICTMENT**

Pursuant to the requirements of Title 21, United States Code, Section 848(h), the United

States hereby gives notice that it believes that the circumstances of this case are such that, in the

event that the defendant, Kenneth Eugene Barrett, is convicted of the capital offense relating to

the death of the victim, David Eales, as identified in Count Three of the Superseding Indictment,

a sentence of death is justified and that the United States will seek the death penalty.

Specifically, the United States will seek a sentence of death for Count Three of the Superseding

Indictment, which charges the defendant with the intentional murder of a law enforcement

officer engaged in the performance of his official duties, while engaged in a narcotics offense

in violation of Title 21, United States Code, Section 848(e)(1)(B).

**Murder of David Eales**
(Count Three)

A.    **Preliminary Factors**

Pursuant to Title 21, United States Code, Sections 848(h) and 848(n)(1), the United

States will rely on the following preliminary factors to establish the defendant's eligibility for the death penalty as to Count Three:

1.    The defendant, Kenneth Eugene Barrett, intentionally killed the victim, David Eales. [21 U.S.C. § 848(n)(1)(A)].

2.    The defendant, Kenneth Eugene Barrett, intentionally inflicted serious bodily injury which resulted in the death of the victim, David Eales. [21 U.S.C. § 848(n)(1)(B)].

3.    The defendant, Kenneth Eugene Barrett, intentionally engaged in conduct intending that the victim be killed or that lethal force be employed against the victim, which resulted in the death of the victim, David Eales. [21 U.S.C. § 848(n)(1)(C)].

4.    The defendant, Kenneth Eugene Barrett, intentionally engaged in conduct which the defendant knew would create a grave risk of death to a person, other than one of the participants in the offense; and resulted in the death of the victim, David Eales as alleged in Count 3. [21, U.S.C. § 848(n)(1)(D)].

**B.    Statutory Aggravating Factors**

Pursuant to Title 21, United States Code, Sections 848(h) and 848(n)(1), the United States will rely on the following statutory aggravating factors as justifying a sentence of death as to Count Three:

1.    The defendant, Kenneth Eugene Barrett, in the commission of the offense as alleged in Count 3 and in escaping apprehension for a violation of said offense knowingly

2

created a grave risk of death to one or more persons in addition to the victim of the offense, David Eales. [ 21, U.S.C. § 848(n)(5)].

2.    The defendant, Kenneth Eugene Barrett, committed the offense as alleged in Count Three of the Superseding Indictment after substantial planning and premeditation. [21 U.S.C. § 848(n)(8)].

C.    **Non-Statutory Aggravating Factors**

1.    **Future Dangerousness.**  The defendant is likely to commit criminal acts of violence in the future which would be a continuing and serious threat to the lives and safety of other persons, including, but not limited to, inmates and correctional officers in an institutional correctional setting as evidenced by the offenses charged in the Superseding Indictment and the statutory and non-statutory aggravating factors alleged in this Notice. Simmons v. South Carolina, 114 S.Ct. 2187, 2193 (1994).  The circumstances that demonstrate the defendant's future dangerousness include but are not limited to the capital offenses charged in the Superseding Indictment and the statutory and non-statutory aggravating factors alleged in this Notice.  In addition, the defendant's dangerousness is demonstrated by his making non-specific and specific threats of violence; his non-verbal threats of violence directed toward others; his plans to commit acts of violence against others and his encouragement and solicitation of the commission of acts of violence against others.  These include, but are not limited to:

a.    Barrett advised others that he intended to kill law enforcement officers if they came upon his property.

a.    Barrett posted a sign upon his property which stated "Keep out I don't

3

give a shit who you are!  If cross my gate or come on my property Ill

shoot."

b.    Barrett would obtain and carry a firearm when a vehicle which he did not

recognize came onto his property.

c.    Barrett, in or about January, 2000, communicated with certain individuals

that the identity of the confidential informant should be learned and that

the confidential informant should be taken care of.

d.    Barrett, in about the fall of 1998, exited his residence holding an "AK47"

or "SKS" type rifle which Barrett pointed in the direction of Sequoyah

County Deputy Sheldon Fair.

e.    Barrett, in about January, 1998, did intentionally accelerate through a

vehicle check point in Sequoyah County, Oklahoma, endangering multiple

law enforcement officers.

The defendant, Kenneth Eugene Barrett, represents a continuing, serious threat to the lives and

safety of others.  His future dangerousness is shown by his commission of other acts of violence

or potential violence, and by his threats of violence to others.

2.    **Victim Impact Evidence.**  The defendant caused injury, harm, and loss to the

victim, the victim's family, and the victim's friends as demonstrated by the victim's personal

characteristics as an individual human being and the impact of the death upon the victim's

family and friends. Payne v. Tennessee, 111 S.Ct. 2597, 2608-09 (1991). The United States will

present information concerning the effect of the offense on the victim and his family, which may

4

include oral testimony, a victim impact statement that identifies the person named in Count Three of the Superseding Indictment as the victim of the offense, and the extent and scope of the injury and loss suffered by the victim, his family, and any other relevant information. The victim's characteristics as an individual included one or more of the following:

David Eales was a loving and devoted husband and a caring father for two small children. The family of the victim has suffered injury, harm and loss, as a result of the victim's death, including, but not limited to one or more of the following:

The loss of a life companion to Kelli Eales and a loving, caring father to Allison Eales and Mackey Eales.

The Government further gives notice that in support of imposition of the death penalty, it intends to rely upon all the evidence admitted by the Court at the guilt phase of the trial and the offenses of conviction as described in the Superseding Indictment as such relate to the background and character of the defendant, Kenneth Eugene Barrett, in his moral culpability, and the nature and circumstances of the offense charged in the Superseding Indictment.

Dated: February 15, 2005.

SHELDON J. SPERLING, #8502
United States Attorney
D. Michael Littlefield, #5461
Assistant United States Attorney
1200 West Okmulgee
Muskogee, OK 74401
Telephone (918) 684-5100

5