# IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CR-04-115-P |
| | ) | |
| KENNETH EUGENE BARRETT, | ) | |
| | ) | |
| Defendant. | ) | |

## INSTRUCTIONS TO THE JURY



KEB000924

Instruction No.___/___

## OPENING

Ladies and gentlemen of the jury, you have heard the evidence and will hear the arguments of counsel, and it is now my duty to instruct you as to the law in this case.

You are the sole and exclusive judges of the facts, but the Court is the judge of the law, and it is your duty to accept the law as given to you by the Court. It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts as you find them from the evidence in the case. You are not to single out one Instruction alone as stating the law, but must consider the Instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by me.

Nothing I say in these Instructions is to be taken as an indication that I have any opinion about the facts of the case, or what that opinion is. It is not my function to determine the facts, but rather yours.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be governed by sympathy,

KEB000925

prejudice or public opinion. All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences. The punishment provided by law for the offenses charged in the superseding indictment is not to be considered by you in arriving at an impartial verdict as to whether the Defendant, Kenneth Eugene Barrett, is guilty or not guilty.

KEB000926

Instruction No. 2

## OFFENSES CHARGED

The court has previously read the superseding indictment charging the

Defendant, a copy of which is attached to these instructions.

KEB000927

# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

      *Plaintiff,*

v.

KENNETH EUGENE BARRETT,

      *Defendant.*

)
)
)
)
)
)
)
)
)
)

No.CR-04-115-P

**FILED**

FEB 0 9 2005

W~~ B. Guthrie
Clerk, U.S. District Court

_____
Deputy Clerk

## SUPERSEDING INDICTMENT

The Federal Grand Jury charges:

## COUNT 1

[Title 18, United States Code, Sections 924(c)(1)(A) and (j)]
[Use and Carry a Firearm During and Relation to Drug Trafficking Crimes and Possess a Firearm in Furtherance of Such Drug Trafficking Offenses, Resulting in Death]

On or about the 24th day of September, 1999, in Sequoyah County, Eastern District of Oklahoma, **KENNETH EUGENE BARRETT**, the defendant herein, did knowingly use and carry, during and in relation to, and possess in furtherance of drug trafficking crimes, to-wit: possession of 181.6 grams of pseudoephedrine, a list I chemical and 144.3 grams of iodine, a list II chemical, knowing or having reasonable cause to believe that the pseudoephedrine and iodine would be used to manufacture methamphetamine, in violation of Title 21, United States Code, Section 841(c); possession of red phosphorous, a precursor chemical, knowing, intending, and having reasonable cause to believe that it would be used to manufacture methamphetamine, in violation of Title 21, United States Code, Section 843(a)(6); attempting to manufacture methamphetamine, in violation of Title 21, United States Code, Sections 846 and 841(a); and maintaining a place for the purpose

KEB000928

of manufacturing, distributing, and using methamphetamine, in violation of Title 21, United States Code, Section 856, the following firearms, to-wit: one Ruger-M77 Mark II , with scope, serial #78233413; one Ithica Deerslayer, 12 gauge shotgun, serial #371425235; one Fabrigue National, 16 gauge shotgun, serial #65701; one Savage 24H-DL Over Under .22 caliber/20 gauge shotgun; one Ruger 77/22 and scope, serial #720-10989; one Remington Model 700, 30-06 rifle with scope, serial #C6717537; one Remington Model 7400, 30-06 rifle, scope, mag and case, serial #8582164; one .22 caliber rifle, no brand name with case, serial #1370; one Browning Arms Company .22 caliber rifle with scope, serial #05577NP242; one Smith and Wesson .9 mm, model 915, semi-automatic pistol, serial number VAV3270; and one .223 Colt Model Sporter Match H-Bar rifle, serial #MH043631, and in the course of this violation, caused the death of David Eales through the use of a firearm, such killing being murder as defined in Title 18, United States Code, Section 1111, in that it was an unlawful, willful, deliberate, malicious and premeditated killing committed with malice aforethought.

All in violation of Title 18, United States Code, Sections 924(c)(1)(A) and (j).

