**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| *Plaintiff,* | |
| **v.** | **Case No. CR-04-115-RAW** |
| **KENNETH EUGENE BARRETT,** | |
| *Defendant.* | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR
INDEPENDENT TESTING OF FIREARMS AND PROJECTILE EVIDENCE**

COMES NOW the United States of America, by and through United States Attorney Christopher J. Wilson and Jeffrey B. Kahan, Deputy Chief – Capital Case Section, and hereby requests the Court deny Defendant's Motion for Independent Testing of Firearms and Projectile Evidence (Doc. 491) as moot in light of the government's Notice of Withdrawal of Notices of Intent to Seek Death Penalty filed on February 16, 2024 (Doc. 502).  In support, the government submits the following:

PROCEDURAL STATEMENT

1.     In 2009, Defendant moved for relief under 28 U.S.C. § 2255, which this Court denied.  *Barrett v. United States*, no. 09–CIV–105–JHP, 2012 WL 3542609 (E.D. Okla. Aug. 16, 2012) ("*2255 Opinion*").  On appeal from that decision, the Tenth Circuit affirmed in part and reversed in part, remanding for an evidentiary hearing on a claim that trial counsel rendered ineffective assistance during the penalty phase hearing.  *Barrett II*, at 1208.  Defendant sought rehearing and certiorari from those aspects of the opinion with which he disagreed, but the Court of Appeals and Supreme Court denied further review.  *Barrett II*, *reh'g denied* Oct. 16, 2015, *cert. denied, Barrett v. United States*, 137 S. Ct. 36 (2016).  On remand, this Court conducted a multi-

day evidentiary hearing, denied relief in an unpublished order, and granted a certificate of appealability. *Barrett v. United States*, no 09-CIV-105-RAW. On appeal, the Tenth Circuit Court of Appeals reversed and remanded for resentencing on Count 3, the only count for which Defendant received a death sentence. *United States v. Barrett*, 985 F.3d 1203 (10th Cir. 2021) ("*Barrett IV*").

2.      On January 5, 2024, Defendant filed a motion requesting the Court "direct the DEA to coordinate with defense counsel for delivery of the firearms and projectile evidence to a licensed and qualified firearms expert retained by the defense" for the purpose of independent testing. Doc. 491, at 12. Two unopposed motions to extend the government's response date were granted on January 12, 2024, and January 22, 2024, respectively. The government's response to the motion is currently due on February 21, 2024.

3.      On February 15, 2024, the United States Attorney's Office for the Eastern District of Oklahoma was informed that the United States Attorney General has deauthorized pursuit of the death penalty in this case.

4.      On February 16, 2024, the government filed a Notice of Withdrawal of Notices of Intent to Seek Death Penalty (Doc. 502).

ARGUMENT AND AUTHORITY

Defendant justified his request for independent testing as necessary to contest the truth of the allegations in the government's notice of intent to seek the death penalty. Doc. 491, at 4-9. Because the government has dismissed those allegations, there remains nothing for the defense to contest or any need for Defendant to obtain discovery in service of such a dispute. *See, e.g., United States v. Johnson*, 900 F. Supp. 2d 949, 967 (N.D. Iowa 2012) (denying as moot challenges to a notice of intent to seek the death penalty that the government dismissed in favor of a narrowed

amendment).

Defendant might argue in reply that he could still rely on the requested discovery in arguing to the court for leniency at his non-capital sentencing hearing. Such an argument is not compelling in that Defendant's request for testing under Federal Rule of Criminal Procedure 16(a)(1)(E), provides discovery in anticipation of trial, not sentencing. *See United States v. Robinson*, 503 F.3d 522, 531-32 (6th Cir. 2007) (citing *United States v. Armstrong*, 517 U.S. 456 (1996) for the proposition that predecessor to Rule 16(a)(1)(E)(i) "applies only to 'shield' claims that 'refute the Government's arguments that the defendant committed the crime charged'"); *United States v. Mikaelian*, 168 F.3d 380, 389 (9th Cir.1999) (affirming denial of discovery under Rule 16 on basis that items were not material to preparation of defense after defendant had pleaded guilty).

Assuming, arguendo, the portion of Defendant's request for inspection and testing of the murder weapon fell outside the limitation on Rule 16, because it came within subdivision (iii), rather than (i), he has wholly failed to describe the materiality of such an analysis in the absence of the other evidence he has requested. Defendant plans to test the rifle so that he might compare his evaluation with that presented by the government at trial. To do so, he must have access to ballistics evidence, such as the projectile fragments recovered from the victim's body. But that evidence does not fall within subdivision (iii), because it was not seized from the defendant's possession. It falls squarely within subdivision (i) and outside the bounds of permissible discovery for sentencing. See, *Robinson*, 503 F.3d at 531-32. Without the contextual evidence, to which Defendant has no legal right, testing of the rifle cannot produce information of material value. Moreover, Defendant has not made any of these hypothetical arguments, he has focused instead on rebutting capital intent factors (*see generally* 18 U.S.C. § 3591(a)(2)) that have no relevance in a non-capital sentencing and has, in no way, justified a request for disclosure in the procedural

posture he now finds himself.

CONCLUSION

Based upon the above and foregoing, the government respectfully requests the Court deny the defense Motion for Independent Testing of Firearms and Projectile Evidence (Doc. 491) as moot.

Respectfully submitted,

CHRISTOPHER J. WILSON
United States Attorney

/s/ *Christopher J. Wilson*
CHRISTOPHER J. WILSON, OBA #13801
United States Attorney
520 Denison Avenue
Muskogee, OK 74401
(918) 684-5175
chris.wilson@usdoj.gov

/s/ *Jeffrey B. Kahan*
JEFFREY B. KAHAN, PaBN #93199
Deputy Chief, Capital Case Section
U.S. Department of Justice
1331 F. Street, NW; 6th Floor
Washington, DA 20530
(202) 305-8910
jeffrey.kahan@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 20, 2024, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Kimberly C. Stevens, Attorney for Defendant
Laura E. Udall, Attorney for Defendant

/s/ *Christopher J. Wilson*
CHRISTOPHER J. WILSON
United States Attorney