## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent/Plaintiff, | ) |
| | ) |
| v. | )   Case No. CR-04-115-RAW |
| | ) |
| KENNETH EUGENE BARRETT, | ) |
| | ) |
| Petitioner/Defendant. | ) |

## ORDER

Before the court are various motions.  By superseding indictment (#52) defendant was charged with three counts:  (Count 1) using and carrying a firearm during and in relation to drug trafficking crimes and possessing a firearm in furtherance of drug trafficking offenses, resulting in death, in violation of 18 U.S.C. §924(c)(1)(A) and (j); (Count 2) using and carrying a firearm in relation to a crime of violence, and possessing a firearm in furtherance of such crime of violence, in violation of 18 U.S.C. §924(c)(1)(A) and (j); and (Count 3) intentionally killing, during the commission of a drug trafficking crime, a state law enforcement officer engaged in the performance of his official duties, in violation of 21 U.S.C. §848(e)(1)(B).  The alleged predicate crime of violence in regard to Count Two was the alleged offense in Count 3.  The government sought the death penalty as to all three counts.  (##59 & 60).

The case came on for trial, conducted by Judge Payne of this court.  Defendant was found guilty as to all three counts.  The jury further recommended sentences of life imprisonment without the possibility of release as to Counts 1 and 2, and death as to Count

3. The defendant was sentenced in accordance therewith. On direct appeal, the verdict and sentence were affirmed. *See United States v. Barrett,* 496 F.3d 1079 (10th Cir.2007). Defendant petitioned for relief under 28 U.S.C. §2255. Judge Payne denied the motion. On appeal, that ruling was affirmed save as to one claim of ineffective assistance of counsel. The Tenth Circuit remanded for an evidentiary hearing as to whether trial counsel's performance was deficient in not investigating defendant's background and mental health and whether prejudice resulted from any such deficiency. *See United States v. Barrett,* 797 F.3d 1207, 1232 (10th Cir.2015).

This court referred the evidentiary hearing to Magistrate Judge Shreder, who recommended findings of both deficient performance and prejudice. The government conceded deficient performance but objected to the recommended finding of prejudice. This court sustained the objection, finding that defendant could not establish prejudice and denied relief. The Tenth Circuit reversed, vacated defendant's sentence as to Count 3, and remanded for resentencing as to Count 3. *See United States v. Barrett,* 985 F.3d 1203, 1233 (10th Cir.2021).

Meanwhile, the Tenth Circuit granted defendant authorization to file a second or successive §2255 motion. (#452). The authorization, clearly describing only the conviction as to Count Two, was to file a motion challenging defendant's §924(c) conviction and sentence under *United States v. Davis,* 139 S.Ct. 2319 (2019). Petitioner filed the motion (#453).

2

This court denied the second or successive motion (#467). Petitioner filed a motion to reconsider (#469), which the court denied except as to the granting of a certificate of appealability (#482). Petitioner filed a notice of appeal (#485).

The parties have now commenced a flurry of activity in this court. Petitioner filed a motion to strike notice of intent to seek death penalty, and request for new trial (#496). After that briefing had concluded, the government advised it would no longer seek the death penalty (#502). This court has deemed the notice withdrawn (#506). Accordingly, one portion of defendant's motion is moot. Defendant's motion for new trial, however, is not.

Petitioner rejects the government's argument that he is barred from seeking a new trial without seeking permission from the Tenth Circuit to file a successive §2255 motion. He contends the motion is not brought pursuant to §2255, but rather pursuant to a district court's authority derived from the Tenth Circuit's remand, that allows any remedy necessary to correct a manifest injustice.

