**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| *Plaintiff,* | |
| v. | Case No. CR-04-115-RAW |
| KENNETH EUGENE BARRETT, | |
| *Defendant.* | |

## GOVERNMENT'S NOTICE REGARDING OBJECTION TO INDEPENDENT TESTING OF FIREARMS AND PROJECTILE EVIDENCE

COMES NOW the United States of America, by and through United States Attorney Christopher J. Wilson and Jeffrey B. Kahan, Deputy Chief of Capital Case Section, and pursuant to this Court's Order of March 11, 2024 (Doc. 507), respectfully gives notice that it intends to maintain the positions articulated in its Response in Opposition to the Defendant's Motion for Independent Testing of Firearms and Projectile Evidence (Doc. 503).  The Government initially agreed to cooperate in the firearm testing because it anticipated, as argued in Defendant's motion, the independent examination might assist Barrett in presenting a defense at a future capital resentencing trial.  However, the Attorney General has since ordered the Government to forgo pursuit of the death penalty, and Barrett has not and cannot demonstrate that the firearms investigation will assist him at a non-capital sentencing hearing.

The investigation Barrett proposes appears to be a fishing expedition in hopes of generating grounds to support an unauthorized second and successive motion for collateral attack on his conviction, an action this Court recognizes the defendant cannot pursue without authorization from the Court of Appeals.  *See* Doc. 507 at 3-4; 28 U.S.C. § 2255(h).  In his Reply, Barrett evades that issue and claims he will rely on the proposed investigation to argue

1

the nature and circumstances of his crime at sentencing. Doc. 506. Barrett, however, fails to explain why this Court should place him in a different or more advantageous position than he enjoyed during his original sentencing. The upcoming resentencing springs from Barrett's successful attack on counsel's failure to present mental health and social history evidence at a penalty phase trial, not a failure to properly defend the circumstances of the crime at sentencing. Barrett has not established a Rule 16 right to the requested discovery at any sentencing, much less one that arises in this narrow procedural posture, and the government objects to any unnecessary additional investigation at this juncture.

Dated:  March 12, 2024

Respectfully submitted,

CHRISTOPHER J. WILSON
United States Attorney

/s/ *Christopher J. Wilson*
CHRISTOPHER J. WILSON, OBA #13801
United States Attorney
520 Denison Avenue
Muskogee, OK 74401
(918) 684-5175
chris.wilson@usdoj.gov

/s/ *Jeffrey B. Kahan*
JEFFREY B. KAHAN, PaBN #93199
Deputy Chief, Capital Case Section
U.S. Department of Justice
1331 F. Street, NW; 6th Floor
Washington, DA 20530
(202) 305-8910
jeffrey.kahan@usdoj.gov

2

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on March 12, 2024, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Kimberly C. Stevens, Attorney for Defendant
Laura E. Udall, Attorney for Defendant

/s/ *Christopher J. Wilson*
CHRISTOPHER J. WILSON
United States Attorney

3