**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| **v.** | ) | **Case No. 6:04-CR-00115-RAW** |
| | ) | |
| **KENNETH EUGENE BARRETT** | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**NOTICE OF RESPONSE TO GOVERNMENT'S OBJECTION TO
REQUEST TO INSPECT PHYSICAL EVIDENCE**

Kenneth Eugene Barrett, through undersigned counsel, files this response to the government's objection to the defendant's request to inspect the firearms and projectile evidence – that being the Colt Sporter firearm seized from the defendant, item P5 (a bag of ammunition recovered at the scene), and Items F40 and F41 (the projectile evidence recovered from the decedent at autopsy). DN 491. Rather than cooperate further toward resolution of this discovery issue, the government filed their notice of objection at DN 508. This response is being filed pursuant to Fed.R.Crim.P. 16(a)(1)(E), the Court's broad discretionary power to order discovery, and the Fifth and Sixth Amendments to the United States Constitution.

The government has now back-pedaled from the nearly consummated agreement allowing a separate expert to examine the physical evidence. They offer the excuse that the case is no longer capital. This reversal of position makes no sense. In either scenario, whether the defendant is facing death or life imprisonment on Count 3, the evidence is relevant to the key sentencing consideration of the circumstances of the offense itself. Denying access to the physical evidence will hamper the defense and render the upcoming sentencing hearing

1

constitutionally infirm.

The government claims that the defendant's requested inspection of the firearms and projectile evidence is "unnecessary" and "additional" investigation.  DN 508, at 2.  Not so.  The adversarial system only works if both sides have access to the physical evidence which bears on the sentencing issues at hand.  A comparison of the firearms against the projectile evidence will serve to inform the Court upon the proper range of sentencing on Count 3, which ranges from 20 years to life imprisonment.  21 U.S.C. Section 848(a).  The nature and circumstances of the offense is a necessary consideration, whether the sentencing is capital or non-capital.  "The nature and circumstances of the offense," including a defendant's intent to cause death, or lack thereof, are factors that must be considered at sentencing. 18 U.S.C. §3553(a)(1); *Gall v. United States,* 552 U.S. 38, 49 n. 6 (2007) ("The first factor is a broad command to consider 'the nature and circumstances of the offense and the history and characteristics of the defendant.'" (quoting 18 U.S.C. §3553(a)(1)).

The veracity of the government's prior firearms examiner's opinions cannot be tested through any other scientific means, as that expert left behind no photographs, notes, or any other objective method to examine the accuracy of his expressed opinions.  As this Court recently noted, "Rule 16 is intended to prescribe the minimum amount of discovery to which the parties are entitled, and leaves intact a court's discretion to grant or deny the broader discovery requests of a criminal defendant" (citing *United States v. Perez-Madrigal*, 2017 WL 22521, *14 (D. Kn. 2017) (citations omitted)).  DN 507, at 5.  The defense requests that this Court exercise its broad discretion to grant this request to inspect the key firearms and projectile evidence in this case.

The parties had nearly concluded an agreement in all respects that would accomplish test firing the weapon and providing those test firings, along with Item P5 and the projectiles

recovered at autopsy, to a firearms and toolmark examiner retained by the defense.  DN 505, at 3 n1.  The defendant maintains its request that this Court issue an Order requiring the government to continue to cooperate in working out the mechanics of the requested testing.

Alternatively, the defense requests that this Court Order the government, who has sole custody of the physical evidence, to provide the Colt Sporter firearm, Item P5 (the bag of ammunition), and Items F40 and F41 (the fragments recovered at autopsy) directly to licensed firearms and toolmark examiner Josh Wright, at 211 Blake Mountain Cir., Asheville, NC 28803 for independent examination.  Only after this has been done can the defense properly inspect and test the previously unverifiable opinions of the government's examiner rendered over 20 years ago.  In doing so, the examiner will not alter or harm the evidence in any way.

Without the requested independent scientific testing, the defendant cannot obtain a lawful and fair sentencing hearing on Count 3, as the evidence bears directly on the nature and circumstances of the offense and the issue of whether Mr. Barrett fired the fatal shot.  U.S. Const. Amends. V and VI.

Conclusion

For the reasons articulated herein, in DNs 491 and 505, and in light of the Court's broad discretion to grant discovery requests of a criminal defendant, the defense asks the Court to direct the government to coordinate with defense counsel for delivery of the firearms and projectile evidence specifically identified above to the defense-retained firearms and toolmark examiner, or for the parties to continue to work out a mutually agreeable method for testing the evidence – as they had already nearly completed.

DATED this 13th day of March, 2024.

Respectfully submitted,


*/s/ Kimberly C. Stevens*
Kimberly C. Stevens
NC State Bar # 20156
Senior Capital Resource Counsel
1070-1 Tunnel Road, Ste 10-215
Asheville, NC 28805
Telephone: (336) 575-4337
E-mail: Kim_Stevens@fd.org

*/s/ Laura E. Udall*
Laura Elisabeth Udall
AZ Bar # 010501
Laura E. Udall, PLLC
P.O. Box 40294
Tucson, AZ 85717-0294
Telephone: (520) 770-1414
E-mail: Laura@udall.me


**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was served on the United States by e-filing same to its counsel of record, Jeffrey B. Kahan, United States Department of Justice; Christopher J. Wilson, Assistant United States Attorney, United States Department of Justice, Eastern District of Oklahoma, this 13th day of March, 2024.


*/s/ Kimberly C. Steven*s

4