**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| *Plaintiff,* | |
| **v.** | **Case No. CR-04-115-RAW** |
| **KENNETH EUGENE BARRETT,** | |
| *Defendant.* | |

**GOVERNMENT'S RESPONSE TO MOTION TO ALLOW**
**MENTAL HEALTH EXAMINATION**

COMES NOW the United States of America, by and through United States Attorney

Christopher J. Wilson and Jeffrey B. Kahan, Deputy Chief of Capital Case Section, and pursuant

to this Court's Order of April 19, 2024 (Doc. 514), respectfully responds to the Barrett's Motion

to Allow Dr. Moira Artigues Admission into SCU at USP Terre Haute[1] (Doc. 513).  In support,

the government submits the following.

**PROCEDURAL STATEMENT**

Shortly after 12:00 a.m., September 24, 1999, three Oklahoma Highway Patrol tactical team

vehicles entered Barrett's property, headed toward his house to serve an arrest warrant on him.  *United*

*States v. Barrett*, 797 F.3d 1207, 1211 (10th Cir. 2015) ("*Barrett II*"); *United States v. Barrett*, 496 F.3d

1079, 1084 (10th Cir. 2007) ("*Barrett I*").  Barrett opened fire on the lead vehicle, which came to a stop,

and he fatally shot its passenger, Trooper David Eales, as the victim sought cover behind the Bronco.

*Barrett I*, at 1085.  Following a gunfight, Barrett was shot in the legs, and members of the tactical team

arrested him.  *Barrett II*, at 1212.  Inside the defendant's home, police found cash, firearms, and materials

used to manufacture methamphetamine.  *Id*.

---

[1] Referring to the Secure Confinement Unit at U.S. Penitentiary—Terre Haute.

1

The U.S. Attorney charged Barrett, by indictment, with drug and firearm murder offenses (*Barrett II*, at 1212-13) and filed a notice of intent to seek the death penalty ("NOI"), and an amendment thereto. Dkt. 59 and 60. At trial, a jury convicted Barrett, as charged, of two counts of causing death through use of a firearm during a drug trafficking and a violent crime (18 U.S.C. § 924(c)(1)(A) & (j)(1) (Counts One and Two)) and one count of killing a law enforcement officer during a felony drug offense (21 U.S.C. § 848(e)(1)(B) (Count Three)). *Id*. at 1213. The jury recommended, and the court imposed, a death sentence on Count Three and life sentences on Counts One and Two. *Id*. On direct review, the Tenth Circuit Court of Appeals affirmed, and the U.S. Supreme Court denied certiorari. *Barrett I*, cert. *denied*, 552 U.S. 1260 (2008). During protracted litigation under 28 U.S.C. § 2255, the courts upheld the judgment but for the death sentence on Count 3, which the Tenth Circuit vacated in favor of a penalty phase retrial. *United States v. Barrett*, 985 F.3d 1203 (10th Cir. 2021) ("*Barrett IV*").

Separately, Barrett secured permission to file a successive § 2255 motion, proposing to attack one of his two § 924 convictions based on an allegedly vague provision in the statute. *In re: Barrett*, 10th Cir. case no. 16-7039. On December 13, 2019, Barrett filed his successive § 2255 motion, asserting that the predicate felony for Count Two did not constitute a qualifying crime of violence. Dkt. 453. On December 6, 2021, this Court denied the motion and a certificate of appealability ("COA") (Dkt. 467), and Barrett sought reconsideration. On November 13, 2023, this Court denied Barrett's request to amend its judgment except to the extent it granted a COA. Dkt. 482. The resulting appeal remains pending in Tenth Circuit case no. 23-7086.

On February 16, 2024, the government---as directed by the Attorney General---filed a Notice of Withdrawal of Notices of Intent to Seek Death Penalty (Doc. 502). In view of the withdrawal, a non-capital sentencing on Count Three remains pending, but this Court has recognized that the appeal from Barrett's successive § 2255 motion divests it of jurisdiction but for "collateral matters not involved in the appeal." Doc. 507 at 4 (quoting *McKissick v. Yuen*, 618 F.3d 1177, 1196 (10th Cir. 2010). The Court has not calendared the resentencing and has

recognized that the Tenth Circuit could vacate Count Two.  *Id*.

