**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

**UNITED STATES OF AMERICA,**

     Plaintiff**,**

v.                                                              Case no. 6:04-cr-00115-RAW

**KENNETH EUGENE BARRETT,**

     Defendant.

---

**GOVERNMENT'S REPSONSE TO DEFENDANT'S MOTION FOR APPOINTMENT
OF § 2255 COUNSEL AND A CERTIFCATE OF APPEALABILITY**

---

     Comes now, Plaintiff, the United States of America, by and through undersigned counsel and submits this brief in opposition to Defendant Kenneth Eugene Barrett's pro se motion for the appointment of counsel and a certificate of appealability so that he can seek permission to file a successive motion under 28 U.S.C. § 2255 (Dkt. 516).  Barrett misapprehends his legal rights and the procedural posture of the case.  Though he must obtain the Tenth Circuit Court of Appeals' permission before pursuing collateral relief for a third time, Barrett cannot obtain leave to file a successive § 2255 motion by way of appeal.  Barrett can only secure that permission through an original proceeding in the Court of Appeals.  Given the low likelihood that Barrett could obtain such permission, this Court should decline to transfer the case to the Tenth Circuit for consideration of the request.  This Court should likewise deny the appointment of counsel to represent Barrett before the appellate court.

**<u>PRELIMINARY STATEMENT</u>**

     Shortly after 12:00 a.m., September 24, 1999, three Oklahoma Highway Patrol tactical team vehicles entered Barrett's property, headed toward his house to serve an arrest warrant on

1

him. *United States v. Barrett*, 797 F.3d 1207, 1211 (10th Cir. 2015) ("*Barrett II*"); *United States v. Barrett*, 496 F.3d 1079, 1084 (10th Cir. 2007) ("*Barrett I*"). Barrett opened fire on the lead vehicle, which came to a stop, and he fatally shot its passenger, Trooper David Eales, as the victim sought cover behind the Bronco. *Barrett I*, at 1085. A gunfight ensued in which Barrett was shot in the legs; thereafter, members of the tactical team arrested him. *Barrett II*, at 1212. Inside the defendant's home, police found cash, firearms, and materials used to manufacture methamphetamine. *Id*.

The U.S. Attorney charged Barrett, by indictment, with three homicide offenses (*Barrett II*, at 1212-13) and filed a notice of intent to seek the death penalty ("NOI"), and an amendment thereto. Dkt. 59 and 60. At trial, a jury convicted Barrett, as charged, of two counts of causing death through use of a firearm during a drug trafficking crime and a violent crime (18 U.S.C. § 924(c)(1)(A) & (j)(1) (Counts One and Two)) and one count of killing a law enforcement officer during a felony drug offense (21 U.S.C. § 848(e)(1)(B) (Count Three)). *Id*. at 1213. The jury recommended, and the court imposed, a death sentence on Count Three and life sentences on Counts One and Two. *Id*. On direct review, the Tenth Circuit Court of Appeals affirmed, and the U.S. Supreme Court denied certiorari. *Barrett I*, *cert. denied*, 552 U.S. 1260 (2008).

In 2009, Barrett moved for relief under § 2255, which this Court denied. *Barrett v. United States*, no. 09–CIV–105–JHP, 2012 WL 3542609 (E.D. Okla. Aug. 16, 2012) ("*2255 Opinion*"). On appeal, the Tenth Circuit affirmed in part and reversed in part, remanding for an evidentiary hearing on a claim that trial counsel rendered ineffective assistance during the penalty phase hearing. *Barrett II*, at 1208. Barrett sought rehearing and certiorari from those aspects of the opinion with which he disagreed, but the Court of Appeals and Supreme Court denied further review. *Barrett II*, *reh'g denied* Oct. 16, 2015, *cert. denied, Barrett v. United*

2

*States*, 580 U.S. 827 (2016). On remand, this Court conducted a multi-day evidentiary hearing, denied relief in an unpublished order, and granted a certificate of appealability. *Barrett v. United States*, no 09-CIV-105-RAW, Dkt. 478 and 479. On appeal, the Tenth Circuit Court of Appeals reversed and remanded for resentencing on Count 3, the only count for which Barrett received a death sentence. *United States v. Barrett*, 985 F.3d 1203 (10th Cir. 2021) ("*Barrett IV*").

