**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **Case No. 6:04-CR-00115-RAW** |
| | ) | |
| **KENNETH EUGENE BARRETT,** | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**DEFENSE COUNSEL'S RESPONSE TO DEFENDANT'S MOTION FOR
APPOINTMENT OF §2255 COUNSEL AND CERTIFICATE OF
APPEALABILITY**

Kenneth Eugene Barrett, through undersigned counsel, pursuant to the Due Process

Clause of the Fifth Amendment to the U.S. Constitution, respectfully moves that this Court grant

Mr. Barrett's *pro se* motion for the appointment of counsel and a certificate of appealability to

seek an Order to file a successive motion under 28 U.S.C. § 2255.  DN 516.

On March 11, 2024, this Court ruled (DN 507) on Mr. Barrett's Motion to Strike the

Government's Notice of Intent to Seek the Death Penalty and Request for A New Trial.  DN

496, 501. The motion to strike the notice of intent to seek death was deemed moot given the

Government's withdrawal of the notice of intent to seek death against Mr. Barrett.  DN 506.

The Court dismissed the request for new trial for the following reasons: 1) the Court lacks

jurisdiction because the request was outside the scope of the 10th Circuit mandate; and 2) the

appeal of the Court's denial of the *Davis* claim as to Count Two divested the Court of

jurisdiction to consider the request for new trial.  DN 502.

Subsequently, Mr. Barrett sought, *pro se*, the appointment of counsel and certificate of

1

appealability to obtain further § 2255 remedies regarding his claims surrounding the destruction

of significant evidence in his case, including the vehicle at the center of the reconstruction

evidence in this case, along with significant prior trial transcripts and expert witness testimony

of the government's witnesses against him. DN 516. This Reply and the Government's

Response (DN 519) are in response to this Court's May 1, 2024 Order.  DN 518.

<b><u>ARGUMENT</u></b>

**I.    THE INTERESTS OF JUSTICE REQUIRE THE APPOINTMENT OF COUNSEL UNDER 18 U.S.C. § 3006A(a)(2)(B).**

Mr. Barrett's request for a new trial (DN 496, 501) was brought pursuant to his

Constitutional rights to fair proceedings before this Court.  Following this Court's denial of his

Motion, Mr. Barrett now, *pro se*, requests that this Court appoint counsel to represent him to

"make the Tenth Circuit aware of Petitioner's position by seeking permission to file another §

2255 motion" as suggested by this Court's Order.  DN 507 at 3-4.  The Government's Response

correctly states that Mr. Barrett's petition for counsel no longer falls under 18 U.S.C. §§ 3591-

3599.  DN 519 at 4.  However, 18 U.S.C. § 3006A(a)(2)(B) provides that financially unable

defendants seeking relief under §2255 of Title 28 may be appointed counsel "[w]henever the …

court determines that the interests of justice so require."

In ruling on Mr. Barrett's Motion for New Trial, this Court noted Mr. Barrett's assertion

that the "Tenth Circuit's decision to limit the remand to a new sentencing hearing was made

without the knowledge of the significant loss and destruction of material exculpatory evidence."

DN 507 at 3.  The detailed list of items that are lost, destroyed, or not preserved for evidentiary

inspection by various state governmental actors is egregious.  DN 496 at 11-12.  As this Court

stated in its Order "there is all the more reason for Petitioner to make the Tenth Circuit aware of

Petitioner's position by seeking permission to file another § 2255 motion."  DN 507 at 3-4.  It is

2

this permission that Mr. Barrett now seeks.

The Government argues that the issues raised in Mr. Barrett's motion for a new trial will not support a successive § 2255 motion. The items that have now been lost or destroyed, as set forth in DN 496 and 501, bear directly on the issue of whether Mr. Barrett should have been convicted of the underlying charges after proper and accurate forensic, scientific analysis of the evidence.  This Court appointed appellate counsel (DN 489) pursuant to Mr. Barrett's *pro se* request for habeas counsel to perfect his *Davis* claim.  This Court, in the same vein, should grant Mr. Barrett access to an attorney who can properly argue the merits of his claims and file a brief in the Tenth Circuit.  The allegations set forth in Mr. Barrett's motion for a new trial are serious and would support a successive Section 2255 motion.   The items that have been destroyed in the midst of the pendency of this federal case – as set forth and briefed fully in DN 496 and 501 -- are material, irreplaceable and warrant serious consideration.

## II.    CONCLUSION

For the reasons stated above, Mr. Barrett requests that this Court afford him the opportunity to have § 2255 counsel to file a successive postconviction petition on his claims regarding the destruction of evidence, as set forth in detail in DN 496 and 501.  This request is made in the interests of justice, due process, and fundamental fairness.

DATED this 8th day of May, 2024.

Respectfully submitted,


*/s/ Kimberly C. Stevens*
Kimberly C. Stevens
NC State Bar # 20156
Senior Capital Resource Counsel
1070-1 Tunnel Road, Ste 10-215
Asheville, NC 28805
Telephone: (336) 575-4337

E-mail: Kim_Stevens@fd.org


*/s/ Laura E. Udall*
Laura Elisabeth Udall
AZ Bar # 010501
Laura E. Udall, PLLC
P.O. Box 40294
Tucson, AZ 85717-0294
Telephone: (520) 770-1414
E-mail: Laura@udall.me


## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served on the United States by e-filing same to its counsel of record, Jeffrey B. Kahan, United States Department of Justice; Christopher J. Wilson, Assistant United States Attorney, United States Department of Justice, Eastern District of Oklahoma, this 8th day of May, 2024.


*/s/ Laura E. Udall*
Laura E. Udall