**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. CR-04-115-RAW** |
| | ) | |
| **KENNETH EUGENE BARRETT,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>ORDER</u>

Before the court is the defendant's motion for appointment of §2255 counsel and a certificate of appealability.  In a previous order (#507), the court addressed defendant's motion for new trial (#496).  The argument presented was that a new trial was warranted based on post-trial destruction of evidence – regarding a jury trial conducted in 2005.  The court denied the motion based on the mandate rule.  In responding to the defendant's suggestion that the Tenth Circuit worded the mandate as it did only because the appellate court was unaware of the destruction of evidence, this court stated: "On this view, there is all the more reason for Petitioner to make the Tenth Circuit aware of Petitioner's position by seeking permission to file another §2255 motion."  (#507 at 3-4).

Defendant has now filed the present motion *pro se*.  He asks this court to appoint additional counsel because "[n]one of Barrett's current attorneys of record on his pending resentencing trial are learned in habeas appeals."  The court declines to consider the motion because defendant is represented by counsel, both of whom signed a response in support of

the present motion.  (#521).  See *United States v. Dunbar,* 718 F.3d 1268, 1278 (10th Cir.2013)(court has discretion to refuse to consider *pro se* motion submitted by defendant with counsel).

The motion would also be denied on the merits.  The court is aware of no authority by which an <u>additional</u> habeas counsel of a certain expertise may be appointed.  There is no constitutional right to counsel in a §2255 proceeding.  *United States v. Ballieu,* 480 Fed.Appx. 494, 498 (10th Cir.2012).  Defendant cites 18 U.S.C. §3599(e), but that statute deals with death penalty cases, a category into which the case at bar no longer falls. Finally, a defendant need not obtain a certificate of appealability to appeal the denial of his motion to appoint counsel.  *United States v. Page,* 636 Fed.Appx. 447, 448 n.2 (10th Cir.2016).

It is the order of the court that the defendant's motion (#516) is hereby denied.

**ORDERED THIS 6th  DAY OF JUNE, 2024.**

_____
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**