IN THE UNITED STATES DISTRICT
COURT FOR THE EASTERN DISTRICT
OF OKLAHOMA

FILED

AUG 18 2025

BONNIE HACKLER
Clerk, U.S. District Court

By_____
Deputy Clerk

United States
of America
        Plaintiff

VS.

Kenneth Eugene Barrett
        Defendant

CASE NO.
6:04-CR-00115-RAW

---

Comes now defendant Kenneth Eugene Barrett hereafter Barrett, files this Notice by way of Pro-Se, giving the Court Barrett's a "Notification" that Barrett will be representing himself though "only" Barrett's resentencing hearing when the District Court has retaking jurisdiction of Barrett's case from the Tenth Circuit.

Barrett is exersizing his Sixth Amendment Constitional right of self-representation. And although Barrett may conduct his own defense ultimately to his own deteriment, his choice must be honored out of "that respect for the individual which is the lifeblood of the law" Id. at 834, 95 S.ct. 2525 quoting Illinois V. Allen 397 U.S. 337, 350-51, 90 S.ct. 1057, 25 L.Ed. 2d 353 (1970) Brennan J. concurring.

1

Barrett has a right to conduct his "penalty" defense in the manner of his choosing "for it is he who suffers the consequences if the defense fails".

This right is well astablished in Farretta V. California, 422 U.S 806, 95 S.ct. 2525, 45 L.Ed.2d 562 (1975).

Barrett will also "not be" presenting "tradition" mitigating evidence. Barrett will be utilizing his "residule doubt" Argument during his penalty trial even if the goverment files a motion to re-seek death against Barrett.

Barrett intends to attack the strength of the goverments case as to his guilt. This right is well astablished.

Barrett has the right to conduct his penalty defense in the manner of his choosing: "for it is he who suffers the consequences if the defense fails", Faretta, 422 U.S at 820, 95 S.ct. 2525.

"Residule Doubt" as to guilt is a legitimate mitigating factor appropriately argued during the penalty phase of even a capital case.

If the Court wishes to appoint what may be considered as co-counsel/standby counsel/Hybrid counsel or a Advisory counsel, Barrett has no objections.

2

But Barrett is to be in "complete" control of the tactical decisions in his case. And any attempt by stand-by counsel to present "traditional" mitigating evidence (against Barrett's wishes) would violate Barrett's Faretta right.

If the Court does wish to appoint counsel, then Ms. Laura Udall would be the most likely choice. Ms Udall is currently Barrett's attorney of record and knows the case and the evidence that Barrett will present before the Court. Ms. Udall would be able to assist Barrett with any filings with the Court as well as be able to help Barrett find any documents to be submitted to the Court in order to keep the "presentation" of Barrett's evidence in order and timely.

But if stand-by counsel's participation over defendant's objections effectively allows counsel to make or substantially interfere with any tactical decision, the Faretta right is eroded.

Barrett's right to present his own strategy is well established. See Myers V. Johnson, 76 F.3d. 1330, 1334 5th cir 1996. McKaskle V. Wiggins, 465, U.S At 178, And U.S. V. Len Davis, 5th cir, Westlaw. Cite as 285 F.3d. 378, Case No. 10-30656, March 11, 2002.

3

Confirming the right to self-represent And the use of "Residule Doubt" As A mitigating factor. And to have complete tactical and strategic control over defendants case that is to be presented to the Court.

Therefore, Barrett has given the Court "Notification" of him defending himself Pro-Se And his stratigic, And tactical decion to present evidence in the form of "Residule Doubt", A right that is well Astablised.

Respectfully Submitted:
Kenneth E. Barrett
#04342-063
P.O Box 33
DAted: 8-11-25  Terre Haute, IN 47808

Certificate of Service

On 8-11-25, A true and correct copy of said document was sent to Christoper J. Wilson, U.S Attorney for the Eastern District of Oklahoma, At 520 Denison Ave. Muskogee OK 74401 Via U.S Postal Service.

Sighned Kenneth E Barrett #04342-063
P.O Box 33, Terre Haute, IN 47808

4