## COUNT 2

[Title 18, United States Code, Sections 924(c)(1)(A) and (j)]
[Use and Carry a Firearm During and Relation to a Crime of Violence and Possess a Firearm in Furtherance of Such Crime of Violence]

On or about the 24th day of September, 1999, in Sequoyah County, Eastern District of Oklahoma, **KENNETH EUGENE BARRETT**, the defendant herein, did knowingly use and carry, during and in relation to, and did knowingly possess in furtherance of, a crime of violence, to-wit: Title 21, United States Code, Section 848(e)(1)(B), the killing of a state law enforcement officer

KEB000929

engaged in or on account of the performance of such officer's official duties, a firearm, to-wit: one Ruger-M77 Mark II, with scope, serial #78233413; one Ithica Deerslayer, 12 gauge shotgun, serial #371425235; one Fabrigue National, 16 gauge shotgun, serial #65701; one Savage 24H-DL Over Under .22 caliber/20 gauge shotgun; one Ruger 77/22 and scope, serial #720-10989; one Remington Model 700, 30-06 rifle with scope, serial #C6717537; one Remington Model 7400, 30-06 rifle, scope, mag and case, serial #8582164; one .22 caliber rifle, no brand name with case, serial #1370; one Browning Arms Company .22 caliber rifle with scope, serial #05577NP242; one Smith and Wesson .9 mm, model 915, semi-automatic pistol, serial number VAV3270; and one .223 Colt Model Sporter Match H-Bar rifle, serial #MH043631, and in the course of this violation, caused the death of David Eales through the use of a firearm, such killing being murder as defined in Title 18, United States Code, Section 1111, in that it was an unlawful, willful, deliberate, malicious and premeditated killing committed with malice aforethought.

All in violation of Title 18, United States Code, Sections 924(c)(1)(A) and (j).

KEB000930

## COUNT 3

[Title 21, United States Code, Section 848(e)(1)(B)]
[Intentionally Killing, During the Commission of a Drug Trafficking Crime, a State
Law Enforcement Officer, Engaged in the Performance of His Official Duties ]

The Grand Jury realleges and incorporates the allegations of Counts 1 and 2 of this Indictment as if fully set forth herein.

On or about the 24th day of September, 1999, in Sequoyah County, Eastern District of Oklahoma, **KENNETH EUGENE BARRETT**, the defendant herein, during the commission of, in furtherance of, and attempting to avoid apprehension and prosecution of, a felony violation of Title 21, United States Code, Sections 841(a), 841(c), 843(a), 846, and 856, did intentionally kill David Eales, an officer of the Oklahoma Highway Patrol, a state law enforcement officer, while David Eales was engaged in and on account of the performance of David Eales' official duties, and such killing resulted.

All in violation of Title 21, United States Code, Section 848(e)(1)(B).

A TRUE BILL:

_Donald L. _____
FOREMAN OF THE GRAND JURY

SHELDON J. SPERLING
United States Attorney

_D. Michael Littlefield_
D. MICHAEL LITTLEFIELD
Assistant United States Attorney

KEB000931

Instruction No. 3

## PLEA AND PRESUMPTION OF INNOCENCE

The Defendant has entered his pleas of not guilty to the superseding indictment and charges reflected therein, which places upon the Government the burden of proving the essential elements of each of the charges to your satisfaction beyond a reasonable doubt before you may return a verdict of guilty on the charges. The superseding indictment is simply the means by which the Defendant is placed on trial and sets forth in a formal way the offenses of which the Defendant is accused. The return or filing of a superseding indictment is not evidence of the guilt of the Defendant.

The Defendant is presumed to be innocent of the crimes charged and innocent of each and every essential element constituting the offenses. This presumption of innocence continues, unless after consideration of all the evidence, facts, and circumstances in the case, you are convinced of the guilt of the defendant beyond a reasonable doubt. If, upon consideration of all the evidence, facts, and circumstances in the case, you find a

KEB000932

reasonable doubt of the guilt of the defendant, you must give the defendant the benefit of that doubt and return a verdict or verdicts of not guilty.

KEB000933

Instruction No. 4

## REASONABLE DOUBT - DEFINED

The Government has the burden of proving the defendant guilty beyond a reasonable doubt. The Government must prove each essential element of the offenses charged in the superseding indictment beyond a reasonable doubt. In civil cases, it is only necessary to prove that a fact is more likely true than not true. However, in criminal cases, the Government's proof must be more substantial or powerful than that; it must be beyond a reasonable doubt.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of a defendant's guilt. There are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt.

It is not required that the Government prove guilt beyond all possible doubt. The test is one of reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense—the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must,

KEB000934

therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

If, based on your consideration of all of the evidence, you are firmly convinced that the defendant is guilty of any of the crimes charged, you must find the defendant guilty of that crime or crimes. If on the other hand, you are not firmly convinced that the defendant is guilty, you must give the defendant the benefit of that doubt and find him not guilty of that crime or crimes.

KEB000935

Instruction No. 5

## STIPULATIONS

Statements and arguments of counsel are not evidence in this case.