The court agrees with the government. The mandate rule, which follows from the law of the case doctrine, "requires the district court to strictly comply with any mandate rendered by this court on remand." *United States v. Dutch,* 978 F.3d 1341, 1345 (10th Cir.2020). The Tenth Circuit remand involves a *resentencing hearing* as to Count Three. Indeed, Petitioner essentially concedes the point: "The Tenth Circuit's decision to limit the remand to a new sentencing hearing was made without the knowledge of the significant loss and destruction of material exculpatory evidence." (#501 at 2). On this view, there is all the more reason for

Petitioner to make the Tenth Circuit aware of Petitioner's position by seeking permission to file another §2255 motion.  Therefore, the request for new trial will be dismissed for lack of jurisdiction as beyond the mandate of the Tenth Circuit.[*]

Additionally, as the parties mention only in passing (e.g., #500 at 5), this case is presently on appeal.  "[T]he general rule is that, when a litigant files a notice of appeal, the district court loses jurisdiction over the case, save for collateral matters not involved in the appeal." *McKissick v. Yuen,* 618 F.3d 1177, 1196 (10th Cir.2010).  This court finds that a motion for new trial, particularly in the present context, does not constitute a collateral matter. *Cf. United States v. Smith,* 2010 WL 3019725 (D.Colo.2010).  Should the Tenth Circuit disagree with this court's resolution of whether the charging statute in Count Three constitutes a "crime of violence," (the subject of the pending appeal) the conviction as to Count Two would likely fall.

Petitioner also filed a motion for independent testing of firearms and projectile evidence (#491).  The government has responded that (the death penalty no longer being sought) this relief is now unnecessary (#503).  In conjunction with its withdrawal of intent to seek the death penalty (#502), the government also requests a status conference "to assess the next steps in this case."

---

[*] The request for new trial is based upon alleged destruction of evidence.  The allegations mention that some conduct was performed by then-OHP Lt. Commander Kerry Pettingill.  Mr. Pettingill is presently the United States Marshal for the Eastern District of Oklahoma.  Should the Petitioner seek, and the Tenth Circuit grant, permission to file another §2255 motion, the court would entertain a motion to recuse.

4

Petitioner asserts the independent testing is necessary for the resentencing hearing as to Count Three, whenever that takes place. The government contends that Rule 16 (a)(1)(E) F.R.Cr.P., Petitioner's cited authority, does not apply to a non-capital sentencing. In *United States v. Armstrong,* 517 U.S. 456 (1996), the Supreme Court stated that the word "defense" in Rule 16(a)(1)(E) means "the defendant's response to the Government's case in chief." *Id.* at 462. Some subsequent authority has sought to demonstrate that this statement in *Armstrong* was more restricted to its facts (defendant seeking discovery as to selective prosecution) than a general statement. It does not appear the Tenth Circuit has addressed the issue.

The court declines at this time to resolve a point of law if such resolution is unnecessary.[**] According to Petitioner's reply (#505), the parties are cooperating on the issue. *Id.* at n.1. "Mr. Barrett asks the Court to grant the defendant's motion, and/or direct the parties to continue to work together to secure an independent evaluation of the evidence, as the parties had nearly completed prior to the issuance of the deauthorization." *Id.* at 4. The "deauthorization" refers to the government's decision not to seek the death penalty. The court has no practical objection to the Petitioner's requested testing and provisionally directs the parties to continue cooperation. If the government wishes to stand on its objection, however, it may file a notice to that effect.

---

[**]In any event, Rule 16 is intended to prescribe the minimum amount of discovery to which the parties are entitled, and leaves intact a court's discretion to grant or deny the broader discovery requests of a criminal defendant. *United States v. Perez-Madrigal,* 2017 WL 2255221, *14 (D.Kan.2017)(citations omitted).

5

As previously stated, the government has filed a motion for status conference "to assess the next steps in this case." Under the present posture, the court's view is that there are no steps to be taken at this time which a status conference would illuminate. If the parties disagree, a renewed motion (joint or otherwise) may be filed.

It is the order of the court that Petitioner's motion for independent testing (#491) is denied without prejudice; the parties are directed to cooperate toward resolution. The motion for leave to exceed page limitation (#497) is granted. The motion to strike notice of intent to seek death penalty and for new trial (#496) is deemed moot as to the motion to strike and is dismissed for lack of jurisdiction as to the request for new trial. The government's motion for status conference (#502) is denied without prejudice.

**ORDERED THIS 11th DAY OF MARCH, 2024.**

_____
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**

6