On April 11, 2024, Barrett requested that this Court issue an order permitting him to have contact with a mental health professional in his place of confinement, the SCU at USP—Terre Haute.  Doc. 513.  Barrett specifically seeks the evaluation in anticipation of his resentencing.  *Id*.  The government did not object to the request to conduct a mental health evaluation, but observed that it appeared premature, given the Court's recognition of its own limited jurisdiction.  *Id*. at 2.  The Court subsequently ordered the government to submit this Response, expounding on its views.  Doc. 514.

## ARGUMENT

The government has no desire to interfere in Barrett's relationship with his attorneys or defense counsel's investigative choices.  Likewise, the government declines to assert that the Court lacks jurisdiction over the motion, despite an outstanding appeal.  The motion seeks leave only to conduct a mental health exam, an issue seemingly collateral to this prosecution.  Nonetheless, the request is premature, as the Court has not calendared resentencing and recognizes that it cannot do so during the pendency of Barrett's appeal.  Indeed, resentencing appears unlikely for at least 18 months, and any evaluation will have potentially grown stale in the interim.  Barrett fails to explain the urgency for conducting an evaluation in Terre Haute when he could wait to do so at a potentially less restrictive institution in the future.

As noted, Barrett's 10th Circuit appeal remains pending.  To date, he has yet to file an opening brief.  *See United States v. Barrett*, No. 23-7086 Order March 27, 2024 (extending deadline for Barrett's opening brief to May 12, 2024).  Given the pace of the litigation, the Tenth Circuit---by the government's estimate---will likely not issue an opinion in the case before the end of the year.  If the appellate court rules against him, Barrett will presumably seek rehearing

and certiorari, as he has regularly done at every opportunity. *See, e.g., Barrett v. United States*, 580 U.S. 827 (2016) (denying certiorari from first of two initial § 2255 appeals); *Barrett v. United States*, 552 U.S. 1260 (2008) (denying certiorari from affirmance on direct appeal); *United States v. Barrett*, case no. 12-7086, Order denying reh'g (10th Cir. Oct. 16, 2015) (from first of two initial § 2255 appeals); *United States v. Barrett*, Order denying reh'g (10th Cir. Aug. 20, 2007) (from direct appeal). If the court rules for Barrett, the government could, itself, seek rehearing or certiorari. In either event, the litigation of Barrett's appeal appears poised to last well into the next calendar year and likely after the commencement of the Supreme Court's 2025 term.

In view of the likelihood of substantial delay, the government fails to see any urgency for a mental health evaluation intended to inform the Court's sentencing discretion, given the ephemeral nature of mental health symptoms. *See Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014) (noting that mental health symptoms wax and wane); *Scott v. Astrue*, 647 F.3d 734, 740 (7th Cir. 2011) (noting an inherent fluctuation of symptoms in those suffering from bipolar disorder); *Likes v. Callahan*, 112 F.3d 189, 191 (5th Cir. 1997) (stating that "PTSD is an unstable condition" that can wax and wane).

When Barrett's outstanding appeal concludes, the Court will presumably schedule the resentencing and order Barrett returned to the district in anticipation of his appearance. At that juncture, his counsel could schedule a contemporaneous mental health evaluation free of any restrictions at USP-Terre Haute. Taking such a tack would presumably avoid any of the restrictions imposed by USP-Terre Haute and provide more current and potentially more reliable results than an evaluation at this juncture.

**CONCLUSION**

Based on the foregoing reasoning and authority, the government recognizes that the Court could order the requested evaluation but nonetheless argues that it should delay doing so until it regains jurisdiction over the case and schedules resentencing.

Dated:  April 22, 2024

Respectfully submitted,

CHRISTOPHER J. WILSON
United States Attorney

/s/ *Christopher J. Wilson*
CHRISTOPHER J. WILSON, OBA #13801
United States Attorney
520 Denison Avenue
Muskogee, OK 74401
(918) 684-5175
chris.wilson@usdoj.gov

/s/ *Jeffrey B. Kahan*
JEFFREY B. KAHAN, PaBN #93199
Deputy Chief, Capital Case Section
U.S. Department of Justice
1331 F. Street, NW; 6th Floor
Washington, DA 20530
(202) 305-8910
jeffrey.kahan@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on April 22, 2024, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Kimberly C. Stevens, Attorney for Defendant
Laura E. Udall, Attorney for Defendant

/s/ *Jeffrey B. Kahan*
JEFFREY B. KAHAN
Deputy Chief, Capital Case Section