Separately, on May 12, 2016, while seeking certiorari from his first § 2255 appeal (*Barrett II*), Barrett moved for permission to file a second or successive § 2255 motion, announcing his desire to challenge his convictions with a claim that "continuous, pervasive egregious prosecutorial and police misconduct" violated his due process rights at trial. *See In re: Barrett*, 10th Cir. Case no. 16-7035 ("*§ 2255(h)-I*"). The Tenth Circuit denied the request in a published opinion. *In re: Barrett*, 840 F.3d 1223 (10th Cir. 2016) ("*Barrett III*"). On May 23, 2016, Barrett moved for a second time for permission to file a successive § 2255 motion, proposing to attack one of his two § 924 convictions based on an allegedly vague provision in the statute. *In re: Barrett*, 10th Cir. case no. 16-7039 ("*§ 2255(h)-II*")). On June 24, 2016, the Court of Appeals ordered the request held in abeyance. On May 15, 2019, Barrett petitioned for a third time to file a successive § 2255 motion (*In re: Barrett*, 10th Cir. case no. 19-7028 ("*§ 2255(h)-III*")), seeking permission to argue that his trial attorneys had not acted on his personal goals for the defense. The Tenth Circuit denied *§ 2255(h)-III* but eventually granted the request in *§ 2255(h)-II*, citing, inter alia, *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019).

On December 13, 2019, in accordance with the order in *§ 2255(h)-II* (Dkt. 452), Barrett filed a successive motion for § 2255 relief in which he asserted that the predicate felony for Count Two did not constitute a qualifying crime of violence. Dkt. 453. On December 6, 2021, the Court denied the motion and a certificate of appealability ("COA") (Dkt. 467), and Barrett

3

sought reconsideration.  On November 13, 2023, this Court denied Barrett's request to amend its judgment except to the extent it granted a COA.  Dkt. 482.  The resulting appeal is pending in Tenth Circuit case no. 23-7086.

On January 31, 2024, in anticipation of resentencing, Barrett moved for the dismissal of the NOI and a vacatur of his conviction based on the alleged spoliation of evidence.  Dkt. 496. This Court denied Barrett's spoliation motion, holding under the mandate rule, that it had limited jurisdiction to conduct a resentencing and that any request to vacate the conviction would sound within a successive § 2255 proceeding, if authorized by the Tenth Circuit.  Dkt. 507 at 3-4.  At the time the Court ruled, the government had recently filed a notice announcing the Attorney General's decision to withdraw the NOI in this case.  Dkt. 502.

Barrett now requests the appointment of counsel and a certificate of appealability to seek permission to pursue further § 2255 remedies regarding his spoliation theory.  Dkt. 516 ("Br."). As directed by the Court (Dkt. 518), this Opposition follows.

## **ARGUMENT**

### I.    THIS COURT SHOULD DENY A CERTIFICATE OF APPEALABILITY FOR WANT OF ANY APPEALABLE ORDER

Barrett asks this Court to grant him a certificate of appealability ("COA").  He asserts that a COA would enable him to petition the Tenth Circuit for authorization to file a successive § 2255 motion in which he could revisit his failed spoliation argument.  Br. at 2.  Barrett misconstrues the procedural posture of the case and the ambit of the Court's present authority. Barrett has no pending § 2255 action from which this Court could grant a certificate of appealability.  If he intends to seek permission to file a successive § 2255 motion, Barrett can petition the Tenth Circuit without permission from this Court, as he has previously done.

A certificate of appealability ("COA") is required to seek direct review of an

4

unsuccessful § 2255 motion. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  A COA may issue "in a habeas corpus proceeding" or "a proceeding under section 2255" "if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c).

As noted, Barrett moved for a new trial based on the alleged spoliation of evidence, and this Court held it could not entertain the request as a pretrial motion.  Rather, it found Barrett could only seek the requested relief by way of a § 2255 action.  The Court did not, by dint of its decision, enter any ruling within § 2255.  It simply observed that Barrett required permission under § 2255(h) to file a successive collateral attack.  For want of any § 2255 ruling, this Court cannot grant Barrett permission to appeal.

If this Court found "the 'interests of justice'" supported a transfer, it could send Barrett's case to the Tenth Circuit for a determination whether to permit successive § 2255 proceedings. *In re Cline*, 531 F.3d 1249, 1251-52 (10th Cir.2008).  But Barrett offers no reason for such a transfer, and his claim will not satisfy the challenging standard for successive § 2255 motions.