When, however, the attorneys on both sides stipulate or agree as to the existence of a fact, you must accept the stipulation and regard that fact as proven.

KEB000936

Instruction No. __6__

## OFFENSE OF USING OR CARRYING A FIREARM DURING AND IN RELATION TO A DRUG TRAFFICKING CRIME OR DURING A CRIME OF VIOLENCE OR POSSESSION OF A FIREARM IN FURTHERANCE OF ANY SUCH CRIME
### COUNTS ONE AND TWO
### 18 U.S.C. § 924(c)(1)(A) and (j)

With respect to the offenses of Using or Carrying a Firearm During and in Relation to a Drug Trafficking Crime or Possession of a Firearm in Furtherance of a Drug Trafficking Crime, as charged in Count One of the superseding indictment, and Using or Carrying a Firearm During and in Relation to a Crime of Violence or Possession of a Firearm in Furtherance of a Crime of Violence, as charged in Count Two of the superseding indictment, the law of the United States provides that whoever, during and in relation to any crime of violence or drug trafficking crime for which he may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall be guilty of an offense against the law of the United States.

KEB000937

Instruction No. 7

## ESSENTIAL ELEMENTS OF OFFENSE OF USING OR CARRYING A FIREARM DURING AND IN RELATION TO A DRUG TRAFFICKING CRIME OR A CRIME OF VIOLENCE OR POSSESSION OF A FIREARM IN FURTHERANCE OF ANY SUCH CRIME
### 18 U.S.C. §§ 924(c)(1)(A) and (j)

The defendant, Kenneth Eugene Barrett, is charged in Counts One and Two with violations of 18 U.S.C. §§ 924(c)(1)(A) and (j).

To find the defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

### AS TO COUNT ONE

*First*: The defendant committed at least one of the drug trafficking crimes charged in Count One of the superseding indictment;

*Second*: During and in relation to the commission of one of those drug trafficking crimes, the defendant knowingly used or carried a firearm, or possessed a firearm in furtherance of such drug trafficking crime;

KEB000938

*Third*: The firearm played an integral part in one or more of the drug trafficking crimes charged in Count One; that is, the firearm increased its likelihood of success; and

*Fourth*: During the commission of one or more of the drug trafficking crimes charged in Count One of the superseding indictment, the defendant directly caused the death of David Eales through the use of a firearm.

## AS TO COUNT TWO

*First:* The defendant committed a crime of violence, the killing of a state law enforcement officer engaged in or on account of the performance of such officer's official duties, as charged in Count Two of the superseding indictment;

*Second:* During and in relation to the commission of such crime of violence, the defendant knowingly used or carried, or in furtherance of such crime of violence possessed a firearm;

*Third*: The firearm played an integral part in the crime of violence charged in Count Two; that is, the firearm increased its likelihood of success; and

KEB000939

*Fourth:* During the commission of such crime of violence as charged in Count Two, the defendant directly caused the death of David Eales through the use of a firearm.

The term "drug trafficking crime" means any felony violation of federal law punishable under the Controlled Substances Act. Possession of a listed chemical, such as pseudoephedrine or iodine, knowing or having reasonable cause to believe that it would be used to manufacture a controlled substance; possession of a precursor chemical, knowing, intending or having reasonable cause to believe it would be used to manufacture a controlled substance; attempting to manufacture a controlled substance; and maintaining a place for the purpose of manufacturing, distributing, and using a controlled substance are all felonies punishable under the Controlled Substances Act, and thus, are drug trafficking crimes.

The term "crime of violence" means an offense that is a felony and —

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature,

involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense. You are instructed that the killing of a state law enforcement officer engaged in or on account of the performance of such officer's official duties is a crime of violence.

The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive.

A defendant knowingly "uses" a firearm when it (1) is readily accessible and (2) is actively employed during and in relation to the criminal undertaking.

A defendant knowingly "carries" a firearm when he (1) possesses the firearm through the exercise of ownership or control and (2) transports or moves the firearm from one place to another. The government is not required to prove transportation or movement over any particular distance.

In determining whether a defendant used or carried a firearm, you may consider all of the facts received in evidence including the nature of

KEB000941

the underlying alleged crime, the usefulness of a firearm to the crime alleged, the extent to which a firearm actually was observed before, during and after the time of the alleged crime, and any other facts that bear on the issue.

The term "during and in relation to" means that the firearm had a role in, facilitated, or had the potential of facilitating a drug trafficking crime or a crime of violence.

To "possess" a firearm requires "possession" as defined later in these instructions.