A court of appeals may authorize a successive § 2255 motion only if the defendant makes a prima facie showing that (1) there is "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty"; or (2) his conviction or sentence is unlawful under "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

As the government noted in opposing the spoliation motion (Dkt. 500), Barrett's theories will not support a successive § 2255 motion.  He argues that the aggregate loss of exculpatory evidence (much of it post-dating his conviction) merits a new trial.  To the extent he requests

5

relief based on non-governmental action or post-conviction spoliation, Barrett seeks the application of his own novel legal theories. Such claims will not lie, as new rules of constitutional criminal procedure do not apply to cases that have become final. *See Welch v. United States*, 578 U.S. 120, 128 (2016) (quoting *Teague v. Lane*, 489 U.S. 288, 310 (1989) (plurality opinion)); *see also Edwards v. Vannoy*, 593 U.S. 255, 256 (2021) (describing as "moribund" a prior exception to the retroactivity rule for "watershed" rule of procedure). To the extent Barrett's claims contemplate items lost before his trial, his arguments do not concern newly discovered evidence of innocence or a new retroactive rule of constitutional import.

Because Barrett's claim will not satisfy § 2255(h)'s strict requirements, transfer will not serve any legitimate purpose, and this Court should decline to send the case to the appellate court. To the extent he nonetheless desires an opportunity for further collateral proceedings, Barrett can petition the Tenth Circuit directly under § 2255(h), as he has thrice done in the past.

## II.    THIS COURT SHOULD DENY BARRETT'S REQUEST FOR THE APPOINTMENT OF ADDITIONAL COUNSEL

Citing a provision of the Federal Death Penalty Act (18 U.S.C. §§ 3591-3599 ("FDPA")), Barrett asks this Court to appoint him counsel to pursue a successive § 2255 motion. Br. at 2. Barrett no longer faces the death penalty and, therefore, cannot claim the protections of the FDPA. Barrett can only obtain the appointment of counsel if the interests of justice demand as much. Here, however, the interests of justice favor the termination of Barrett's implausible spoliation theory, and by extension, the denial of counsel to press the claim.

The FDPA authorizes the appointment of post-conviction counsel for indigent defendants "seeking to vacate or set aside a death sentence." § 3599(a)(2); *see Martel v. Clair*, 565 U.S. 648, 652 (2012) (stating § 3599 "entitles indigent defendants to the appointment of counsel in *capital cases*, including habeas corpus proceeding" (emphasis added)). Barrett's death sentence

was vacated (*Barrett IV*, 985 F.3d at 1233), and the government has announced it will not seek another one. *See* Dkt. 502. For want of any death sentence to challenge, Barrett cannot obtain the appointment of counsel under § 3599.

Absent § 3599, "there is no right to counsel in collateral proceedings." *United States v. Prows*, 448 F.3d 1223, 1229 (10th Cir.2006) (citing *Pennsylvania v. Finley*, 481 U.S. 551 (1987)). Instead, courts have discretion to appoint counsel when "the interests of justice so require." *See* 18 U.S.C.A. § 3006A(a)(2)(B). To determine whether to appoint counsel, courts consider "a variety of factors, including the merits of the litigant's claims." *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).

In this case, Barrett moves for the appointment of counsel to press the Tenth Circuit for leave to file a successive § 2255 motion (for the fourth time in this litigation). As discussed, Barrett has little likelihood of convincing the Tenth Circuit that his proposed motion satisfies the strictures of § 2255(h), because it does not rely on any new retroactive Supreme Court authority or a convincing theory of actual innocence. *See*, *supra*, Arg. I; Dkt. 500. Given the de minimis likelihood that Barrett would succeed in pressing his § 2255(h) argument, he cannot show that the interests of justice support the appointment of counsel for doing so. Accordingly, this Court should deny his request for the appointment of counsel.

**CONCLUSION**

Based on the foregoing reasoning and analysis, this Court should deny Barrett's motion to

for a COA and for the appointment of counsel.  Additionally, the Court should decline to transfer

the case to the Tenth Circuit to decide whether to grant Barrett leave to file a successive § 2255

motion.

Dated: May 2, 2024.

Respectfully submitted,

CHRISTOPHER J. WILSON, OBA # 13801
United States Attorney
Eastern District of Oklahoma

*/S/ Christopher J. Wilson*
520 Denison Avenue
Muskogee, OK 74401
Telephone: (918) 684-5100
FAX: (918) 684-5150

*/S/ Jeffrey B. Kahan*
JEFFREY B. KAHAN, PaBN #93199
Deputy Chief, Capital Case Section
U.S. Dept. of Justice
1331 F Street, NW; 6th Fl.
Washington, DC 20530
Telephone: (202) 305-8910
FAX: (202) 353-9779

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on May 2, 2024, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

- Kimberly C. Stevens, Attorney for Defendant
- Laura E. Udall, Attorney for Defendant

<u>*/S/ Jeffrey B. Kahan*</u>
JEFFREY B. KAHAN
Deputy Chief, Capital Case Section