The term "in furtherance of" means the act of furthering, helping forward, promoting, advancing, or progressing. In this respect, the government must clearly show that a firearm was possessed to advance or promote the commission of the underlying drug trafficking crime or the underlying crime of violence. The mere presence of a firearm in the area where the criminal act occurred is not sufficient to establish possession in furtherance of a drug trafficking crime or in furtherance of a crime of violence.

KEB000942

Instruction No. _8_

# ESSENTIAL ELEMENTS OF VARIOUS DRUG TRAFFICKING CRIMES

In order to prove the defendant committed a drug trafficking crime, you are not required to find that the defendant committed all of the drug trafficking crimes alleged in the superseding indictment. Rather, you need only find he committed at least one drug trafficking crime.

In that regard, you are instructed that every drug trafficking crime requires proof beyond a reasonable doubt of essential elements which are unique to the individual drug trafficking crime. Therefore, you are instructed that the following essential elements apply to the individual drug trafficking crimes alleged in this case.

Instruction No. _9_

## ESSENTIAL ELEMENTS OF OFFENSE OF POSSESSION WITH INTENT TO MANUFACTURE, DISTRIBUTE, OR DISPENSE A CONTROLLED SUBSTANCE

21 U.S.C. § 841(a)

In order to establish the offense of possession with intent to manufacture, distribute, or dispense a controlled substance, each of the following essential elements must be proven beyond a reasonable doubt by the evidence:

1. That the defendant, Kenneth Eugene Barrett, possessed the controlled substance as charged in Count One of the superseding indictment;

2. That the defendant possessed the controlled substance knowingly and intentionally; AND

3. That the defendant possessed the controlled substance with the intent to manufacture, distribute or dispense it.

Instruction No. __10__

## ESSENTIAL ELEMENTS OF POSSESSION OF LISTED CHEMICALS WITH INTENT TO MANUFACTURE A CONTROLLED SUBSTANCE
### 21 U.S.C. § 841(c)

In order to establish the offense of possession of listed chemicals with intent to manufacture a controlled substance, each of the following essential elements must be proven beyond a reasonable doubt by the evidence:

1. That the defendant possessed the listed chemical as charged in the superseding indictment; AND

2. That the defendant possessed the listed chemical knowingly and intentionally; AND

3. That the defendant possessed the listed chemical with the intent to manufacture a controlled substance.

You are instructed that pseudoephedrine and iodine are each listed chemicals.

KEB000945

Instruction No. __11__

# ESSENTIAL ELEMENTS OF POSSESSION OF PRECURSOR CHEMICALS WITH INTENT TO MANUFACTURE A CONTROLLED SUBSTANCE
## 21 U.S.C. § 843(a)(6)

In order to establish the offense of Possession of Precursor Chemicals with the Intent to Manufacture a Controlled Substance, each of the following essential elements must be proven beyond a reasonable doubt by the evidence:

1.    The defendant, Kenneth Eugene Barrett, possessed a chemical;

2.    Knowing, intending, or having reasonable cause to believe;

3.    That the chemical would be used to manufacture a controlled substance.

Methamphetamine is a controlled substance within the meaning of the statute.

Instruction No. __12__

## ESSENTIAL ELEMENTS OF OFFENSE OF ATTEMPTING TO MANUFACTURE A CONTROLLED SUBSTANCE
### 21 U.S.C. § 846

In order to establish the offense of Attempting to Manufacture a Controlled Substance, each of the following essential elements must be proven beyond a reasonable doubt by the evidence:

1. The defendant, Kenneth Eugene Barrett, intended to commit the crime of manufacturing a controlled substance as alleged in the superseding indictment; AND

2. That the defendant took a substantial step towards commission of that crime.

A "substantial step" is something beyond mere preparation. A substantial step is an act which, in the ordinary and likely course of events, would lead to the commission of the particular crime. The step must be a strong indication of the defendant's criminal intent, and must unequivocally mark the defendant's acts as criminal. It should demonstrate commitment to the crime charged.

KEB000947

Instruction No. __13__

# ESSENTIAL ELEMENTS OF OFFENSE OF MAINTAINING A PLACE FOR MANUFACTURING, DISTRIBUTING, OR USING A CONTROLLED SUBSTANCE
## 21 U.S.C. § 856

In order to establish the offense of Maintaining a Place for Manufacturing, Distributing or Using a Controlled Substance, each of the following essential elements must be proven beyond a reasonable doubt by the evidence:

1.  That the defendant, Kenneth Eugene Barrett, did open or maintain a place; AND

2.  That the place was opened or maintained for the purpose of manufacturing, distributing or using a controlled substance, as charged in Count One of the superseding indictment; AND

3.  That the defendant did so knowingly, that is, knowing the place would be used for such purpose.

A house, building, residence, or other similar structure is a "place" for purposes of this statute.

To "maintain" a place means that over a period of time, the defendant directed the activities of and people in that place.

KEB000948

The government is not required to prove that drug activity was the primary purpose of the defendant's opening or maintaining a place, but instead must prove that drug activity was a significant reason why the defendant opened or maintained the place.

KEB000949

Instruction No. 14

## OFFENSE OF INTENTIONALLY KILLING A STATE LAW ENFORCEMENT OFFICER ENGAGED IN THE PERFORMANCE OF HIS OFFICIAL DUTIES
### 21 U.S.C. § 848(e)(1)(b)

With respect to the offense alleged in Count Three of the superseding indictment, the law of the United States provides that any person, during the commission of, in furtherance of, or while attempting to avoid apprehension, prosecution or service of a prison sentence for, a felony drug violation, who intentionally kills or counsels, commands, induces, procures, or causes the intentional killing of any Federal, State, or local law enforcement officer engaged in, or on account of, the performance of such officer's official duties, is guilty of a crime against the United States.

KEB000950

Instruction No. 15

## ESSENTIAL ELEMENTS OF OFFENSE OF INTENTIONALLY KILLING A STATE LAW ENFORCEMENT OFFICER ENGAGED IN THE PERFORMANCE OF HIS OFFICIAL DUTIES
### 21 U.S.C. § 848(e)(1)(b)

In order to establish the offense of Intentionally Killing of a State Law Enforcement Officer engaged in the performance of his official duties, each of the following essential elements must be proven beyond a reasonable doubt by the evidence:

1. During the commission of, or in furtherance of, or while attempting to avoid apprehension, prosecution, or service of a prison sentence for, a felony drug violation;

2. The defendant, Kenneth Eugene Barrett, intentionally killed and/or counseled, commanded, induced, procured and/or caused the intentional killing of David Eales;

3. That David Eales was a State law enforcement officer;

4. That the defendant, Kenneth Eugene Barrett, knew or had reason to know David Eales was a law enforcement officer; and

5. David Eales was killed while engaging in and on account of the performance of his official duties.

KEB000951

You are instructed that a "felony drug violation" means any felony violation of federal law punishable under the Controlled Substances Act and would include (1) knowingly or intentionally manufacturing, distributing, or dispensing, or possessing with intent to manufacture, distribute, or dispense, a controlled substance, 21 U.S.C. § 841(a); (2) possessing a listed chemical with intent to manufacture a controlled substance, 21 U.S.C. § 841(c); (3) possessing any chemical, product, or material which may be used to manufacture a controlled substance or listed chemical, knowing, intending, or having reasonable cause to believe, that it will be used to manufacture a controlled substance, 21 U.S.C. § 843(a)(6); (4) attempting or conspiring to commit any of the offenses contained in subparagraphs 1-3 above, 21 U.S.C. § 846; or (5) knowingly opening or maintaining any place for the purpose of manufacturing, distributing or using any controlled substance, 21 U.S.C. § 856.

"Intentionally" means that a person desires to cause the consequences of their act or believes that the consequences are substantially certain to flow from it.

KEB000952

A "state law enforcement officer" includes an Oklahoma Highway Patrol Trooper.  An officer is "engaged in his official duties" when he is serving or attempting to serve either an arrest warrant or a search warrant.

KEB000953

Instruction No. __16__

## **POSSESSION - DEFINED**

The law recognizes two kinds of possession: actual possession and constructive possession. A person who knowingly has direct physical control over a thing, at a given time, is in actual possession of it.

A person who, although not in actual possession, knowingly has both the power and the intention, at a given time, to exercise dominion or control over an object, either directly or through another person or persons, is in constructive possession of it.

The law recognizes also that possession may be sole or joint. If one person alone has actual or constructive possession of a thing, possession is sole. If two or more persons share actual or constructive possession of a thing, possession is joint.

However, a person's mere presence at the scene where something is found is insufficient to establish possession, unless it can be shown that such person had dominion and control over the thing.

KEB000954

You may find that the element of possession as that term is used in these instructions is present if you find beyond a reasonable doubt that the defendant had actual or constructive possession.

KEB000955

Instruction No. __17__

## COUNTS ARE SEPARATE CRIMES

A separate crime or offense is charged by each of the counts contained in the superseding indictment. Each offense as charged, and the evidence applicable thereto, should be considered separately.

The fact that you may find the defendant guilty or not guilty of any of the counts with which the defendant is charged should not control your verdict with reference to the other counts with which the defendant is charged.

KEB000956

Instruction No. _18_

## KNOWINGLY AND WILLFULLY - DEFINED

An act or a failure to act is "knowingly" done, if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

An act is done "willfully" if done voluntarily and intentionally, and with the specific intent to do something the law forbids, or purposely intending either to disobey or to disregard the law.

KEB000957

Instruction No. _19_

## PROOF OF KNOWLEDGE OR INTENT

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind. In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent.

You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.

KEB000958

Instruction No. _20_

## KNOWINGLY - DELIBERATE IGNORANCE

When the word "knowingly" is used in these instructions, it means that the act was done voluntarily and intentionally, and not because of mistake or accident. Although knowledge on the part of the defendant cannot be established merely by demonstrating that the defendant was negligent, careless, or foolish, knowledge can be inferred if the defendant deliberately blinded himself to the existence of a fact. Knowledge can be inferred if the defendant was aware of a high probability that the occupants of the vehicles entering onto his property were law enforcement officers, unless the defendant did not actually believe the vehicles were occupied by law enforcement officers.

KEB000959

Instruction No. _____

## "ON OR ABOUT" – EXPLAINED

The superseding indictment charges that the offense alleged was committed "on or about" a certain date. Although it is necessary for the Government to prove beyond a reasonable doubt that the offense was committed on dates reasonably near the dates alleged in the superseding indictment, it is not necessary for the Government to prove that the offense was committed precisely on the date alleged.

KEB000960

Instruction No. 22

## EVIDENCE - DEFINED

You must make your decision based only on the evidence you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations that the lawyers agreed on.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings, comments and/or questions are not evidence.

During the trial, I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see and sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think

KEB000961

about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

KEB000962

Instruction No. _23_

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are, generally speaking, two types of evidence from which you may properly find the truth as to the facts of a case. One is direct evidence or evidence such as the testimony of an eyewitness. The other is indirect or circumstantial evidence or the proof of a chain of circumstances pointing to the existence or non-existence of certain facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts in accordance with all the evidence in the case, both direct and circumstantial.

Instruction No. 24

## CREDIBILITY OF WITNESSES

You are the sole judges of the believability of each witness and the value to be given the testimony of each. You should take into consideration the witness' means of knowledge, strength of memory and opportunities for observation. Also, consider the reasonableness and the consistency or inconsistency of the testimony.

You should also consider the bias, prejudice, or interest, if any, that the witness may have in the outcome of the trial, the conduct of the witness upon the witness stand, and all other facts and circumstances that affect the believability of the witness.

KEB000964

Instruction No. 25

## WITNESS IMPEACHMENT

A witness may be impeached by showing that he or she has made different statements on other occasions contrary to and inconsistent with his or her testimony given at this trial. If you find that any witness has wilfully testified falsely in this trial to any material fact, then you may disbelieve the entire testimony of such witness, but you are not compelled to do so.

Instruction No. 26

## IMPEACHMENT BY PRIOR CONVICTION

The testimony of a witness may be discredited or impeached by showing that the witness has been convicted of a felony, that is, of a crime punishable by imprisonment for a term of years. A prior conviction does not mean that a witness is incompetent to testify, but is merely one circumstance that you may consider in determining the credibility of the witness. You may decide how much weight to give any prior conviction that was used to impeach a witness.

KEB000966

Instruction No. ___242___

## WITNESS - PERSONAL ADVANTAGE

The testimony of a witness who provides evidence against the defendant for some advantage that it may give to them or in contemplation of immunity or reduction from punishment or any other inducement, must be examined and weighed with greater care or greater scrutiny than the testimony of an ordinary witness. You must determine whether the witness's testimony has been affected as to its credibility by any interest they have in any special treatment they receive or any interest they have in the outcome of the trial or any prejudice they have against the defendant.

KEB000967

Instruction No. _28_

## EXPERT WITNESS

There has been introduced the testimony of witnesses who are represented to be skilled in certain areas. Such witnesses are known in law as expert witnesses. You may consider the testimony of these witnesses and give it such weight as you think it should have, but the value to be given their testimony is for you to determine. You are not required to surrender your own judgment to that of any person testifying as an expert or otherwise. The testimony of an expert, like that of any other witness, is to be given such value as you think it is entitled to receive.

KEB000968

Instruction No. _29_

## POWERPOINT PRESENTATION
## NOT ADMITTED INTO EVIDENCE

A powerpoint presentation was prepared by Iris Dalley and shown to you during this trial solely for purposes of explaining the facts which are evidence in this case regarding the bullet holes in the white Bronco. The powerpoint presentation is not evidence in this trial or proof of any fact. If you find the powerpoint presentation does not reflect the facts shown by the evidence in this case, you should disregard the powerpoint presentation.

In other words, the powerpoint presentation is used only as a way for Ms. Dalley to explain her findings for you, but to the extent that you find the testimony does not accurately reflect the facts as you find them from the evidence in this case, you can disregard it entirely. However, the photographs from the powerpoint presentation which were admitted into evidence may be considered as all other evidence which was admitted in this trial.

Instruction No. __30__

## RIGHT OF ATTORNEY TO INTERVIEW WITNESSES

An attorney has the right to interview his witnesses for the purpose of learning the testimony the witness will give. The fact that the witness has talked to an attorney and told the attorney what he or she would testify to does not, by itself, reflect adversely on the truth of the testimony of the witness.

Instruction No. __30__

## <u>FAILURE OF DEFENDANT TO TESTIFY</u>

The law does not compel a defendant to take the witness stand and testify, and no presumption of guilt may be raised, and no inference of any kind may be drawn from the failure of a defendant to testify.

The law never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

KEB000971

Instruction No. 3⁷⁻

## VERDICT

If you find from the evidence in this case and under these instructions, beyond a reasonable doubt, that the defendant now on trial is guilty of the crime or crimes charged against him in the superseding indictment, then you should find the defendant guilty of the crime or crimes charged.

If, however, you do not so find, or if you entertain a reasonable doubt as to the guilt of the defendant of the crime or crimes charged in the superseding indictment, then you should find the defendant not guilty of the crime or crimes charged.

Upon making your decision, you should complete the verdict form provided to you by marking the appropriate lines on the form which reflects your decision.

KEB000972

Instruction No. 37

## SPECIAL INTERROGATORIES

If you find Defendant, Kenneth Eugene Barrett, guilty of Count One or Count Two, you must then also answer the questions posed in the Special Interrogatories which relate to those specific count(s) for which you found Defendant Barrett guilty.

KEB000973

Instruction No. 34

## CLOSING

You are the judges of the facts, the weight of the evidence, and the credibility of the witnesses. In determining such weight or credit, you may consider the interest, if any, which a witness may have in the result of the trial, the relation of the witness to the parties, the bias or prejudice, if any has been apparent, the candor, fairness, intelligence and demeanor of the witness, the ability of the witness to remember and relate past occurrences and means of observation and his opportunity of knowing the matters about which the witness has testified. From all the facts and circumstances appearing in evidence and coming to your observation during the trial, and aided by the knowledge which you each possess in common with other persons, you will reach your conclusions. You should not let sympathy, sentiment, or prejudice enter into your deliberations, but you should discharge your duties as jurors in an impartial, conscientious, and faithful manner under your oaths and return such verdict as the evidence warrants when measured by these instructions. These instructions contain all the law

KEB000974

which may be applied by you in this case and the rules by which you should weigh the evidence and determine the facts in issue. You must consider the instructions as a whole and not a part to the exclusion of the rest. You will not use any method of chance in arriving at the verdict, but base it on the judgment of each juror concurring therein.

After you have retired to consider your verdict, select one of your number as foreperson and enter upon your deliberations. When you have agreed upon your verdict, the foreperson alone will mark guilty or not guilty on the lines provided for each count, sign the verdict form, and you will as a body return it into open court. The form of verdict and the written instructions of the court will be furnished for your consideration and use. If you find the defendant guilty of ~~any of the~~ 1 a 2 counts, you must also complete the Special Interrogatories relating to that count and the foreperson must sign the Special Interrogatories.

The verdict of the jury in this case must be unanimous, which means that each juror must agree and concur in the verdict. In this connection, you have a duty to consult with one another and to deliberate with a view

KEB000975

to reaching an agreement if it can be done without violence to individual judgment. You must decide the case individually, but only after an impartial consideration of the evidence with your fellow jurors. In the course of deliberations, you should not hesitate to re-examine your own views and change your opinions, if convinced they are erroneous; but, you should not surrender your honest convictions as to the weight or effect of the evidence solely because of the opinions of fellow jurors or for the mere purpose of returning the verdict.

Should you need to ask the Court a question, please put your question in writing, have the foreperson sign it, knock on the door and give it to the bailiff. The bailiff will see that I get it. I will then have to make a decision about whether or not I can answer the question. As a general rule, jurors do not have questions. When they do have questions, however, it is an unusual situation that I can actually answer their question. If you do ask a question, I will bring you back into the courtroom and advise you whether or not I am able to answer your question. You are advised that you should

KEB000976

not, at any time, indicate your numerical division when communicating with the Court.

Notify the bailiff when you have reached your verdict so that you may return it in open court. The jury is now placed in charge of the bailiff and will be taken to the jury room.

_____

**James H. Payne**
**United States District Court Judge**

KEB000977

# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,  )
           )
    Plaintiff,  )
           )
vs.         )  No.  CR-04-115-P
           )
KENNETH EUGENE BARRETT, )
           )
    Defendant. )

## VERDICT FORM

1. We, the jury, duly impaneled and sworn in the above-entitled case,

as to **Count One** of the superseding indictment hereby

unanimously find the Defendant, Kenneth Eugene Barrett,

(check only one):

_____ Guilty

_____ Not Guilty

KEB000978

2.     We, the jury, duly impaneled and sworn in the above-entitled

case, as to **Count Two** of the superseding indictment hereby

unanimously find the Defendant, Kenneth Eugene Barrett,

(check only one):

_____ Guilty

_____ Not Guilty

3.     We, the jury, duly impaneled and sworn in the above-entitled case,

as to **Count Three** of the superseding indictment hereby unanimously

find the Defendant, Kenneth Eugene Barrett, (check only one):

_____ Guilty

_____ Not Guilty

Dated this _____ day of November, 2005.

_____
Foreperson

KEB000979

# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,                )
                                         )
          Plaintiff,                     )
                                         )
                      )
vs.                                      )      No. CR-04-115-P
                                         )
KENNETH EUGENE BARRETT,                   )
                                         )
          Defendant.                    )

## SPECIAL INTERROGATORY
## COUNT ONE

**(Complete this form, if and only if, you found the Defendant, Kenneth Eugene Barrett, guilty of Count One on the verdict form. Put an "X" by the appropriate answer and the foreperson must sign and date this form.)**

SPECIAL INTERROGATORY INSTRUCTIONS:

You are instructed that "murder" means the unlawful killing of a human being "with malice aforethought." The term "with malice aforethought" means to kill another person deliberately and intentionally, or to act with callous and wanton disregard for human life. The deliberate intent to take a human life must be for formed before the act and must exist

1

KEB000980

at the time a homicidal act is committed. No particular length of time is required for formation of this deliberate intent. To find malice aforethought, you need not be convinced that the defendant hated the person killed, or felt ill will toward the victim at the time.

In determining whether the killing was with malice aforethought, you may consider the use of a weapon or instrument, and the manner in which death was caused.

You should consider all of the facts and circumstances preceding, surrounding, and following the killing, which tend to shed light upon the condition of the defendant's mind, before and at the time of the killing.

## SPECIAL INTERROGATORY

We, the jury, unanimously find beyond a reasonable doubt that the Defendant, Kenneth Eugene Barrett, in the act of killing David Eales, committed murder.

YES _____

NO _____

_____        _____
Foreperson                                    Date

2

KEB000981

# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA, )
)
Plaintiff, )
)
vs. )    No. CR-04-115-P
)
KENNETH EUGENE BARRETT, )
)
Defendant. )

## SPECIAL INTERROGATORY
## COUNT TWO

**(Complete this form, if and only if, you found the Defendant, Kenneth Eugene Barrett, guilty of Count Two on the verdict form. Put an "X" by the appropriate answer and the foreperson must sign and date this form.)**

SPECIAL INTERROGATORY INSTRUCTIONS:

You are instructed that "murder" means the unlawful killing of a human being "with malice aforethought." The term "with malice aforethought" means to kill another person deliberately and intentionally, or to act with callous and wanton disregard for human life. The deliberate intent to take a human life must be for formed before the act and must exist

KEB000982

at the time a homicidal act is committed. No particular length of time is required for formation of this deliberate intent. To find malice aforethought, you need not be convinced that the defendant hated the person killed, or felt ill will toward the victim at the time.

In determining whether the killing was with malice aforethought, you may consider the use of a weapon or instrument, and the manner in which death was caused.

You should consider all of the facts and circumstances preceding, surrounding, and following the killing, which tend to shed light upon the condition of the defendant's mind, before and at the time of the killing.

## SPECIAL INTERROGATORY

We, the jury, unanimously find beyond a reasonable doubt that the Defendant, Kenneth Eugene Barrett, in the act of killing David Eales, committed murder.

YES _____

NO _____

_____          _____
Foreperson                       Date

2

KEB000983